# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| In re: | § Chapter 11 |
| VANGUARD NATURAL RESOURCES, LLC, | § Case No. 17-30560 |
| Debtor. | |
| Tax I.D. No. 61-1521161 | |
| In re: | § Chapter 11 |
| EAGLE ROCK ACQUISITION PARTNERSHIP, L.P., | § Case No. 17-30570 |
| Debtor. | |
| Tax I.D. No. 26-1206706 | |
| In re: | § Chapter 11 |
| EAGLE ROCK ACQUISITION PARTNERSHIP II, L.P.., | § Case No. 17-30571 |
| Debtor. | |
| Tax I.D. No. 26-2830903 | |
| In re: | § Chapter 11 |
| EAGLE ROCK ENERGY ACQUISITION CO. INC., | § Case No. 17-30565 |
| Debtor. | |
| Tax I.D. No. 20-0604564 | |

| | |
|---|---|
| In re: | § <br> § Chapter 11 <br> § |
| EAGLE ROCK ENERGY ACQUISITION CO. II, INC | § Case No. 17-30566 <br> § <br> § |
| Debtor. | § <br> § |
| Tax I.D. No.  26-2463364 | § <br> § |
| In re: | § <br> § Chapter 11 <br> § |
| EAGLE ROCK UPSTREAM DEVELOPMENT COMPANY, INC., | § Case No. 17-30568 <br> § <br> § |
| Debtor. | § <br> § |
| Tax I.D. No.  20-1560113 | § <br> § |
| In re: | § <br> § Chapter 11 <br> § |
| EAGLE ROCK UPSTREAM DEVELOPMENT COMPANY II, INC., | § Case No. 17-30569 <br> § <br> § |
| Debtor. | § <br> § |
| Tax I.D. No.  20-1477453 | § <br> § |
| In re: | § <br> § Chapter 11 <br> § |
| ENCORE CLEAR FORK PIPELINE LLC, | § Case No. 17-30572 <br> § <br> § |
| Debtor. | § <br> § |
| Tax I.D. No.  20-8542032 | § <br> § |
| In re: | § <br> § Chapter 11 <br> § |
| ESCAMBIA ASSET CO., LLC, | § Case No. 17-30573 <br> § <br> § |
| Debtor. | § <br> § |
| Tax I.D. No.  20-4943869 | § |

2

| | |
|---|---|
| In re: | § <br> § Chapter 11 <br> § |
| ESCAMBIA OPERATING CO., LLC, | § Case No. 17-30574 <br> § |
| Debtor. | § <br> § |
| Tax I.D. No.  20-4942000 | § |
| In re: | § <br> § Chapter 11 <br> § |
| VANGUARD NATURAL GAS, LLC, | § Case No. 17-170562 <br> § |
| Debtor. | § <br> § |
| Tax I.D. No.  20-1951004 | § |
| In re: | § <br> § Chapter 11 <br> § |
| VANGUARD OPERATING, LLC, | § Case No. 17-30561 <br> § |
| Debtor. | § <br> § |
| Tax I.D. No.  30-0839331 | § |
| In re: | § <br> § Chapter 11 <br> § |
| VNR FINANCE CORP., | § Case No. 17-30563 <br> § |
| Debtor. | § <br> § |
| Tax I.D. No.  80-0411494 | § |
| In re: | § <br> § Chapter 11 <br> § |
| VNR HOLDINGS, LLC, | § Case No. 17-30564 <br> § |
| Debtor. | § <br> § |
| Tax I.D. No.  38-3756371 | § |

**DEBTORS' EMERGENCY MOTION FOR ENTRY OF AN ORDER DIRECTING JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES**

> **THIS MOTION SEEKS ENTRY OF AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**
>
> **EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE. A HEARING WILL BE HELD ON THIS MATTER FOR FEBRUARY 2, 2017, AT 4:00 P.M. (CT) BEFORE THE HONORABLE MARVIN ISGUR, 515 RUSK STREET, COURTROOM 404, HOUSTON, TEXAS 77002.**
>
> **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

Vanguard Natural Resources, LLC ("VNR") and its affiliated debtors as debtors in possession in these cases (collectively, "Vanguard" or the "Debtors") submit this motion (the "Motion"), under Rule 1015 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order directing the joint administration of these chapter 11 cases for procedural purposes only. In support of this Motion, the Debtors respectfully state:

**JURISDICTION, VENUE, AND STATUTORY BASES**

1. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The bases for the relief requested in this Motion are sections 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rules 1015 and 6003, and Rules 1015-1 and 9013-1(i) of the Bankruptcy Local Rules for Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Local Rules").

