

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
02/03/2017

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| VANGUARD NATURAL RESOURCES, LLC, *et al.*,[1] | § | Case No. 17-30560 (MI) |
| | § | |
| | § | (Joint Administration Requested) |
| Debtors. | § | |
| | § | **Re: Docket No. 5** |

## INTERIM ORDER (I) AUTHORIZING CONTINUED USE OF EXISTING BANK ACCOUNTS, BUSINESS FORMS, AND CASH MANAGEMENT SYSTEM, (II) ADDRESSING REQUIREMENTS OF SECTION 345 OF THE BANKRUPTCY CODE, AND <u>(III) AUTHORIZING CONTINUATION OF INTERCOMPANY TRANSFERS</u>

Upon the *Debtors' Emergency Motion for Entry of Interim and Final Orders (I) Authorizing Continued Use of Existing Bank Accounts, Business Forms, and Cash Management System, (II) Waiving Requirements of Section 345 of the Bankruptcy Code, and (III) Authorizing Continuation of Intercompany Transfers* (the "<u>Motion</u>")[2] of the above-captioned debtors and debtors in possession (collectively, "<u>Vanguard</u>" or the "<u>Debtors</u>") for entry of an interim order (this "<u>Interim Order</u>"), the United States Bankruptcy Court for the Southern District of Texas (the "<u>Court</u>") hereby orders that:

1. Vanguard is authorized, but not directed, to continue using its existing Cash Management System under substantially the same conditions and terms as existed immediately

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Vanguard Natural Resources, LLC (1161); Eagle Rock Acquisition Partnership, L.P. (6706); Eagle Rock Acquisition Partnership II, L.P. (0903); Eagle Rock Energy Acquisition Co., Inc. (4564); Eagle Rock Energy Acquisition Co. II, Inc. (3364); Eagle Rock Upstream Development Company, Inc. (0113); Eagle Rock Upstream Development Company II, Inc. (7453); Encore Clear Fork Pipeline LLC (2032); Escambia Asset Co. LLC (3869); Escambia Operating Co. LLC (2000); Vanguard Natural Gas, LLC (1004); Vanguard Operating, LLC (9331); VNR Finance Corp. (1494); and VNR Holdings, LLC (6371). The location of the Debtors' service address is: 5847 San Felipe, Suite 3000, Houston, Texas 77057.

[2] Capitalized terms used but not otherwise defined have the meanings set forth in the Motion.

prior to the Petition Date as described in the Motion and as modified and set forth in this Interim Order.

2.  Notwithstanding any applicable legal or administrative regulation or guideline to the contrary, Vanguard is authorized, but not directed, to (i) designate, maintain and continue to use, with the same account numbers, all of Vanguard's Bank Accounts, including, without limitation, the Bank Accounts listed on **Exhibit C** to the Motion, and (ii) treat the Bank Accounts for all purposes as accounts of Vanguard as debtor in possession. With consent of the DIP Agent and the First Lien Agent (each as defined in the DIP Orders), Vanguard is also authorized, but not directed, to open and close prepetition and postpetition bank accounts; *provided, however*, such consent shall not be required in connection with the establishment or closure of any account by order of the Court.

3.  Notwithstanding any applicable legal or administrative regulation or guideline to the contrary, Vanguard is authorized, but not directed, to continue to use its existing business forms and checks, and is released from any requirement that it place the label "debtor-in-possession" on such business forms or checks.

4.  Vanguard is authorized, but not directed, to continue the Credit Card Programs subject to the terms and conditions thereof, including the payment of any service fees incurred in connection therewith.

5.  Vanguard is authorized, but not directed, to continue the Virtual Card Program subject to the terms and conditions thereof, including the payment of any service fees incurred in connection therewith.

