

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
02/03/2017

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| VANGUARD NATURAL RESOURCES, LLC, et al.,[1] | § | Case No. 17-30560 (MI) |
| | § | |
| | § | (Joint Administration Requested) |
| Debtors. | § | |
| | § | Re: Docket No. 7 |

### INTERIM ORDER (I) AUTHORIZING PAYMENT OF (A) CERTAIN OIL AND GAS OBLIGATIONS (B) WAREHOUSING CLAIMS, AND (C) 503(b)(9) CLAIMS, AND (II) CONFIRMING ADMINISTRATIVE EXPENSE PRIORITY OF OUTSTANDING ORDERS

Upon the *Debtors' Emergency Motion for Entry of Interim and Final Orders (I) Authorizing Payment of (A) Certain Oil and Gas Obligations, (B) Warehousing Claims, and (C) 503(b)(9) Claims, and (II) Confirming Administrative Expense Priority of Outstanding Orders* (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, "Vanguard" or the "Debtors") for entry of an interim order (this "Interim Order"), the United States Bankruptcy Court for the Southern District of Texas (the "Court") hereby orders that:

1.

2.     Vanguard is authorized, but not directed, to pay prepetition Oil and Gas Obligations, as defined in the Motion; *provided* that before entry of the Final Order, Vanguard

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Vanguard Natural Resources, LLC (1161); Eagle Rock Acquisition Partnership, L.P. (6706); Eagle Rock Acquisition Partnership II, L.P. (0903); Eagle Rock Energy Acquisition Co., Inc. (4564); Eagle Rock Energy Acquisition Co. II, Inc. (3364); Eagle Rock Upstream Development Company, Inc. (0113); Eagle Rock Upstream Development Company II, Inc. (7453); Encore Clear Fork Pipeline LLC (2032); Escambia Asset Co. LLC (3869); Escambia Operating Co. LLC (2000); Vanguard Natural Gas, LLC (1004); Vanguard Operating, LLC (9331); VNR Finance Corp. (1494); and VNR Holdings, LLC (6371). The location of the Debtors' service address is: 5847 San Felipe, Suite 3000, Houston, Texas 77057.

[2] Capitalized terms used but not otherwise defined have the meanings set forth in the Motion.

shall not pay any obligations under this Interim Order unless they are due or are deemed necessary to be paid in Vanguard's business judgment to ensure ongoing provision of goods or services or otherwise to avoid an adverse effect on operations.

3. Vanguard is authorized, but not directed, in the reasonable exercise of its business judgment, to pay all or part of, and discharge, on a case-by-case basis, the 503(b)(9) Claims.

4. Vanguard is authorized to setoff prepetition Working Interest Disbursements against JIBs and to pay prepetition Working Interest Disbursements pursuant to applicable non-bankruptcy law on a postpetition basis in the ordinary course of business.

5. Any relief granted under this Interim Order shall be subject to the terms of the DIP Orders, the DIP Budget, and the DIP Documents. In the event of any inconsistency between the terms of this Interim Order and the terms of the DIP Orders, the provisions of the DIP Orders shall control.

6. Any party that accepts payment from Vanguard on account of an Oil and Gas Obligation shall be deemed to have agreed to the terms and provisions of this Interim Order.

7. All undisputed obligations related to the Outstanding Orders are granted administrative expense priority in accordance with section 503(b)(1)(A) of the Bankruptcy Code.

8. Vanguard is authorized, but not directed, to pay all undisputed amounts related to the Outstanding Orders in the ordinary course of business consistent with the parties' customary practices in effect prior to the Petition Date.

9. Vanguard is authorized, but not directed, to require that, as a condition to receiving any payment under this Interim Order, a payee maintain or apply, as applicable, terms during the pendency of these chapter 11 cases that are at least as favorable as the Customary Terms.  In conjunction with making any payment in excess of $20,000.00 pursuant to this Order,

the Debtors will notify any such payee that they must agree that they will continue to provide Customary Terms, and if they are unwilling to do so, they should not cash the check providing such payment.  If a payee, after receiving a payment under this Interim Order, ceases to provide Customary Terms, then Vanguard may deem such payment to apply instead to any postpetition amount that may be owing to such payee and the Court will order the return of such payment as having been received in breach of this Order, *provided that* if such payment is material to Vanguard's business, Vanguard will confer with the DIP Agent, the Majority Lenders, and the First Lien Agent (each as defined in the DIP Orders), prior to making such material payment.

10. Notwithstanding the relief granted in this Interim Order and any actions taken pursuant to such relief, nothing in this Interim Order shall be deemed:  (a) an admission as to the validity of any prepetition claim against a Debtor entity; (b) a waiver of Vanguard's rights to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay a prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in the Motion or any order granting the relief requested by this Motion; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver of Vanguard's rights under the Bankruptcy Code or any other applicable law.

11. Any party receiving payment from Vanguard is authorized and directed to rely upon the representations of Vanguard as to which payments are authorized by this Interim Order. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the obligations approved herein are authorized and directed to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on Vanguard's

designation of any particular check or electronic payment request as approved by this Interim Order.

12. Vanguard is authorized, but not directed, to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with any Oil and Gas Obligation.

13. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

14. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

15. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

16. Vanguard is authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

17. Any objections or responses to entry of a final order on the Motion shall be in writing, filed with this Court on or before 4:00 p.m., prevailing Central Time, on February 24, 2017 (the "Objection Deadline")A final hearing on the Motion shall be held on March 1, 2017 at 1:30 p.m. prevailing Central Time to consider the relief requested in the Motion on a final basis.

18. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

Dated: __2/2__, 2017
Houston, Texas

UNITED STATES BANKRUPTCY JUDGE