

ENTERED
02/03/2017

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| VANGUARD NATURAL RESOURCES, LLC, et al.,[1] | Case No. 17-30560 (MI) |
| Debtors. | (Joint Administration Requested) |
| | Re: Docket No. 8 |

## FINAL ORDER AUTHORIZING PAYMENT OF CERTAIN PREPETITION AND POSTPETITION TAXES AND FEES

Upon the *Debtors' Emergency Motion for Entry of Interim and Final Orders Authorizing Payment of Certain Postpetition Taxes and Fees* (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, "Vanguard" or the "Debtors") for entry of an interim order (this "Interim Order"), the United States Bankruptcy Court for the Southern District of Texas (the "Court") hereby orders that:

1. Vanguard is authorized, but not directed, to remit and pay (or use tax credits to offset) the Taxes and Fees that accrued prior to the Petition Date and that will become payable during the pendency of these chapter 11 cases, and remit and pay (or use tax credits to offset) Taxes and Fees that arise or accrue in the ordinary course of business on a postpetition basis, in

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Vanguard Natural Resources, LLC (1161); Eagle Rock Acquisition Partnership, L.P. (6706); Eagle Rock Acquisition Partnership II, L.P. (0903); Eagle Rock Energy Acquisition Co., Inc. (4564); Eagle Rock Energy Acquisition Co. II, Inc. (3364); Eagle Rock Upstream Development Company, Inc. (0113); Eagle Rock Upstream Development Company II, Inc. (7453); Encore Clear Fork Pipeline LLC (2032); Escambia Asset Co. LLC (3869); Escambia Operating Co. LLC (2000); Vanguard Natural Gas, LLC (1004); Vanguard Operating, LLC (9331); VNR Finance Corp. (1494); and VNR Holdings, LLC (6371). The location of the Debtors' service address is: 5847 San Felipe, Suite 3000, Houston, Texas 77057.

[2] Capitalized terms used but not defined have the meanings set forth in the Motion.

each case, solely to the extent that such Taxes and Fees become payable in accordance with applicable law.

2.   Notwithstanding the relief granted in this Interim Order and any actions taken pursuant to such relief, nothing in this Interim Order shall be deemed: (a) an admission as to the validity of any prepetition claim against a Debtor entity; (b) a waiver of Vanguard's rights to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay a prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in the Motion or any order granting the relief requested by this Motion; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver of Vanguard's rights under the Bankruptcy Code or any other applicable law.

3.   Any party receiving payment from Vanguard is authorized and directed to rely upon the representations of Vanguard as to which payments are authorized by this Interim Order. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the obligations approved herein are authorized and directed to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on Vanguard's designation of any particular check or electronic payment request as approved by this Interim Order.

4.   Vanguard is authorized, but not directed, to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with any Taxes and Fees.

5. Any relief granted under this Interim Order shall be subject to the terms of the DIP Orders, the DIP Budget, and the DIP Documents. In the event of any inconsistency between the terms of this Interim Order and the terms of the DIP Orders, the provisions of the DIP Orders shall control.

6. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

7. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

8. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

9. Vanguard is authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

10. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

Dated: 2-2 , 2017
Houston, Texas

_____
UNITED STATES BANKRUPTCY JUDGE