

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
02/03/2017

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| VANGUARD NATURAL RESOURCES, LLC, *et al.*,[1] | § § § | Case No. 17-30560 (MI) |
| | § § | (Joint Administration Requested) |
| Debtors. | § § § | Re: Docket No. 9 |

**INTERIM ORDER (I) APPROVING DEBTORS' PROPOSED ADEQUATE
ASSURANCE OF PAYMENT FOR FUTURE UTILITY SERVICES, (II) PROHIBITING
UTILITY COMPANIES FROM ALTERING, REFUSING, OR DISCONTINUING
SERVICES,
AND (III) APPROVING DEBTORS' PROPOSED PROCEDURES FOR
RESOLVING ADDITIONAL ASSURANCE REQUESTS**

Upon the *Debtors' Emergency Motion for an Order (I) Approving Debtors' Adequate Assurance of Payment for Future Utility Services, (II) Prohibiting Utility Companies from Altering, Refusing, or Discontinuing Services, and (III) Approving Debtors' Proposed Procedures for Resolving Additional Assurance Requests* (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, "Vanguard" or the "Debtors"), the United States Bankruptcy Court for the Southern District of Texas (the "Court") hereby orders that:

1. This Order is issued on an emergency basis. Notwithstanding anything in this order to the contrary, Any Utility that believes that this order does not provide adequate assurance of payment as required by § 366 of the Bankruptcy Code may file a motion seeking

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Vanguard Natural Resources, LLC (1161); Eagle Rock Acquisition Partnership, L.P. (6706); Eagle Rock Acquisition Partnership II, L.P. (0903); Eagle Rock Energy Acquisition Co., Inc. (4564); Eagle Rock Energy Acquisition Co. II, Inc. (3364); Eagle Rock Upstream Development Company, Inc. (0113); Eagle Rock Upstream Development Company II, Inc. (7453); Encore Clear Fork Pipeline LLC (2032); Escambia Asset Co. LLC (3869); Escambia Operating Co. LLC (2000); Vanguard Natural Gas, LLC (1004); Vanguard Operating, LLC (9331); VNR Finance Corp. (1494); and VNR Holdings, LLC (6371). The location of the Debtors' service address is: 5847 San Felipe, Suite 3000, Houston, Texas 77057.

[2] Capitalized terms used but not otherwise defined have the meanings set forth in the Motion.

emergency relief from this Order at any time prior to the Final Hearing on the Motion. The Court will consider such relief on an emergency basis.

2.    The Adequate Assurance Deposit constitutes adequate assurance of future payment as required by section 366 of the Bankruptcy Code.

3.    If an amount relating to Utility Services provided postpetition by a Utility Company is unpaid, and remains unpaid beyond any applicable grace period, such Utility Company may request a disbursement from the Adequate Assurance Account by filing a notice with the Court demanding payment. Vanguard shall honor such request within five business days after the date the request is received by Vanguard, subject to the ability of Vanguard and any such requesting Utility Company to resolve any dispute regarding such request without further order of the Court. To the extent a Utility Company receives a disbursement from the Adequate Assurance Account, Vanguard shall replenish the Adequate Assurance Account in the amount disbursed.

4.    The portion of the Adequate Assurance Deposit attributable to each Utility Company shall be returned to Vanguard on the earlier of (i) the reconciliation and payment by Vanguard of the Utility Company's final invoice in accordance with applicable nonbankruptcy law following Vanguard's termination of Utility Services from such Utility Company or (ii) the effective date of any chapter 11 plan confirmed in these chapter 11 cases.

5.    All Utility Companies are prohibited from altering, refusing, or discontinuing services on account of any unpaid prepetition charges, the commencement of these chapter 11 cases, or any perceived inadequacy of the Proposed Adequate Assurance.

6.    The following Adequate Assurance Procedures are approved:

    a.   Vanguard will serve a copy of the Motion and this Order to each Utility Company on the Utility Services List within two business days after entry

