



IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
02/03/2017

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| VANGUARD NATURAL RESOURCES, LLC, *et al.*,[1] | § § § | Case No. 17-30560 (MI) |
| | § | (Joint Administration Requested) |
| Debtors. | § § | |
| | § | Re: Docket No. 11 |

**INTERIM ORDER (I) AUTHORIZING DEBTORS TO CONTINUE INSURANCE POLICIES AND SURETY BOND PROGRAM AND PAY ALL RELATED OBLIGATIONS, AND (II) AUTHORIZING AND DIRECTING BANKS AND FINANCIAL INSTITUTIONS TO HONOR AND PROCESS CHECKS AND TRANSFERS RELATED TO SUCH OBLIGATIONS**

Upon the *Debtors' Emergency Motion for Entry of Interim and Final Orders (I) Authorizing Debtors to Continue Insurance Policies and Surety Bond Program and Pay All Related Obligations, and (II) Authorizing and Directing Banks and Financial Institutions to Honor and Process Checks and Transfers Related to such Obligations* (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, "Vanguard" or the "Debtors") for entry of an interim order (this "Interim Order"), the United States Bankruptcy Court for the Southern District of Texas (the "Court") hereby orders that:

1. Vanguard is authorized, but not directed, to maintain and continue its Insurance Policies listed in **Exhibit C** to the Motion without interruption in accordance with the same practices and procedures as were in effect prior to the commencement of these chapter 11 cases.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Vanguard Natural Resources, LLC (1161); Eagle Rock Acquisition Partnership, L.P. (6706); Eagle Rock Acquisition Partnership II, L.P. (0903); Eagle Rock Energy Acquisition Co., Inc. (4564); Eagle Rock Energy Acquisition Co. II, Inc. (3364); Eagle Rock Upstream Development Company, Inc. (0113); Eagle Rock Upstream Development Company II, Inc. (7453); Encore Clear Fork Pipeline LLC (2032); Escambia Asset Co. LLC (3869); Escambia Operating Co. LLC (2000); Vanguard Natural Gas, LLC (1004); Vanguard Operating, LLC (9331); VNR Finance Corp. (1494); and VNR Holdings, LLC (6371). The location of the Debtors' service address is: 5847 San Felipe, Suite 3000, Houston, Texas 77057.

[2] Capitalized terms used but not defined have the meanings set forth in the Motion.

1

2. Vanguard is authorized, but not directed, to pay, in its sole discretion, all premiums, deductibles, excess, retrospective adjustments, administrative and broker's fees, and any other Insurance Obligations, including Insurance Obligations that (a) were due and payable or related to the period before the Petition Date, without further Order of this Court, or (b) are, or become, due and payable or related to the period after the Petition Date, *provided, however*, that Vanguard shall not pay any prepetition fees or commissions to its Broker for any Insurance Policy without further order of the Court.

3. Vanguard is authorized, but not directed, to enter into new insurance coverage, as needed in its business judgment.

4. Vanguard is authorized, but not directed, to (a) continue and maintain the existing Surety Bond Program in the ordinary course of business and in accordance with the same practices and procedures as were in effect prior to the commencement of these chapter 11 cases, (b) pay the Surety Obligations that become due and payable, or are related to the period after, the Petition Date, as they come due in the ordinary course of business, (c) renew, revise, extend, supplement, change, or enter into new surety bond programs as needed in the ordinary course of its business, (d) execute other agreements in connection with the Surety Bond Program including, without limitation, new Surety Indemnity Agreements, and all other related instruments, documents, and papers, and (e) take all reasonably appropriate actions with respect to the Surety Bond Program, in each case in accordance with the applicable documents governing the Surety Bond Program; *provided, however*, that Vanguard shall not provide new or additional collateral security to the Sureties except as otherwise provided by the DIP Order and the DIP Documents.   Notwithstanding the foregoing, no surety bond may be renewed (in a

manner that would result in any claim by the surety having administrative status) or collateralized without obtaining a further Court order.

5. Any relief granted under this Interim Order shall be subject to the terms of the DIP Orders, the DIP Budget, and the DIP Documents. In the event of any inconsistency between the terms of this Interim Order and the terms of the DIP Orders, the provisions of the DIP Orders shall control.

6. Nothing in this Interim Order or the Motion shall be construed as prejudicing any rights Vanguard may have to dispute or contest the amount of or basis for any claims asserted against Vanguard arising in connection with the Insurance Obligations or Surety Obligations or as an admission as to the validity or priority of any claim against Vanguard.

7. Any party receiving payment from Vanguard is authorized and directed to rely upon the representations of Vanguard as to which payments are authorized by this Interim Order. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the obligations approved herein are authorized and directed to receive, process, honor, and pay any and all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on Vanguard's designation of any particular check or electronic payment request as approved by this Interim Order.

8. Vanguard is authorized, but not directed, to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with any Insurance Obligations and Surety Obligations.

9. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

10. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of Texas are satisfied by such notice.

11. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

12. Vanguard is authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

13. Any objections or responses to entry of a final order on the Motion shall be in writing, filed with this Court on or before 4:00 p.m., prevailing Central Time, on February 24, 2017 (the "Objection Deadline")A hearing on the Motion shall be held on March 1, 2017, at 1:30 p.m., prevailing Central Time to consider the relief requested in the Motion on a final basis.

14. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

Dated: __2-2__, 2017
Houston, Texas

_____
UNITED STATES BANKRUPTCY JUDGE