

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
02/03/2017

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| VANGUARD NATURAL RESOURCES, LLC, *et al.*,[1] | § | Case No. 17-30560 (___) |
| | § | |
| Debtors. | § | (Joint Administration Requested) |
| | § | |
| | § | Re: Docket No. 15 |

### ORDER AUTHORIZING APPOINTMENT OF PRIME CLERK LLC AS CLAIMS, NOTICING, AND SOLICITATION AGENT, EFFECTIVE *NUNC PRO TUNC* TO THE PETITION DATE

Upon the *Debtors' Emergency Application for Appointment of Prime Clerk LLC as Claims, Noticing, and Solicitation Agent, Effective* Nunc Pro Tunc *to the Petition Date* (the "Application")[2] of the above-captioned debtors and debtors in possession (collectively, "Vanguard" or the "Debtors") for entry of an order (this "Order"), the United States Bankruptcy Court for the Southern District of Texas (the "Court") hereby orders that:

1.

2. Notwithstanding the terms of the Engagement Agreement attached to the Application as **Exhibit C**, the Application is approved as set forth in this Order.

3. Vanguard is authorized to retain Prime Clerk as Claims and Noticing Agent effective *nunc pro tunc* to the Petition Date under the terms of the Engagement Agreement, and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Vanguard Natural Resources, LLC (1161); Eagle Rock Acquisition Partnership, L.P. (6706); Eagle Rock Acquisition Partnership II, L.P. (0903); Eagle Rock Energy Acquisition Co., Inc. (4564); Eagle Rock Energy Acquisition Co. II, Inc. (3364); Eagle Rock Upstream Development Company, Inc. (0113); Eagle Rock Upstream Development Company II, Inc. (7453); Encore Clear Fork Pipeline LLC (2032); Escambia Asset Co. LLC (3869); Escambia Operating Co. LLC (2000); Vanguard Natural Gas, LLC (1004); Vanguard Operating, LLC (9331); VNR Finance Corp. (1494); and VNR Holdings, LLC (6371). The location of the Debtors' service address is: 5847 San Felipe, Suite 3000, Houston, Texas 77057.

[2] Capitalized terms used but not defined have the meanings set forth in the Application.

Prime Clerk is authorized and directed to perform noticing services and to receive, maintain, record, and otherwise administer the proofs of claim filed in these chapter 11 cases, and all related tasks, all as described in the Application and the Engagement Agreement.

4. Prime Clerk shall serve as the custodian of court records and shall be designated as the authorized repository for all proofs of claim filed in these chapter 11 cases and is authorized and directed to maintain official claims registers for each of the Debtors and to provide the Clerk with a certified duplicate thereof upon the request of the Clerk.

5. Prime Clerk is authorized and directed to provide an electronic interface for filing proofs of claim and to obtain a post office box or address for the receipt of proofs of claim.

6. Except as ordered by this Court pursuant to section 107(b) of the Bankruptcy Code, all papers, dockets, or other material filed in this case with Prime Clerk shall be deemed public records open to examination by any entity at reasonable times without charge. Prime Clerk may charge a fee for copying requested material, but the fee shall not exceed that charged pursuant to the Bankruptcy Court Fee Schedule issued by the Judicial Conference of the United States in accordance with section 1930(b) of title 28 of the United States Code.

7. Prime Clerk is authorized to take such other action to comply with all duties and services set forth in the Application.

8. Vanguard is authorized to compensate Prime Clerk in accordance with the terms of the Engagement Agreement upon the receipt of reasonably detailed invoices setting forth the services provided by Prime Clerk and the rates charged for each, and to reimburse Prime Clerk for all reasonable and necessary expenses it may incur, upon the presentation of appropriate documentation, without the need for Prime Clerk to file fee applications or otherwise seek Court approval for the compensation of its services and reimbursement of its expenses.

9. Prime Clerk shall maintain records of all services showing dates, categories of services, fees charged and expenses incurred, and shall serve monthly invoices on Vanguard, the U.S. Trustee, counsel to Vanguard, counsel to any official committee monitoring the expenses of Vanguard, and any party in interest who specifically requests service of the monthly invoices.

10. The parties shall meet and confer in an attempt to resolve any dispute that may arise relating to the Engagement Agreement or monthly invoices; *provided* that the parties may seek resolution of the matter from the Court if resolution is not achieved.

