

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
02/03/2017

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| VANGUARD NATURAL RESOURCES, LLC, *et al.*,[1] | § § § | Case No. 17-30560 (MI) |
| | § § | (Joint Administration Requested) |
| Debtors. | § § § | Re: Docket No. 13 |

### INTERIM ORDER (I) AUTHORIZING DEBTORS TO PAY CERTAIN WORKFORCE OBLIGATIONS, INCLUDING WAGES AND BENEFITS, AND (II) AUTHORIZING AND DIRECTING FINANCIAL INSTITUTIONS TO HONOR AND PROCESS CHECKS AND TRANSFERS RELATED TO SUCH OBLIGATIONS

Upon the *Debtors' Emergency Motion for Entry of Interim and Final Orders (I) Authorizing Debtors to Pay Certain Workforce Obligations, including Wages and Benefits, and (II) Authorizing and Directing Financial Institutions to Honor and Process Checks and Transfers Related to Such Obligations* (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, "Vanguard" or the "Debtors") for entry of an interim order (this "Interim Order"), the United States Bankruptcy Court for the Southern District of Texas (the "Court") hereby orders that:

1. Vanguard is authorized, but not directed, to pay prepetition claims, to honor obligations, and continue programs, in the ordinary course of business, relating to the Workforce

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Vanguard Natural Resources, LLC (1161); Eagle Rock Acquisition Partnership, L.P. (6706); Eagle Rock Acquisition Partnership II, L.P. (0903); Eagle Rock Energy Acquisition Co., Inc. (4564); Eagle Rock Energy Acquisition Co. II, Inc. (3364); Eagle Rock Upstream Development Company, Inc. (0113); Eagle Rock Upstream Development Company II, Inc. (7453); Encore Clear Fork Pipeline LLC (2032); Escambia Asset Co. LLC (3869); Escambia Operating Co. LLC (2000); Vanguard Natural Gas, LLC (1004); Vanguard Operating, LLC (9331); VNR Finance Corp. (1494); and VNR Holdings, LLC (6371). The location of the Debtors' service address is: 5847 San Felipe, Suite 3000, Houston, Texas 77057.

[2] Capitalized terms used but not otherwise defined have the meanings set forth in the Motion.

Obligations and to implement new employee programs, policies, and benefits, in the ordinary course of business during these chapter 11 cases and without the need for further Court approval, subject to applicable law; *provided that,* subject to entry of a final order, Vanguard will not make any payments that are due under the Quarterly Incentive Plan.

2. Vanguard is authorized, but not directed, to pay any and all costs in connection with maintaining administration or paying third parties to maintain, administer, and provide record-keeping relating to the Workforce Obligations that may be outstanding as of the Petition Date in the ordinary course of business.

3. All credit card companies providing services to Vanguard are authorized and directed to perform their services as such have normally and customarily been performed prior to the Petition Date.

4. Vanguard is permitted to renew or extend, or enter into a replacement agreement for, the Insperity CSA on the same or better terms as existed as of the Petition Date.

5. Any relief granted under this Interim Order shall be subject to the terms of the DIP Orders, the DIP Budget, and the DIP Documents. In the event of any inconsistency between the terms of this Interim Order and the terms of the DIP Orders, the provisions of the DIP Orders shall control.

6. Nothing in this Interim Order or the Motion shall be construed as prejudicing any rights Vanguard may have to dispute or contest the amount of or basis for any claims asserted against Vanguard arising in connection with the Workforce Obligations or as an admission as to the validity or priority of any claim against Vanguard.

7. Any party receiving payment from Vanguard is authorized and directed to rely upon the representations of Vanguard as to which payments are authorized by this Interim Order.

The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the obligations approved herein are authorized and directed to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on Vanguard's designation of any particular check or electronic payment request as approved by this Interim Order.

8. Vanguard is authorized, but not directed, to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with any Workforce Obligations.

9. Nothing in the Motion or this Interim Order shall be deemed to (a) authorize the payment of any amounts that may be subject to section 503(c) of the Bankruptcy Code or (b) violate or permit a violation of section 503(c) of the Bankruptcy Code. For the avoidance of doubt, nothing in the Motion or this Interim Order authorizes the Debtors to make any payment under the Severance Program, the Executive Incentive Program, or the Long Term Incentive Plan.

10. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

11. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

12. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

13. Vanguard is authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

14. Any objections or responses to entry of a final order on the Motion shall be in writing, filed with this Court on or before 4:00 p.m., prevailing Central Time, on February 24, 2017 (the "Objection Deadline"). A Final hearing on the Motion shall be held on March 1, 2017 at 1:30 p.m. prevailing Central Time to consider the relief requested in the Motion on a final basis.

15. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

Dated: 2-2, 2017
Houston, Texas

_____
UNITED STATES BANKRUPTCY JUDGE

4