IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| VANGUARD NATURAL RESOURCES, LLC, *et al.*,[1] | § § § | Case No. 17-30560 |
| Debtors. | § § § | (Jointly Administered) |

**DEBTORS' MOTION FOR ENTRY OF ORDER ESTABLISHING
PROCEDURES FOR INTERIM COMPENSATION AND
EXPENSE REIMBURSEMENT OF PROFESSIONALS**

> **THE DEBTORS HAVE REQUESTED THAT THE COURT SET THIS MOTION FOR HEARING ON MARCH 1, 2017, AT 1:30 P.M., PREVAILING CENTRAL TIME, IN COURTROOM 404, 515 RUSK STREET, HOUSTON, TEXAS 77002.**
>
> **IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING, SPECIFICALLY ANSWERING EACH PARAGRAPH OF THIS PLEADING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT WITHIN 21 DAYS FROM THE DATE YOU WERE SERVED WITH THIS PLEADING. YOU MUST SERVE A COPY OF YOUR RESPONSE ON THE PERSON WHO SENT YOU THE NOTICE; OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**
>
> **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

Vanguard Natural Resources, LLC ("VNR") and its affiliated debtors as debtors in possession in these cases (collectively, "Vanguard" or the "Debtors") submit this Motion (the "Motion"), under sections 105(a), 330, and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2016-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Vanguard Natural Resources, LLC (1161); Eagle Rock Acquisition Partnership, L.P. (6706); Eagle Rock Acquisition Partnership II, L.P. (0903); Eagle Rock Energy Acquisition Co., Inc. (4564); Eagle Rock Energy Acquisition Co. II, Inc. (3364); Eagle Rock Upstream Development Company, Inc. (0113); Eagle Rock Upstream Development Company II, Inc. (7453); Encore Clear Fork Pipeline LLC (2032); Escambia Asset Co. LLC (3869); Escambia Operating Co. LLC (2000); Vanguard Natural Gas, LLC (1004); Vanguard Operating, LLC (9331); VNR Finance Corp. (1494); and VNR Holdings, LLC (6371). The location of the Debtors' service address is: 5847 San Felipe, Suite 3000, Houston, Texas 77057.

for the Southern District of Texas (the "Bankruptcy Local Rules"), for entry of an order authorizing and approving the establishment of an orderly and regular process for the allowance and payment of interim compensation and reimbursement of expenses for attorneys and other professionals retained by Vanguard and any statutory committees appointed in the Debtors' chapter 11 cases. In support of this Motion, Vanguard respectfully states:

## JURISDICTION, VENUE, AND STATUTORY BASES

1. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue is proper under 28 U.S.C. §§ 1408 and 1409.

2. The bases for the relief requested in this Motion are sections 105(a), 330, and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, and Bankruptcy Local Rule 2016-1.

## BACKGROUND

3. Commencing on February 1, 2017 (the "Petition Date"), VNR and the other Debtors commenced these chapter 11 cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code. These chapter 11 cases have been consolidated for procedural purposes only and are jointly administered pursuant to Bankruptcy Rule 1015(a). The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. To date, no creditors' committee has been appointed in these chapter 11 cases by the Office of the United States Trustee for the Southern District of Texas (the "U.S. Trustee"). No trustee or examiner has been appointed in these chapter 11 cases.

### Vanguard's Business

5. Formed in 2006, VNR is a publicly traded limited liability company that, through its subsidiaries, is engaged in the acquisition, development, and production of oil and gas

2

properties located in eleven states. VNR is the direct or indirect parent company of each of the other Debtors in these chapter 11 cases. Vanguard's assets consist primarily of producing and non-producing natural gas and oil reserves, all of which are located within the continental United States.

6. A description of Vanguard's business, capital structure, and the circumstances leading to these chapter 11 cases is set forth in the *Declaration of Richard A. Robert, Chief Financial Officer of Vanguard Natural Resources, LLC, in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 6] (the "First Day Declaration"), which is incorporated by reference in this Motion.

