# EXHIBIT A

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | § § | Chapter 11 |
| VANGUARD NATURAL RESOURCES, LLC, *et al.*,[1] | § § § | Case No. 17-30560 |
| Debtors. | § § § § | (Jointly Administered)<br><br>**Re: Docket No. __** |

## ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND EXPENSE REIMBURSEMENT OF PROFESSIONALS

Upon consideration of the *Debtors' Motion for Entry of Order Establishing Procedures for Interim Compensation and Expense Reimbursement of Professionals* (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, "Vanguard" or the "Debtors"); and upon consideration of the First Day Declaration; and the United States Bankruptcy Court for the Southern District of Texas (the "Court") having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court being able enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Vanguard Natural Resources, LLC (1161); Eagle Rock Acquisition Partnership, L.P. (6706); Eagle Rock Acquisition Partnership II, L.P. (0903); Eagle Rock Energy Acquisition Co., Inc. (4564); Eagle Rock Energy Acquisition Co. II, Inc. (3364); Eagle Rock Upstream Development Company, Inc. (0113); Eagle Rock Upstream Development Company II, Inc. (7453); Encore Clear Fork Pipeline LLC (2032); Escambia Asset Co. LLC (3869); Escambia Operating Co. LLC (2000); Vanguard Natural Gas, LLC (1004); Vanguard Operating, LLC (9331); VNR Finance Corp. (1494); and VNR Holdings, LLC (6371). The location of the Debtors' service address is: 5847 San Felipe, Suite 3000, Houston, Texas 77057.

[2] Capitalized terms used but not defined have the meanings set forth in the Motion.

and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:

1. The Motion is GRANTED as set forth herein.

2. All Professionals in these chapter 11 cases may seek compensation in accordance with the following procedures (collectively, the "Compensation Procedures"):

   a. On or after the twenty-first day of each month following the month for which compensation and reimbursement are sought, each Professional seeking compensation may submit a monthly fee statement (each, a "Fee Statement") by email to: (i) counsel to Vanguard, Paul Hastings LLP, 600 Travis Street, 58th Floor, Houston, Texas 77002, Attn.: Chris L. Dickerson (chrisdickerson@paulhastings.com) and James T. Grogan (jamesgrogan@paulhastings.com); (ii) Vanguard, c/o Vanguard Natural Resources, LLC, 5847 San Felipe, Suite 3000, Houston, Texas 77057, Attn.: Richard A. Robert (rrobert@vnrllc.com); (iii) the U.S. Trustee, 515 Rusk Street, Suite 3516, Houston, Texas 77002, Attn.: Christine A. March (christine.a.march@usdoj.gov); (iv) counsel to the administrative agent under Vanguard's first lien credit facility, Weil, Gotshal & Manges LLP, 767 Fifth Ave., New York, NY 10153, Attn.: Blaire Cahn (blaire.cahn@weil.com); counsel to the administrative agent under Vanguard's second lien notes, Morrison & Foerster LLP, 250 West 55th Street, New York, New York 10019, Attn.: John Pinterelli (jpintarelli@mofo.com); counsel to the ad hoc group of holders of Vanguard's senior unsecured notes, Milbank, Tweed, Hadley & McCloy LLP, 28 Liberty Street, New York, NY 10005, Attn.: Samuel A. Khalil (skhalil@milbank.com); and (v) counsel to any statutory committee appointed in these chapter 11 cases (collectively, the "Application Recipients").

   b. Each Fee Statement shall include (i) an invoice for the applicable period that describes and itemizes the fees and expenses in accordance with the

guidelines promulgated by the U.S. Trustee, and (ii) a fee and expense summary in the following format:

**Summary of Fee Statement**

Name of Professional: _____
Authorized to Provide Professional Services to: _____
Date Order of Employment Signed: _____
Time Period Covered: _____
Total Fees Sought: _____
Total Hours Expended: _____
Hourly Rates -- High: _____
-- Low: _____
-- Average: _____
Total Expenses Sought: _____
Retainer Amount Outstanding: _____

The Fee Statements shall be served on the Application Recipients by email and will not be filed with the Court.

c. Professionals retained as of the Petition Date may serve their first Fee Statement no earlier than March 21, 2017. This initial Fee Statement will cover the period from the Petition Date through February 28, 2017. Professionals not retained as of the Petition Date may serve their first Fee Statement for the period from the effective date of their retention through the end of the first full month of service, and otherwise in accordance with the Compensation Procedures.

d. Each Application Recipient will have until 4:00 p.m. (prevailing Central Time) on the fourteenth day following service of a Fee Statement (the "Objection Deadline") to object to the requested fees and expenses. The objecting party shall, by the Objection Deadline, serve by email a written notice upon the Professional and each of the Application Recipients (the "Notice of Objection") setting forth the precise nature of the Objection and the amount at issue (the "Disputed Amount"). At the expiration of the Objection Deadline, the Debtors shall promptly pay eighty percent (80%) of the fees and one hundred percent (100%) of the expenses identified in each Fee Statement to which no Notice of Objection has been served.[3] If a Notice of Objection is served as provided herein, the Debtors shall withhold payment of the Disputed Amount and promptly pay the remainder of the fees and disbursements in the percentages set forth above. The Professional whose Fee Statement is subject to a Notice of

---

[3] The remaining twenty percent (20%) of the Professional's fees for each Fee Statement shall be withheld from payment until further order of the Court.