4

**BACKGROUND**

3.  On the date of this Motion (the "Petition Date"), the Debtors each commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code. The Debtors have requested that the chapter 11 cases be jointly administered. The Debtors continue to operate their businesses and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.  To date, no creditors' committee has been appointed in the chapter 11 cases by the Office of the United States Trustee for the Southern District of Texas (the "U.S. Trustee"). No trustee or examiner has been appointed in these chapter 11 cases.

**Vanguard's Business**

5.  Formed in 2006, VNR is a publicly traded limited liability company that, through its subsidiaries, is engaged in the acquisition, development, and production of oil and gas properties located in eleven states. Vanguard has approximately 370 employees, none of whom are represented by labor unions. VNR is the direct or indirect parent company of each of the other Debtors in these chapter 11 cases.

6.  Vanguard's assets consist primarily of producing and non-producing natural gas and oil reserves, all of which are located within the continental United States. Vanguard's business strategy involves acquiring properties with mature, long-lived production, relatively predictable decline curves, and lower risk development opportunities. Vanguard currently owns properties and oil and natural gas reserves in the following ten operating basins:

- the Green River Basin in Wyoming;
- the Permian Basin in West Texas and New Mexico;
- the Gulf Coast Basin in Texas, Louisiana, Mississippi and Alabama;
- the Anadarko Basin in Oklahoma and North Texas;

5

- the Piceance Basin in Colorado;

- the Big Horn Basin in Wyoming and Montana;

- the Arkoma Basin in Arkansas and Oklahoma;

- the Williston Basin in North Dakota and Montana;

- the Wind River Basin in Wyoming; and

- the Powder River Basin in Wyoming.

7. Through September 30, 2016, Vanguard had revenues of approximately $264.4 million on a consolidated basis. As of September 30, 2016, Vanguard's unaudited consolidated financial statements reflected assets with a book value totaling approximately $1.6 billion and liabilities totaling approximately $2.3 billion.

8. As of the Petition Date, Vanguard has approximately $1.8 billion in total funded debt, including approximately $1.3 billion outstanding under its Third Amended and Restated Credit Agreement, dated as of September 30, 2011 (as amended, restated, supplemented, or otherwise modified from time to time, the "First Lien Credit Agreement"), among Debtor Vanguard Natural Gas, LLC, as borrower, the other Debtors, as guarantors, Citibank, N.A., as administrative agent, and the lenders.[1] As of the Petition Date, Vanguard owes approximately $75.6 million in principal on Senior Secured Second Lien Notes due 2023 plus approximately $2.4 million in accrued interest, $51.1 million in principal on 8.375% Senior Notes due 2019 plus approximately $0.7 million in accrued interest, and $381.8 million in principal on 7.875% Senior Notes due 2020 plus approximately $10.0 million in accrued interest. Moreover, Vanguard owes approximately $19.4 million in connection with a master lease agreement dated

---

[1] The guarantors under the First Lien Credit Agreement are VNR, Eagle Rock Acquisition Partnership, L.P., Eagle Rock Acquisition Partnership II, L.P., Eagle Rock Energy Acquisition Co., Inc., Eagle Rock Energy Acquisition Co. II, Inc., Eagle Rock Upstream Development Company, Inc., Eagle Rock Upstream Development Company II, Inc., Encore Clear Fork Pipeline LLC, Escambia Asset Co. LLC, Escambia Operating Co. LLC, Vanguard Operating, LLC, VNR Finance Corp., and VNR Holdings, LLC.

July 23, 2012 between Vanguard Operating, LLC, as lessee and Banc of America Leasing & Capital, LLC, as lessor for certain facilities and equipment in the Piceance Basin. In addition, the Debtors also have approximately $20.0 million in ordinary course trade payables as of the Petition Date.

9. Vanguard's primary goal is to effect a restructuring of its balance sheet that will result in a viable capital structure and maximize the value of its businesses for the benefit of all stakeholders during the chapter 11 cases. To this end, Vanguard has reached an agreement with certain of its prepetition second lien noteholders and its prepetition senior unsecured noteholders regarding the terms of a comprehensive financial restructuring that will result in the deleveraging of Vanguard's balance sheet by approximately $707.9 million. In addition, certain of Vanguard's prepetition first lien secured lenders have agreed to provide Vanguard with a $50 million postpetition, senior secured debtor-in-possession revolving credit facility to provide Vanguard with ample working capital during these chapter 11 cases. Through these, and other efforts, Vanguard believes that it will successfully delever its balance sheet and emerge from chapter 11 as a healthy and viable enterprise.