6.  Vanguard is authorized, but not directed, to engage in the Intercompany Transfers in the ordinary course of its businesses, and is further authorized, but not directed, to make any

transfers that arise under the Cash Management System, or that are necessary or appropriate to sustain the value of Vanguard's businesses. All postpetition payments from a Debtor to another Debtor under any postpetition Intercompany Transfers authorized hereunder are hereby accorded, in accordance with section 503(b)(1) of the Bankruptcy Code, administrative expense status against the receiving Debtor. In connection with the Intercompany Transfers, Vanguard shall continue to maintain current records with respect to all transfers of cash so that all Intercompany Transfers, including the postpetition Intercompany Transfers, may be readily ascertained, traced, and properly recorded on intercompany accounts. For the avoidance of doubt, the relief granted in this Order with respect to the postpetition Intercompany Transfers and the Intercompany Balances resulting therefrom shall not constitute a finding as to the validity, priority, or status of any prepetition Intercompany Balance or any Intercompany Transfer from which such Intercompany Balance may have arisen, and the Debtors expressly reserve any and all rights with regard to the validity, priority, or status of any prepetition Intercompany Balance or any Intercompany Transfer from which such Intercompany Balance may have arisen. The Debtors also expressly reserve any and all rights to contest the validity, priority, or status of any prepetition Intercompany Balance or any Intercompany Transfer from which such Intercompany Balance may have arisen.

7.     Vanguard is directed to maintain strict records of all transfers so that all transactions, including, but not limited to, Intercompany Transfers, may be readily ascertained, traced and recorded properly on applicable accounts.

8.     The Debtors are granted time under this interim Order to maintain the status quo of the Debtors' accounts regarding the requirements of 11 U.S.C. §345(b) to enable the Debtors to determine what action, if any is necessary to comply with its requirements under 11 U.S.C.

§345(b); *provided, however*, that this extension is without prejudice to the Debtors' right to request further extensions of such time or to seek relief from any requirements under section 345(b) at a final hearing on the Motion.

9. Any relief granted under this Interim Order shall be subject to the terms of the DIP Orders, the DIP Budget, and the DIP Documents. In the event of any inconsistency between the terms of this Interim Order and the terms of the DIP Orders, the provisions of the DIP Orders shall control.

10. Each of the Debtors' existing depository and disbursement banks (the "Banks") is authorized to debit any of the Debtors' accounts in the ordinary course of business without the need for further order of this Court for: (i) all checks drawn on the Debtors' accounts which are cashed at such Bank's counters or exchanged for cashier's checks by the payees thereof prior to the Petition Date; (ii) all checks or other items deposited in one of the Debtors' accounts with such Bank prior to the Petition Date which have been dishonored or returned unpaid for any reason, together with any fees and costs in connection therewith, to the same extent the Debtor was responsible for such items prior to the Petition Date; and (iii) all undisputed prepetition amounts outstanding as of the date hereof, if any, owed to any Bank as service charges for the maintenance of the Cash Management System.

11. Any of the Debtors' Banks may rely on the representations of any Debtor with respect to whether any check or other payment order drawn or issued by such Debtor prior to the Petition Date should be honored pursuant to this or any other order of this Court, and such Bank shall not have any liability to any party for relying on such representations by such Debtor as provided for herein.

12. Existing deposit agreements between the Debtors and the Banks shall continue to govern the postpetition cash management relationship between the Debtors and the Banks, and that all of the provisions of such agreements, including, without limitation, the termination and fee provisions, shall remain in full force and effect.

13. The Debtors and the Banks may, with the consent of the DIP Agent and the First Lien Agent, and without further Order of this Court, agree to and implement changes to the cash management systems and procedures in the ordinary course of business, including, without limitation, the opening and closing of bank accounts.

14. Notwithstanding the relief granted in this Interim Order and any actions taken pursuant to such relief, nothing in this Interim Order shall be deemed: (a) an admission as to the validity of any prepetition claim against a Debtor entity; (b) a waiver of Vanguard's or any other party in interest's rights to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay a prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in the Motion or any order granting the relief requested by the Motion; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver of Vanguard's or any other party in interest's rights under the Bankruptcy Code or any other applicable law.

15. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

16. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

17. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry. As soon as practicable after the entry of this Interim Order, the Debtors shall serve this Interim Order on the Banks.

18. Vanguard is authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

19. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

Dated: 2-2, 2017
Houston, Texas

_____
UNITED STATES BANKRUPTCY JUDGE