|     | |
| --- | --- |
|     | of this Order by the Court. Vanguard shall also serve this Order on each Utility Company subsequently added by Vanguard to the Utility Service List as soon as practicable. |
| b.  | Subject to paragraphs (c)–(e) below, Vanguard will deposit the Adequate Assurance Deposit, in the aggregate amount up to $508,446, in the Adequate Assurance Account as soon as practicable after entry of this Order. |
| c.  | Each Utility Company shall be entitled to the funds in the Adequate Assurance Account in the amount set forth for such Utility Company in the column labeled "Proposed Adequate Assurance" on the Utility Services List. |
| d.  | If a Utility Company is not satisfied with the Proposed Adequate Assurance and seeks additional assurances of payment in the form of deposits, prepayments, or otherwise (an "Additional Assurance Request"), it must file and serve an Additional Assurance Request within fourteen days of service of this Order. |
| e.  | Any Additional Assurance Request must be filed with the Court and: (i) identify the location for which the Utility Services are provided, (ii) summarize Vanguard's payment history relevant to the affected account(s), (iii) certify the amount that is equal to two weeks of the Utility Services the Utility Company provides to Vanguard, calculated as a historical average over the twelve-month period ended December 31, 2016, and (iv) certify that the Utility Company does not already hold a deposit equal to or greater than two weeks of Utility Services. |
| f.  | Upon Vanguard's timely receipt of any Additional Assurance Request, Vanguard shall have the greater of either (i) fourteen days from the receipt of such Additional Assurance Request or (ii) thirty days from the Petition Date (collectively, the "Resolution Period") to negotiate with the requesting Utility Company to resolve its Additional Assurance Request. The Resolution Period may be extended by agreement between the parties. |
| g.  | Vanguard may, without further order from the Court, resolve any Additional Assurance Request by mutual agreement with a Utility Company, and Vanguard may, in connection any such agreement, provide a Utility Company with additional adequate assurance of payment, including, but not limited to, cash deposits, prepayments, or other forms of security if Vanguard believes that such adequate assurance is reasonable. |
| h.  | If Vanguard and the Utility Company are not able to reach an alternative resolution during the Resolution Period, Vanguard will request a hearing before the Court at the next regularly scheduled omnibus hearing to determine the adequacy of assurances of payment with respect to a |

        particular Utility Company (the "<u>Determination Hearing</u>") pursuant to section 366(c)(3) of the Bankruptcy Code.

        i.    Pending resolution at any such Determination Hearing, the Utility Company filing such Additional Assurance Request shall be prohibited from altering, refusing, or discontinuing Utility Services to Vanguard on account of unpaid charges for prepetition services or on account of any objections to the Proposed Adequate Assurance.

        j.    Any Utility Company that does not timely file an Additional Assurance Request is deemed to find the Proposed Adequate Assurance satisfactory to it and is forbidden from discontinuing, altering, or refusing service on account of any unpaid prepetition charges, or requiring additional assurance of payment (other than the Proposed Adequate Assurance).

7.    Vanguard is authorized, following the giving of fourteen days' notice to the affected Utility Company, where Vanguard has received no objection from any such Utility Company, to add or remove any Utility Company from the Utility Services List, and Vanguard shall add to or subtract from the Adequate Assurance Deposit an amount equal to one half of Vanguard's approximate average monthly cost for each Utility Company subsequently added or removed, respectively. If an objection is received, Vanguard shall request a hearing before this Court at the next omnibus hearing date, or such other date that Vanguard and the Utility Company may agree. Vanguard shall not deduct from the Adequate Assurance Deposit the amount set aside for any Utility Company that Vanguard seeks to terminate or delete from the Utility Service List unless and until the two week notice period has passed and Vanguard has not received any objection to termination, or deletion from such Utility Company, or until any such objection has been resolved consensually, or by order of the Court. For Utility Companies that are added to the Utility Services List, Vanguard will cause a copy of this Order, including the Adequate Assurance Procedures, to be served on such subsequently added Utility Company. Any Utility Company subsequently added to the Utility Services List shall be bound by the Adequate Assurance Procedures.

8. The relief granted herein is for all Utility Companies providing Utility Services to Vanguard and is not limited to those parties or entities listed on the Utility Services List.

9. Vanguard's service of the Motion upon the Utility Services List shall not constitute an admission or concession that any such entity is a "utility" within the meaning of section 366 of the Bankruptcy Code, and Vanguard reserves all rights and defenses with respect thereto.

10. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity of any prepetition claim against a Vanguard entity; (b) a waiver of Vanguard's or any other party in interest's rights to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay prepetition claims; (d) an implication or admission that any particular claim is of a type specified or defined in the Motion or any order granting the relief requested by this Motion; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver of Vanguard's or any other party in interest's rights under the Bankruptcy Code or any other applicable law.

11.

12. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized and directed to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on Vanguard's designation of any particular check or electronic payment request as approved by this Order.

13. Vanguard is authorized, but not directed, to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with any Utility Services.

14. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

15. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

16. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

17. Vanguard is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

18. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

19. A Final Hearing will be conducted at 1:30 p.m. on March 1, 2017.

Dated: __2-2__, 2017
Houston, Texas

UNITED STATES BANKRUPTCY JUDGE