11. Pursuant to section 503(b)(1)(A) of the Bankruptcy Code, the fees and expenses of Prime Clerk under this Order shall be treated as an administrative expense of the Debtors' estates and shall be paid by Vanguard in accordance with the terms of the Engagement Agreement upon receipt of each Prime Clerk invoice by Vanguard, unless Prime Clerk is advised, within ten days of receipt of the invoice, that the office of the United States Trustee, counsel to Vanguard, and counsel to any statutory creditors' committee appointed in these chapter 11 cases, if any, objects to the invoice, in which case Vanguard will schedule a hearing before the Court to consider the disputed invoice. In the event of a disputed invoice, Vanguard shall remit to Prime Clerk only the undisputed portion of the invoice and, if applicable, shall pay the remainder to Prime Clerk upon the resolution of the disputed portion, as mandated by the Court

12. Prime Clerk may apply its retainer to all prepetition invoices, which retainer may be replenished to the original retainer amount, and thereafter, Prime Clerk may hold its retainer under the Engagement Agreement during these chapter 11 cases as security for the payment of fees and expenses incurred under the Engagement Agreement.

13. Vanguard shall indemnify Prime Clerk under the terms of the Engagement Agreement, as modified pursuant to this Order.

14. Prime Clerk shall not be entitled to indemnification, contribution, or reimbursement pursuant to the Engagement Agreement for services other than the services provided under the Engagement Agreement, the Application, and this Order, unless such services and the indemnification, contribution, or reimbursement therefor are approved by the Court.

15. Notwithstanding anything to the contrary in the Engagement Agreement, Vanguard shall have no obligation to indemnify any person (including, without limitation, Prime Clerk), or provide contribution or reimbursement to any person (including, without limitation, Prime Clerk), for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from Prime Clerk's gross negligence, willful misconduct, or fraud; (ii) for a contractual dispute in which Vanguard alleges the breach of Prime Clerk's contractual obligations if the Court determines that indemnification, contribution, or reimbursement would not be permissible under applicable law; or (iii) settled prior to a judicial determination under (i) or (ii), but determined by this Court, after notice and a hearing, to be a claim or expense for which such person (including, without limitation, Prime Clerk) should not receive indemnity, contribution, or reimbursement under the terms of the Engagement Agreement as modified by this Order.

16. If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these chapter 11 cases (that order having become a final order no longer subject to appeal), or (ii) the entry of an order closing these chapter 11 cases, Prime Clerk believes that it is entitled to the payment of any amounts by Vanguard on account of Vanguard's indemnification, contribution, and/or reimbursement obligations under the Engagement Agreement (as modified

by this Order), including the advancement of defense costs, Prime Clerk must file an application in this Court, and Vanguard may not pay any such amounts to Prime Clerk before the entry of an order by this Court approving the payment. This paragraph is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses for indemnification, contribution, or reimbursement, and not a provision limiting the duration of the Vanguard's obligation to indemnify Prime Clerk. All parties in interest shall retain the right to object to any demand by Prime Clerk for indemnification, contribution, or reimbursement.

17. In the event Prime Clerk is unable to provide the services set out in this order, Prime Clerk will immediately notify the Clerk and Vanguard's counsel and, upon approval of the Court, cause to have all proofs of claim and computer information turned over to another claims and noticing agent with the advice and consent of the Clerk and Vanguard's counsel.

18. After entry of an order terminating Prime Clerk's services, upon the closing of these cases, or for any other reason, Prime Clerk shall be responsible for archiving all proofs of claim with the Federal Archives Record Administration, if applicable, and shall be compensated by Vanguard in connection therewith.

19. Vanguard and Prime Clerk are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

20. The contents of the Application satisfy the requirements of Bankruptcy Rule 6003(b).

21. Notice of the Application as provided therein shall be deemed good and sufficient notice of such Application and the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

22. Notwithstanding any Bankruptcy Rule to the contrary, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

23. Prime Clerk shall not cease providing claims processing services during the chapter 11 case(s) for any reason, including nonpayment, without an order of the Court.

24. In the event of any inconsistency between the Engagement Agreement, the Application and the Order, the Order shall govern.

25. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

26. Vanguard is authorized to take all actions necessary to effectuate the relief granted in this Order.

27. Notwithstanding any term in the Engagement Agreement to the contrary, this Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order or the Engagement Agreement, as well as any controversy or claim arising from or related to this Order or the Engagement Agreement.

Dated: __2-2__, 2017
Houston, Texas

_____
UNITED STATES BANKRUPTCY JUDGE