## RETENTION OF PROFESSIONALS

7. Vanguard has filed or will file applications to retain the following professionals: (a) Paul Hastings LLP; (b) Opportune LLP; (c) Evercore Group L.L.C.; and (d) Prime Clerk LLC The Debtors may seek to retain additional professionals under section 327 of the Bankruptcy Code as the need arises during the course of these chapter 11 cases. Any official committees appointed in these cases also may retain counsel, a financial advisor, or other professionals in connection with these chapter 11 cases.

## RELIEF REQUESTED

8. Vanguard seeks entry of an order, substantially in the form attached to this Motion as **Exhibit A** (the "Order"), approving the Compensation Procedures (as defined below) for an orderly, regular process for the allowance and payment of compensation and reimbursement of expenses for attorneys and other professionals whose retentions are approved by this Court pursuant to sections 327 or 1103 of the Bankruptcy Code and who will be required to file applications for allowance of compensation and reimbursement of expenses pursuant to

sections 330 and 331 of the Bankruptcy Code (collectively, the "Professionals").[2] In addition, Vanguard seeks approval of procedures for reimbursement of reasonable out-of-pocket expenses incurred by members of any statutory committees appointed in these chapter 11 cases.

## PROPOSED PROCEDURES

9. Vanguard proposes the following procedures for the monthly and interim payment of compensation and reimbursement of expenses of the Professionals (the "Compensation Procedures"):

    a. On or after the twenty-first day of each month following the month for which compensation and reimbursement are sought, each Professional seeking compensation may submit a monthly fee statement (each, a "Fee Statement") by email to: (i) counsel to Vanguard, Paul Hastings LLP, 600 Travis Street, 58th Floor, Houston, Texas 77002, Attn.: Chris L. Dickerson (chrisdickerson@paulhastings.com) and James T. Grogan (jamesgrogan@paulhastings.com); (ii) Vanguard, c/o Vanguard Natural Resources, LLC, 5847 San Felipe, Suite 3000, Houston, Texas 77057, Attn.: Richard A. Robert (rrobert@vnrllc.com); (iii) the U.S. Trustee, 515 Rusk Street, Suite 3516, Houston, Texas 77002, Attn.: Christine A. March (christine.a.march@usdoj.gov); (iv) counsel to the administrative agent under Vanguard's first lien credit facility, Weil, Gotshal & Manges LLP, 767 Fifth Ave., New York, NY 10153, Attn.: Blaire Cahn (blaire.cahn@weil.com); counsel to the administrative agent under Vanguard's second lien notes, Morrison & Foerster LLP, 250 West 55th Street, New York, New York 10019, Attn.: John Pinterelli (jpintarelli@mofo.com); counsel to the ad hoc group of holders of Vanguard's senior unsecured notes, Milbank, Tweed, Hadley & McCloy LLP, 28 Liberty Street, New York, NY 10005, Attn.: Samuel A. Khalil (skhalil@milbank.com); and (v) counsel to any statutory committee appointed in these chapter 11 cases (collectively, the "Application Recipients").

    b. Each Fee Statement shall include (i) an invoice for the applicable period that describes and itemizes the fees and expenses in accordance with the guidelines promulgated by the U.S. Trustee, and (ii) a fee and expense summary in the following format:

---

[2] The Professionals subject to the proposed Compensation Procedures (defined below) necessarily exclude ordinary course professionals ("OCPs") retained under the *Order Authorizing the Debtors to Retain and Compensate Professionals Utilized in the Ordinary Course of Business*. If the Court grants Vanguard's motion to retain and compensate OCPs in the ordinary course of business, the OCPs will not file retention or fee applications, but will be paid in the ordinary course subject to monthly and case fee caps.