Objection may seek an order from the Court, upon notice and a hearing, directing payment of the Disputed Amount.

e. If the parties are able to resolve the objection, and if the Professional whose Fee Statement was subject to the objection serves upon the Application Recipients a statement indicating that the objection is withdrawn and describing the terms of resolution, then the Debtors shall promptly pay that portion of the Fee Statement no longer subject to an objection in the percentages set forth above. If the parties are unable to resolve the objection within fourteen days after service of the Notice of Objection, the objecting party shall file its objection with the Court within three business days and serve such objection on the Professional and the Application Recipients. Thereafter, the Professional may file with the Court a response to the objection, which will be heard at the next hearing on an Interim Fee Application or Final Fee Application, or such other time as the Professional or the objecting party sets upon notice.

f. Beginning with the period ending on April 30, 2017, and at three-month intervals thereafter (each, an "Interim Fee Period"), the Professionals may file with the Court and serve on the Application Recipients an interim fee application (each an "Interim Fee Application") for compensation and reimbursement of expenses for services provided during the Interim Fee Period. The first Interim Fee Application will cover the period from the Petition Date through and including April 30, 2017. Each Professional shall file with the Court and serve notice of its Interim Fee Application (which notice shall identify the Professional seeking compensation, the period for which compensation and reimbursement are sought, and the amount of compensation and reimbursement sought) on the Application Recipients and parties that have filed a notice of appearance with the Clerk of this Court and requested notice of pleadings in these chapter 11 cases. Parties will have twenty-one days after service of an Interim Fee Application to object thereto. Notwithstanding anything to the contrary in these Compensation Procedures, a Professional may file a fee application in accordance with any procedures established by a chapter 11 plan filed and confirmed by the Court in these chapter 11 cases.

g. Vanguard will request that the Court set a hearing on Interim Fee Applications approximately once every three months or at such other intervals as the Court deems appropriate. The Court, in its discretion, may approve an uncontested Interim Fee Application without a hearing. Upon allowance by the Court of a Professional's Interim Fee Application, Vanguard shall promptly pay such Professional all requested fees (including the 20% holdback) and expenses not previously paid.

h. The pendency of an objection to payment of compensation or reimbursement of expenses will not disqualify a Professional from the

4

> future payment of compensation or reimbursement of expenses, unless the Court orders otherwise.
>
> i. There will be no penalty for the failure to file a Fee Statement or an Interim Fee Application in a timely manner, unless the Court orders otherwise.
>
> j. Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein will have any effect on this Court's interim or final allowance of compensation and reimbursement of expenses of any Professional.
>
> k. The submission of or the failure to submit an objection to interim fees or expenses with the Court will not bind any party in interest or the Court with respect to the final allowance of applications for compensation and reimbursement of expenses of Professionals. All fees and expenses paid to Professionals under the Compensation Procedures are subject to challenge and disgorgement until final allowance by the Court.
>
> l. Each member of any official committee appointed in these chapter 11 cases may submit statements of reasonable and documented out-of-pocket expenses incurred in the performance of committee duties (excluding third-party professional expenses of individual committee members) with supporting vouchers and receipts to the committee's counsel, who will collect and file the committee members' requests for reimbursement with the Court and serve on the Application Recipients, in accordance with the Compensation Procedures.

3. All Professionals shall submit Applications for compensation for professional services rendered and reimbursement of expenses incurred in connection with these chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, the Bankruptcy Local Rules, and any other applicable procedures and orders of the Court and make a reasonable effort to comply with the *Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under United States Code by Attorneys in Large Chapter 11 Cases*.

4. The Professionals shall serve (a) the Fee Statements, the Interim Fee Applications, and the Final Fee Application on the Application Recipients, and (b) the Notice of Hearing on the Interim Fee Applications and the Final Fee Applications on all other parties that

have filed a notice of appearance with the Clerk of this Court and requested notice of pleadings in these chapter 11 cases.

5.  Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

6.  Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

7.  All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

8.  Vanguard is authorized to take all actions necessary to effectuate the relief granted in this Order.

9.  The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2017          _____
      Houston, Texas                              THE HONORABLE MARVIN ISGUR
                                                  UNITED STATES BANKRUPTCY JUDGE