10. A description of Vanguard's business, capital structure, and the circumstances leading to these chapter 11 cases is set forth in the *Declaration of Richard A. Robert, Chief Financial Officer of Vanguard Natural Resources, LLC, in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), which is incorporated by reference and filed contemporaneously with this Motion.

## RELIEF REQUESTED

11. By this Motion, Vanguard seeks entry of an order, substantially in the form attached to this Motion as **Exhibit A** (the "Order"), directing joint administration of these chapter 11 cases for procedural purposes only. To that end, Vanguard requests that a docket

7

entry—substantially similar to the following—be entered on the docket of each of the Debtors, other than Vanguard Natural Resources, LLC, to reflect the joint administration of these chapter 11 cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Southern District of Texas directing joint administration of the chapter 11 cases of: Vanguard Natural Resources, LLC (1161); Eagle Rock Acquisition Partnership, L.P. (6706); Eagle Rock Acquisition Partnership II, L.P. (0903); Eagle Rock Energy Acquisition Co., Inc. (4564); Eagle Rock Energy Acquisition Co. II, Inc. (3364); Eagle Rock Upstream Development Company, Inc. (0113); Eagle Rock Upstream Development Company II, Inc. (7453); Encore Clear Fork Pipeline LLC (2032); Escambia Asset Co. LLC (3869); Escambia Operating Co. LLC (2000); Vanguard Natural Gas, LLC (1004); Vanguard Operating, LLC (9331); VNR Finance Corp. (1494); VNR Holdings, LLC (6371). **All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 17-30560 (MI).**

12.   Further, Vanguard requests that the Court maintain one file and one docket for all of the jointly administered chapter 11 cases under the case of Vanguard Natural Resources, LLC and that these chapter 11 cases be administered under a consolidated caption, as follows:

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| VANGUARD NATURAL RESOURCES, LLC, *et al.*,[1] | § | Case No. 17-30560 (MI) |
| | § | |
| Debtors. | § | (Jointly Administered) |
| | § | |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Vanguard Natural Resources, LLC (1161); Eagle Rock Acquisition Partnership, L.P. (6706); Eagle Rock Acquisition Partnership II, L.P. (0903); Eagle Rock Energy Acquisition Co., Inc. (4564); Eagle Rock Energy Acquisition Co. II, Inc. (3364); Eagle Rock Upstream Development Company, Inc. (0113); Eagle Rock Upstream Development Company II, Inc. (7453); Encore Clear Fork Pipeline LLC (2032); Escambia Asset Co. LLC (3869); Escambia Operating Co. LLC (2000); Vanguard Natural Gas, LLC (1004); Vanguard Operating, LLC (9331); VNR Finance Corp. (1494); VNR Holdings, LLC (6371). The location of the Debtors' service address is: 5847 San Felipe, Suite 3000, Houston, Texas 77057.

13.     Vanguard further requests that the Court order that the foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

14.     Finally, Vanguard seeks authority to file the monthly operating reports as required by the U.S. Trustee Operating Guidelines on a consolidated basis; *provided, however*, those disbursements will be listed on a Debtor-by-Debtor basis.

## BASIS FOR RELIEF REQUESTED

15.     Bankruptcy Rule 1015(b) provides that if "two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." The Debtors are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code. Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the Court to grant the relief requested in this Motion. Bankruptcy Local Rule 1015-1 further provides for the joint administration of related chapter 11 cases.

16.     As noted above, Vanguard filed the First Day Declaration contemporaneously with this Motion.  The First Day Declaration establishes that the joint administration of the Debtors' respective estates is warranted and will ease the administrative burden for the Court and parties in interest.

17.     Given the complex and interlinked commercial relationships among the Debtors, joint administration of these chapter 11 cases will provide significant administrative convenience without harming the substantive rights of any party in interest.  Many of the motions, hearings, and orders in these chapter 11 cases will affect each and every Debtor entity.  Thus, the entry of an order directing joint administration of these chapter 11 cases will reduce fees and costs by, among other things, avoiding duplicative filings.  Joint administration also will allow the U.S. Trustee and all parties in interest to monitor these chapter 11 cases with greater ease and efficiency.  Furthermore, joint administration will relieve the Court of the burden of entering duplicative orders and maintaining duplicative files for each Debtor and will simplify administrative supervision of these chapter 11 cases by the U.S. Trustee.