4

**Summary of Fee Statement**

Name of Professional:  _____
Authorized to Provide Professional Services to:  _____
Date Order of Employment Signed:  _____
Time Period Covered:  _____
Total Fees Sought:  _____
Total Hours Expended:  _____
Hourly Rates -- High:  _____
       -- Low:  _____
       -- Average:  _____
Total Expenses Sought:  _____
Retainer Amount Outstanding:  _____

    The Fee Statements shall be served on the Application Recipients by email and will not be filed with the Court.

c.    Professionals retained as of the Petition Date may serve their first Fee Statement no earlier than March 21, 2017. This initial Fee Statement will cover the period from the Petition Date through February 28, 2017. Professionals not retained as of the Petition Date may serve their first Fee Statement for the period from the effective date of their retention through the end of the first full month after the effective date of their retention, and otherwise in accordance with the Compensation Procedures.

d.    Each Application Recipient will have until 4:00 p.m. (prevailing Central Time) on the fourteenth day following service of a Fee Statement (the "<u>Objection Deadline</u>") to object to the requested fees and expenses. The objecting party shall, by the Objection Deadline, serve by email a written notice upon the Professional and each of the Application Recipients (the "<u>Notice of Objection</u>") setting forth the precise nature of the Objection and the amount at issue (the "<u>Disputed Amount</u>"). At the expiration of the Objection Deadline, the Debtors shall promptly pay eighty percent (80%) of the fees and one hundred percent (100%) of the expenses identified in each Fee Statement to which no Notice of Objection has been served.[3] If a Notice of Objection is served as provided herein, the Debtors shall withhold payment of the Disputed Amount and promptly pay the remainder of the fees and disbursements in the percentages set forth above. The Professional whose Fee Statement is subject to a Notice of Objection may seek an order from the Court, upon notice and a hearing, directing payment of the Disputed Amount.

e.    If the parties are able to resolve the objection, and if the Professional whose Fee Statement was subject to the objection serves upon the

---

[3] The remaining twenty percent (20%) of the Professional's fees for each Fee Statement shall be withheld from payment until further order of the Court.

        Application Recipients a statement indicating that the objection is withdrawn and describing the terms of resolution, then the Debtors shall promptly pay that portion of the Fee Statement no longer subject to an objection in the percentages set forth above. If the parties are unable to resolve the objection within fourteen days after service of the Notice of Objection, the objecting party shall file its objection with the Court within three business days and serve such objection on the Professional and the Application Recipients. Thereafter, the Professional may file with the Court a response to the objection, which will be heard at the next hearing on an Interim Fee Application or Final Fee Application (as defined below), or such other time as the Professional or the objecting party sets upon notice.

f.      Beginning with the period ending on April 30, 2017, and at three-month intervals thereafter (each, an "<u>Interim Fee Period</u>"), the Professionals may file with the Court and serve on the Application Recipients an interim fee application (each an "<u>Interim Fee Application</u>") for compensation and reimbursement of expenses for services provided during the Interim Fee Period. The first Interim Fee Application will cover the period from the Petition Date through and including April 30, 2017. Each Professional shall file with the Court and serve notice of its Interim Fee Application (which notice shall identify the Professional seeking compensation, the period for which compensation and reimbursement are sought, and the amount of compensation and reimbursement sought) on the Application Recipients and parties that have filed a notice of appearance with the Clerk of this Court and requested notice of pleadings in these chapter 11 cases. Parties will have twenty-one days after service of an Interim Fee Application to object thereto. Notwithstanding anything to the contrary in these Compensation Procedures, a Professional may file a fee application in accordance with any procedures established by a chapter 11 plan filed and confirmed by the Court in these chapter 11 cases.

g.      Vanguard will request that the Court set a hearing on Interim Fee Applications approximately once every three months or at such other intervals as the Court deems appropriate. The Court, in its discretion, may approve an uncontested Interim Fee Application without a hearing. Upon allowance by the Court of a Professional's Interim Fee Application, Vanguard shall promptly pay such Professional all requested fees (including the 20% holdback) and expenses not previously paid.

h.      The pendency of an objection to payment of compensation or reimbursement of expenses will not disqualify a Professional from the future payment of compensation or reimbursement of expenses, unless the Court orders otherwise.