18.     Moreover, joint administration will not adversely affect the Debtors' respective constituencies because this Motion seeks only administrative, not substantive, consolidation of the Debtors' estates.  Parties in interest will not be harmed by the relief requested, but instead will benefit from the cost reductions associated with the joint administration of these chapter 11 cases.  The relief requested in this Motion has been granted in other large and complex chapter 11 cases in this District.[2]

---

[2] *See, e.g.*, *In re Memorial Production Partners LP*, No. 17-30262 (MI) (Bankr. S.D. Tex. Jan. 17, 2017) [Dkt. No. 51]; *In re Stone Energy Corporation*, No. 16-36390 (MI) (Bankr. S.D. Tex. Dec. 16, 2016) [Dkt. No. 73]; *In re Shoreline Energy LLC*, No. 16-35571 (DRJ) (Bankr. S.D. Tex. Nov. 3, 2016) [Dkt. No. 24]; *In re Warren Res., Inc.*, No. 16-32760 (MI) (Bankr. S.D. Tex. June 3, 2016); *In re LINC USA GP*, No. 16-32689 (DRJ) (Bankr. S.D. Tex. May 30, 2016); *In re Sandridge Energy, Inc.*, Case No. 16-32488 (DRJ) (Bankr. S.D. Tex. May 16, 2016); *In re Linn Energy, LLC*, No. 16-60040 (DRJ) (Bankr. S.D. Tex. May 12, 2016); *In re Midstates Petroleum Co.*, No. 16-32237 (DRJ) (Bankr. S.D. Tex. May 2, 2016); *In re Ultra Petroleum Corp.*, No. 16-32202 (MI) (Bankr. S.D. Tex.

19. In view of the benefits attendant to joint administration of these chapter 11 cases, and the absence of harm to any party in interest, Vanguard submits that the relief requested is appropriate and should be granted in all respects.

## EMERGENCY CONSIDERATION

20. In accordance with Bankruptcy Local Rule 9013-1(i), Vanguard respectfully requests emergency consideration of this Motion pursuant to Bankruptcy Rule 6003, which empowers a court to grant relief within the first twenty-one days after the commencement of a chapter 11 case "to the extent that relief is necessary to avoid immediate and irreparable harm." To avoid confusion and facilitate a smooth transition into these chapter 11 cases, it is critical that the cases be jointly administered from the outset, a period during which there will be a significant volume of docket filings and other procedure. Accordingly, Vanguard submits that it has satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 and, therefore, respectfully requests that the Court approve the relief requested in this Motion on an emergency basis.

## NOTICE

21. Notice of this Motion has been provided by email, facsimile, or overnight courier to: (a) the U.S. Trustee; (b) the holders of the 50 largest unsecured claims against the Debtors (on a consolidated basis); (c) the administrative agent under Vanguard's first lien credit facility, and counsel; (d) the indenture trustee for the Debtors' second lien notes; (e) the indenture trustees for the Debtors' senior unsecured notes; (f) counsel to the ad hoc group of second lien noteholders; (g) counsel to the ad hoc group unsecured noteholders; (h) the United States Attorney's Office

---

April 30, 2016). Because of the voluminous nature of the orders cited in this Motion, such orders have not been attached to the Motion. Copies of these orders are available upon request to Vanguard's proposed undersigned counsel.

for the Southern District of Texas; (i) the Internal Revenue Service; (j) the United States Securities and Exchange Commission; (k) the state attorneys general for states in which Vanguard conducts business; and (l) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR REQUEST

22.     No prior request for the relief sought in this Motion has been made by Vanguard to this or any other court.

[*remainder of page intentionally left blank*]

**WHEREFORE**, Vanguard respectfully requests that the Court enter the Order, substantially in the form attached to this Motion as **Exhibit A**, granting the relief requested in this Motion and granting Vanguard such other and further relief as is just and proper.

Dated:  February 2, 2017                                  Respectfully Submitted,

*/s/ James T. Grogan*_____
Chris L. Dickerson, Esq. (*pro hac vice* requested)
Todd M. Schwartz, Esq. (*pro hac vice requested*)
71 South Wacker Drive, Suite 4500
Chicago, Illinois 60606
Telephone:  (312) 499-6000
Facsimile: (312) 499-6100

- and -

James T. Grogan, Esq. (Tex. Bar No. 24027354)
Danny Newman, Esq. (Tex. Bar No. 24092896)
600 Travis St., 58th Floor
Houston, Texas 77002
Telephone: (713) 860-7300
Facsimile: (713) 353-2801

*Proposed Counsel to Vanguard*

## **CERTIFICATE OF SERVICE**

      I certify that on February 2, 2017, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                                                  */s/ James T. Grogan*
                                                  James T. Grogan