i.      There will be no penalty for the failure to file a Fee Statement or an Interim Fee Application in a timely manner, unless the Court orders otherwise.

j.  Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein will have any effect on this Court's interim or final allowance of compensation and reimbursement of expenses of any Professional.

k.  The submission of or the failure to submit an objection to interim fees or expenses with the Court will not bind any party in interest or the Court with respect to the final allowance of applications for compensation and reimbursement of expenses of Professionals. All fees and expenses paid to Professionals under the Compensation Procedures are subject to challenge and disgorgement until final allowance by the Court.

l.  Each member of any official committee appointed in these chapter 11 cases may submit statements of reasonable and documented out-of-pocket expenses incurred in the performance of committee duties (excluding third-party professional expenses of individual committee members) with supporting vouchers and receipts to the committee's counsel, who will collect and file the committee members' requests for reimbursement with the Court and serve on the Application Recipients, in accordance with the Compensation Procedures.

10.  Vanguard further requests that the Court limit service of Interim Fee Applications and final fee applications (each, a "Final Fee Application," and, together with the Interim Fee Applications, the "Applications") to the Application Recipients. Vanguard further requests that all other parties that have filed a notice of appearance with the Clerk of this Court and requested notice of pleadings in these chapter 11 cases receive only notice of hearings on the Applications (the "Hearing Notice"). Serving the Applications and the Hearing Notice in this manner will permit the parties most active in these chapter 11 cases to review and consider the Professionals' fees and will save unnecessary duplication and mailing expense.

## BASIS FOR RELIEF

11.  Section 331 of the Bankruptcy Code provides that all professionals are entitled to submit applications for interim compensation and reimbursement of expenses every 120 days, or more often if the Court permits. In relevant part, section 331 provides:

> A trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if

7

the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title.[4]

12. Further, section 105(a) of the Bankruptcy Code authorizes the Court to issue any order that is "necessary or appropriate to carry out the provisions" of the Bankruptcy Code.[5]

13. Vanguard seeks entry of an order, pursuant to Bankruptcy Code §§ 105(a), 330, and 331, Bankruptcy Rule 2016(a), and Bankruptcy Local Rule 2016-1, establishing procedures for monthly compensation and reimbursement of expenses of Professionals in these chapter 11 cases. The proposed Compensation Procedures will enable Vanguard to closely monitor costs of administration, maintain cash flow availability, and implement efficient cash management procedures. Moreover, these procedures will allow the Court and key parties in interest to ensure the reasonableness and necessity of the compensation and reimbursement sought by Professionals in these chapter 11 cases.

14. Factors to consider in deciding whether to establish interim compensation procedures include "the size of [the] reorganization cases, the complexity of the issues involved, and the time required on the part of the attorneys for the debtors in providing services necessary to achieve a successful reorganization of the debtors."[6]

15. The significant size of these chapter 11 cases and the amount of time and effort that will be required from the Professionals to successfully reorganize Vanguard's businesses justify the Compensation Procedures requested in this Motion. Indeed, such Compensation Procedures are necessary to ensure that the Professionals are fairly and timely compensated for

---

[4] 11 U.S.C. § 331.

[5] 11 U.S.C. § 105(a).

[6] *In re Int'l Horizons, Inc.*, 10 B.R. 895, 897 (Bankr. N.D. Ga. 1981) (establishing procedures for monthly interim compensation).

their services in these chapter 11 cases and are not forced to bear undue financial burden or risk caused by delays in payment.

16. Courts in this jurisdiction have approved relief similar to the relief requested in this Motion and as set forth in the proposed Order.[7]

17. The Debtors submit that establishing the foregoing interim compensation and expense reimbursement procedures will significantly aid the efficient administration of these chapter 11 cases. Accordingly, the relief requested in this Motion is in the best interests of Vanguard, its estates, and its creditors.

## RESERVATION OF RIGHTS

18. Nothing contained in this Motion is intended or shall be construed as: (a) an admission as to the validity of any prepetition claim against a Debtor entity; (b) a waiver of Vanguard's rights to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay a prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Motion or any order granting the relief requested by this Motion; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver of Vanguard's rights under the Bankruptcy Code or any other applicable law.

## NOTICE

19. Notice of this Motion has been provided by email, facsimile, or first-class mail to: (a) the U.S. Trustee; (b) the holders of the 50 largest unsecured claims against Vanguard (on a

---

[7] *See, e.g., In re Stone Energy Corporation*, No. 16-36390 (MI) (Bankr. S.D. Tex. Jan. 10, 2017) [Dkt. No. 264]; *In re Shoreline Energy LLC*, No. 16-35571 (DRJ) (Bankr. S.D. Tex. Dec. 1, 2016) [Dkt. No. 124]; *In re Warren Res., Inc.*, No. 16-32760 (MI) (Bankr. S.D. Tex. July 14, 2016) [Dkt. No. 177]; *In re Sandridge Energy, Inc.*, No. 16-32488 (DRJ) (Bankr. S.D. Tex. July 1, 2016) [Dkt. No. 432]; *In re Sherwin Alumina Co., LLC*, No. 16-20012 (DRJ) (Bankr. S.D. Tex. Feb. 24, 2016) [Dkt. No. 337]; *In re BPZ Res., Inc.*, No. 15-60016 (DRJ) (Bankr. S.D. Tex. Apr. 7, 2015) [Dkt. No. 117]; *In re Autoseis, Inc.*, No. 14-20130 (RS) (Bankr. S.D. Tex. Apr. 25, 2014) [Dkt. No. 246]; *In re TMT Procurement Corp.*, No. 13-33763 (MI) (Bankr. S.D. Tex. Nov. 1, 2013) [Dkt. No. 645]. Because of the voluminous nature of the orders cited in the Motion, they have not been attached to the Motion. Copies of the orders are available upon request to Vanguard's proposed counsel.

consolidated basis); (c) Citibank, N.A., as administrative agent under Vanguard's first lien credit facility, and its counsel; (d) the indenture trustee for Vanguard's second lien notes; (e) counsel to the ad hoc group of second lien noteholders; (f) the indenture trustees for Vanguard's senior unsecured notes; (g) counsel to the ad hoc group of unsecured noteholders; (h) the United States Attorney's Office for the Southern District of Texas; (i) the Internal Revenue Service; (j) the United States Securities and Exchange Commission; (k) the state attorneys general for states in which Vanguard conducts business; and (l) any party that has requested notice pursuant to Bankruptcy Rule 2002. Vanguard submits that, in light of the nature of the relief requested, no other or further notice need be given.

## **NO PRIOR REQUEST**

20. No prior request for the relief sought in this Motion has been made by Vanguard to this or any other court.

[*remainder of page intentionally left blank*]

**WHEREFORE**, Vanguard respectfully requests that the Court enter the Order, substantially in the form attached to this Motion as **Exhibit A**, granting the relief requested in the Motion and granting Vanguard such other and further relief as is just and proper.

Dated: February 7, 2017  Respectfully Submitted,

/s/ *James T. Grogan*
Chris L. Dickerson (admitted *pro hac vice*)
Todd M. Schwartz (admitted *pro hac vice*)
PAUL HASTINGS LLP
71 South Wacker Drive, Suite 4500
Chicago, Illinois 60606
Telephone: (312) 499-6000
Facsimile: (312) 499-6100

- and -

James T. Grogan (Texas Bar No. 24027354)
Danny Newman (Tex. Bar No. 24092896)
PAUL HASTINGS LLP
600 Travis Street, 58th Floor
Houston, Texas 77002
Telephone: (713) 860-7300
Facsimile: (713) 353-2801

*Proposed Counsel to Vanguard*

## **CERTIFICATE OF SERVICE**

  I certify that on February 7, 2017, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ James T. Grogan*
James T. Grogan
