IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
03/01/2017

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| VANGUARD NATURAL RESOURCES, LLC, *et al.*,[1] | § § § | Case No. 17-30560 |
| Debtors. | § § | (Jointly Administered) |
| | § § | Re: Docket No. 111 |

**ORDER AUTHORIZING DEBTORS' RETENTION AND EMPLOYMENT
OF PAUL HASTINGS LLP AS COUNSEL, EFFECTIVE
*NUNC PRO TUNC* TO THE PETITION DATE**

Upon consideration of the *Debtors' Application for Order Authorizing Retention and Employment of Paul Hastings LLP as Counsel, Effective* Nunc Pro Tunc *to the Petition Date* [Docket No. 111] (the "Application")[2] of the above-captioned debtors and debtors in possession (collectively, "Vanguard" or the "Debtors"); and upon consideration of the First Day Declaration, the Dickerson Declaration, and the Robert Declaration; and the United States Bankruptcy Court for the Southern District of Texas (the "Court") having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court being able to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409;

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Vanguard Natural Resources, LLC (1161); Eagle Rock Acquisition Partnership, L.P. (6706); Eagle Rock Acquisition Partnership II, L.P. (0903); Eagle Rock Energy Acquisition Co., Inc. (4564); Eagle Rock Energy Acquisition Co. II, Inc. (3364); Eagle Rock Upstream Development Company, Inc. (0113); Eagle Rock Upstream Development Company II, Inc. (7453); Encore Clear Fork Pipeline LLC (2032); Escambia Asset Co. LLC (3869); Escambia Operating Co. LLC (2000); Vanguard Natural Gas, LLC (1004); Vanguard Operating, LLC (9331); VNR Finance Corp. (1494); and VNR Holdings, LLC (6371). The location of the Debtors' service address is: 5847 San Felipe, Suite 3000, Houston, Texas 77057.

[2] Capitalized terms used but not defined have the meanings set forth in the Application.

and this Court having found that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Application and opportunity for a hearing on the Application were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Application and having heard the statements in support of the relief requested therein at a hearing before this Court on March 1, 2017 (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:

1. Pursuant to sections 327(a), 328(a), and 329(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016(b), and Bankruptcy Local Rules 2014-1 and 2016-1, the Debtors are authorized to retain and employ Paul Hastings as their attorneys effective *nunc pro tunc* to the Petition Date in accordance with the terms and conditions set forth in the Application and in the Paul Hastings Agreement attached hereto as **Exhibit 1**. Provided, the arbitration provisions in the Paul Hastings Agreement will not apply with respect to any dispute with respect to any matter arising in whole or in part prior to the Effective Date of any Chapter 11 Plan.

2. Paul Hastings is authorized to act as the Debtors' counsel and to perform those services described in the Paul Hastings Agreement and the Application, including without limitation, the following:

    (a)    advising the Debtors of their rights, powers, and duties as debtors and debtors in possession while operating and managing their businesses and properties under chapter 11 of the Bankruptcy Code;

(b) preparing on behalf of the Debtors necessary and appropriate applications, motions, proposed orders, other pleadings, notices, schedules, and other documents, and reviewing financial and other reports to be filed in these chapter 11 cases;

(c) advising the Debtors concerning, and preparing responses to, applications, motions, other pleadings, notices, and other papers that may be filed by other parties in these chapter 11 cases;

(d) advising the Debtors with respect to, and assisting in the negotiation and documentation of, financing agreements and related transactions;

(e) reviewing the nature and validity of liens asserted against the Debtors' property and advising the Debtors concerning the enforceability of such liens;

(f) advising the Debtors regarding their ability to initiate actions to collect and recover property for the benefit of their estates;

(g) advising and assisting the Debtors in connection with any potential asset sales and property dispositions;

(h) advising the Debtors concerning executory contract and unexpired lease assumptions, assignments, and rejections as well as lease restructurings and recharacterizations;

(i) advising the Debtors in connection with the formulation, negotiation, and promulgation of a plan or plans of reorganization, and related transactional documents;

(j) assisting the Debtors in reviewing, estimating, and resolving claims asserted against the Debtors' estates;

(k) commencing and conducting litigation necessary and appropriate to assert rights held by the Debtors, protect assets of the Debtors' chapter 11 estates, or otherwise further the goal of completing the Debtors' successful reorganization; and

(l) providing non-bankruptcy services for the Debtors to the extent requested by the Debtors.

3. Paul Hastings shall be compensated for its services and reimbursed for any related expenses in accordance with Paul Hastings' customary billing practices and procedures set forth in the Dickerson Declaration in accordance with sections 330 and 331 of the Bankruptcy Code, applicable provisions of the Bankruptcy Rules, the Bankruptcy Local Rules, any interim

compensation order of the Court, and such other fee and expense guidelines as may be fixed by order of this Court.

4. Paul Hastings is authorized, without further order of the Court, to apply amounts from the prepetition advance payment retainer to compensate and reimburse Paul Hastings for fees or expenses incurred on or before the Petition Date consistent with its ordinary course billing practice.

5. Paul Hastings shall provide no less than ten business days' notice to the Debtors, the U.S. Trustee, and counsel to any official committee of any increase in the hourly rates set forth in the Application or the Paul Hastings Agreement and shall file such notice with the Court.

6. The Debtors and Paul Hastings are authorized and empowered to take all actions necessary to effectuate the relief granted in this Order.

7. If any affiliates of the Debtors commence chapter 11 cases that are jointly administered with these chapter 11 cases, the retention and employment of Paul Hastings and other provisions of this Order shall apply to such debtors and their respective estates. All of the Debtors shall be jointly and severally responsible for Paul Hastings' compensation and reimbursement of expenses in these chapter 11 cases.

8. Notice of the Application as provided therein shall be deemed good and sufficient notice of such Application, and the requirements of the Bankruptcy Local Rules are satisfied by the contents of the Application.

9. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

10. To the extent the Application is inconsistent with this Order, the terms of this Order shall govern.

11.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: 3-1, 2017
Houston, Texas

THE HONORABLE MARVIN ISGUR
UNITED STATES BANKRUPTCY JUDGE

# Exhibit 1

## Engagement Letter

# PAUL
# HASTINGS

1(713) 860-7340
douggetten@paulhastings.com

August 9, 2016

CONFIDENTIAL: PROTECTED BY
ATTORNEY/CLIENT PRIVILEGE

Vanguard Natural Resources, LLC
5847 San Felipe, Suite 3000
Houston, TX 77057

Attn: Mr. Richard A. Robert, Executive Vice President & Chief Financial Officer

Re:    <u>Engagement Letter</u>

Dear Mr. Robert:

It is a pleasure for Paul, Hastings LLP (the "Firm") to represent Vanguard Natural Resources, LLC; VNR Finance Corp.; Vanguard Natural Gas, LLC; VNR Holdings, LLC; VNR Operating, LLC; Encore Clear Fork Pipeline LLC; Eagle Rock Energy Acquisition Co. II, Inc.; Eagle Rock Upstream Development Company II, Inc.; Eagle Rock Acquisition Partnership II, L.P.; Eagle Rock Energy Acquisition Co., Inc.; Eagle Rock Upstream Development Company, Inc.; Eagle Rock Acquisition Partnership, L.P.; Escambia Operating Co. LLC and Escambia Asset Co. LLC (collectively, "Vanguard" or "Client") in this matter. The purpose of this letter is to set forth the terms and conditions that will govern Paul Hastings' relationship, consistent, of course, with the rules of professional conduct that apply to all attorneys.

## SCOPE OF REPRESENTATION

The Firm will represent Vanguard in connection with all matters involved in Vanguard's restructuring transactions, including, if necessary, related matters arising in contemplation of the filing of a petition under Chapter 11 of the Bankruptcy Code (the "Vanguard Matter"). In the event the Client files a petition under Chapter 11 of the Bankruptcy Code, the Firm will serve as general bankruptcy counsel to Vanguard under section 327(a) of the Bankruptcy Code. Paul Hastings' employment does not include the representation of any individual officer, director, shareholder, or employee of Vanguard, nor does it include any other entities other than those expressly listed herein.

The scope of the services we have agreed to provide is limited to the legal services described herein, and does not include representation of any or all client affiliates including parent and/or subsidiaries of Vanguard in this matter or other matters. It does not include any business, investment, insurance or accounting advice, any investigation into the character or credit status of persons or entities with whom Vanguard may be dealing, litigation or the handling of an appeal in the case of litigation. We will, of course, be happy to perform additional services on this or future matters for Vanguard subject to the Firm's written confirmation on mutually agreeable terms and Bankruptcy Court approval, if necessary. It is possible that this Firm will be unable to advise Vanguard with respect to a particular matter due to a potential or actual conflict of interest or other reason. Accordingly, in each case, before we can advise Vanguard with respect to a particular matter, we will need to confirm the Firm's ability to take on the


PAUL
HASTINGS

August 9, 2016
Page 2

matter. If the Firm cannot advise Vanguard with respect to a particular matter, we will promptly notify Vanguard.

In addition, in connection with our representation of Vanguard, we may consult with lawyers at the Firm or elsewhere with respect to our own professional responsibilities and ethical obligations. You agree that such consultations will be protected by our own attorney-client privilege, remain confidential between the Firm and its in-house and outside counsel, and will never be disclosed to you either during the representation or thereafter in any controversy or dispute between us. You consent to and waive any potential conflict arising out of such consultation.

### FEE ARRANGEMENT & STAFFING

Client agrees to pay Paul Hastings for our services and reimburse the Firm for the expenses we incur in this matter. Fees for our legal services are based on the time that we devote to the Vanguard Matter. In an effort to provide legal services efficiently, we will attempt to assign tasks in a manner commensurate with the level of expertise required. Our invoices will reflect charges for services rendered calculated on the basis of our hourly rates in effect at the time of such services. My current hourly rate is $975. During the course of our engagement, it may be necessary or advisable to delegate various portions of this matter to other Firm attorneys. Their rates, in the U.S., presently range from $475 to $1,325 per hour. For the Firm's paralegal services in the U.S., the current hourly rates range from $185 to $475. Our hourly rates are adjusted periodically to reflect our increasing costs, the advancing experience, capabilities, and seniority of our professionals, as well as general economic factors.

For services rendered before Client commences a bankruptcy case, the Firm will bill time in increments of .25 of an hour, even if the actual time for our services is less. For services rendered during Client's bankruptcy case, the Firm will bill time in increments of .10 of an hour.

In the course of our representation, it will be necessary for the Firm to incur certain costs and service charges. The services for which we customarily charge clients include, but are not limited to, computer support, document reproduction, court reporter fees, on-line or computerized legal research, facsimile charges, messenger and courier services, postage charges, printing, secretarial or administrative overtime, travel and parking, and document processing services.

After obtaining your permission, we may contract with outside parties (including experts) for services in connection with our representation of Vanguard. We also may forward any third-party invoice to Vanguard and ask you to pay the invoice directly. Vanguard is responsible for the payment of all fees, costs and expert services in connection with the Vanguard Matter.

### ADVANCE PAYMENT AND BILLING PROCEDURES

We have mutually agreed that Client will deliver to Paul Hastings an advance payment retainer in the amount of $200,000 by wire transfer to our account within three (3) calendar days after signing this letter (the "Retainer"). Payment may be sent directly to the Firm's lockbox at Paul Hastings LLP, P.O. Box 894803, Los Angeles, CA 90189-4803, or via ACH or wire to our Firm's bank account in Los Angeles. Our wire instructions are as follows:

# PAUL
# HASTINGS

August 9, 2016
Page 3

    Citibank
    ABA# 322271724
    SWIFT Address: CITIUS33
    787 W. 5th Street
    Los Angeles, CA 90071
    Account Number: 203874532
    Account Name: Paul Hastings LLP
    Firm's Federal Tax I.D. Number: 95-2209675

In the event additional advance funds are necessary due to the quantity of work being performed by the Firm, Client and the Firm will amend this letter to increase the amount of the advance payment retainer.

The purpose of the retainer is to serve as an advance payment against professional services to be rendered and expenses to be charged by us to Client in connection with this engagement.

While a security retainer is an available alternative, Client understands that the advance payment retainer will benefit Client, which may seek protection from Client's judgment creditors. If the Firm accepted a security retainer and deposited it in a client trust account (as required under state law), the funds would remain Client's property and may be subject to claims of Client's creditors, thereby making it difficult for Client to retain counsel. Accordingly, Client agrees to, and prefers, the advance payment retainer in order to, among other things, secure counsel in connection with the matters described in the second paragraph of this letter.

Upon the Firm's receipt of the advance payment, the funds will become the Firm's property and Client will have no interest in the funds. The advance payment retainer will be held in Paul Hastings' general account, will not be held in a client trust account, and you will not receive any interest on these monies.

Until such time as Client files a petition in bankruptcy, Paul Hastings shall send Client invoices monthly with services billed at our standard rates in effect at the time services are rendered and costs and expenses charged as described above. Upon sending such an invoice, Paul Hastings may make debit entries to recoup the full amount of the invoice.

The Firm may also make debit entries to recoup any amounts due for prepetition fees, services, and charges that are unbilled or unpaid as of the day before the filing of a petition in bankruptcy.

Within five (5) calendar days after emailed notice to Client of debit entries, Client agrees to make further payments by wire transfer to Paul Hastings to maintain the initial amount of the advance payment retainer. Client shall advise Paul Hastings of any objection it may have to any charges on an invoice within five (5) calendar days after the date of the invoice. Any adjustments resulting from resolution of the objection shall be reflected as a credit to Client.

Upon the commencement of a bankruptcy case, any remaining balance of the retainer shall continue to be held in the Firm's general account, without any application to the Firm's fees and expenses incurred during the bankruptcy case. Upon final approval by the Bankruptcy Court of Paul Hastings' final application for fees and expenses, any remaining balance of the retainer will be applied to amounts due to the Firm pursuant to such final fee application, with any remaining amount to be returned to Client after such application. To the extent the advance payment retainer is insufficient to cover all amounts due and

# PAUL HASTINGS

August 9, 2016
Page 4

owing to the Firm pursuant to an order approving the Firm's final fee application, such fees and expenses shall be promptly paid by Client. The Firm's allowed interim fees and expenses incurred during the bankruptcy case will be paid from the bankruptcy estate assets, pursuant to Bankruptcy Court order.

## CONFIDENTIALITY

As we have previously advised you, while confidential communications between a client and counsel are privileged, the filing of a bankruptcy case may severely impact upon this attorney-client privilege. Specifically, if a trustee is appointed in any bankruptcy case concerning a corporate debtor, the trustee can compel disclosure of information communicated by a corporation to any counsel, and vice versa, including Paul Hastings.

## CONSENTS AND CONFLICTS

You should be aware that Paul Hastings, a global law firm, provides services on a wide variety of legal subjects to a large number of clients both in the United States and internationally, some of which are or may in the future operate in the same area(s) of business in which Vanguard is or may operate in the future. Accordingly, because our representation of Vanguard is limited to restructuring matters, the Firm must preserve its ability to represent other clients on matters that may arise in the future. Therefore, we wish to clarify our mutual understanding with Vanguard as to the extent to which our present representation both will affect, and will not affect, our ability to represent other existing or future clients ("Other Clients") in other legal matters, whether or not Vanguard (including, for these purposes, Subsidiaries and Affiliates) is adverse to or otherwise involved in those matters.

It is possible that during or after the time we represent Vanguard, Other Clients will ask us to represent them in disputes, transactions and/or regulatory matters adverse to Vanguard (which includes any Subsidiaries and Affiliates) as to legal matters substantially unrelated to our representation in the Vanguard Matter(the "Adverse Matters"). As such, it is also possible that the Firm will take a position in the future in connection with the Adverse Matters with which Vanguard disagrees or which would adversely affect Vanguard and/or its interests or the interests of its Subsidiaries and Affiliates. Notwithstanding this possibility, we believe that our Firm can zealously and diligently represent Vanguard's interests with respect to the matter which is the subject of this engagement letter.

Further, we would only undertake the simultaneous representation of Vanguard and such Other Clients under circumstances in which we know that the Vanguard Matter and the Adverse Matters are not substantially related. That is, we know we do not possess confidential or proprietary information from Vanguard which, if known to Other Clients could be used to Vanguard's material disadvantage, and we would staff such Adverse Matters with attorneys who are not engaged in the Vanguard Matter. For the avoidance of doubt, the Firm would not represent any parties adverse to Vanguard in the Vanguard Matter.

Prior to accepting an engagement representing Other Clients in an Adverse Matter, Paul Hastings would notify Vanguard and request Vanguard's written conflict waiver and consent to our representation of Other Clients in such Adverse Matter. To facilitate securing that waiver, you agree that the Firm is and will in the future be allowed to disclose to each such client the fact that Paul Hastings has an attorney-client relationship with Vanguard.

PAUL
HASTINGS

August 9, 2016
Page 5

Of course, without Vanguard's further prior written consent, we cannot and will not represent Other Clients adverse to Vanguard if we have obtained confidential information of a nonpublic nature as a result of our representation of Vanguard, that, if known to Other Clients, could be used to Vanguard's material disadvantage. Under such circumstances, we will establish an "ethical wall" consistent with our customary practices screening attorneys in the Vanguard Matter from communicating with attorneys in the Adverse Matters in order to preserve Vanguard's confidences; and seek Vanguard's further consent to this arrangement. We encourage you to consult with other counsel of your choice regarding this provision.

### ADVANCE WAIVER OF CONFLICTS OF INTEREST - BANKRUPTCY PRACTICE

We wish to advise you that Paul Hastings has a substantial practice in restructuring and bankruptcy, in which we may represent from time to time debtors, committees, trustees, examiners, financial institutions, and other creditors in bankruptcy cases and in out-of-court restructurings (the "Bankruptcy Practice").

Our agreement to represent Client is conditioned upon the understanding that the Firm is free to represent any current and/or future clients (including your adversaries) in connection with matters in the Bankruptcy Practice and to take positions adverse to Client or its affiliates, if any, in matters (whether involving the same substantive areas of law for which you have employed the Firm or unrelated areas, and whether involving business transactions, counseling, litigation, or other matters) that are not substantially related to the specific matters for which you have employed the Firm or may hereafter employ the Firm.

We agree, however, not to represent another client in the Bankruptcy Practice in an adversary proceeding in a bankruptcy case where Client is named as a party, without a further written consent from Client.

Please note that we will take precautions to ensure that material confidential information we receive from Client is not disclosed or used in any way to Client's disadvantage.

### CONSENT TO FINAL AND BINDING ARBITRATION IN AN ARBITRAL FORUM OUTSIDE PART 137 UNDER 137.2 (d) OF THE RULES OF THE CHIEF ADMINISTRATOR

The parties to this agreement, Vanguard and the Firm, agree that in the event a dispute should arise as to the attorney's fee for legal services, they will resolve the fee dispute by arbitration before an arbitral forum outside Part 137 of the Rules of the Chief Administrator of the Courts (22NYCRR). In particular, the parties agree that any dispute concerning attorney's fees for legal services will be referred to and finally determined by arbitration administered by JAMS in accordance with its rules (information about JAMS is available at www.jamsadr.com).

By signing this agreement, the Firm and Client acknowledge that they have received and read the official written instructions and procedures for both Part 137 and the New York State Fee Dispute Resolution Program Rules and the Client has been advised: (1) that (s)he has the right to use the fee arbitration procedures of Part 137, and; (2) that (s)he is not required to agree to arbitrate this fee dispute in an arbitral forum outside Part 137. By signing this form, the Firm and Client agree to waive their rights with regard to arbitration pursuant to Part 137, which includes the right to reject the arbitrator(s) award by commencing an action on the merits (trial de novo) in a court of law (See Attachment A hereto).


PAUL
HASTINGS

August 9, 2016
Page 6

### CLIENT FILES

Generally, the Firm keeps client files for seven (7) years after we have concluded a specific representation. After that time, we may destroy those files, unless we are instructed otherwise. If Vanguard wants us to keep its files for a longer period, please tell us. Vanguard is entitled to secure the original files upon reasonable notice. If Vanguard wishes to secure a copy of the original files, you agree to notify the Firm in writing.

### DISCLOSURE OF THE CLIENT'S NAME & REPRESENTATION BY THE FIRM

It is an honor for the Firm to represent you. With your permission the Firm would like to identify your company as a Firm client in its public relations and other promotional materials and to describe in a general way, without revealing any privileged or non-public information, the type of the representation.

### TERMINATION OF REPRESENTATION

Although we hope that our relationship will be long and mutually satisfying, Vanguard nevertheless has the right to terminate the Firm's engagement on this matter by notice at any time. The Firm has the right to terminate its relationship with you in the event that you fail to pay our fees and costs in timely manner, if the Firm feels that your lack of cooperation renders it unreasonably difficult to carry out our representation effectively, or for any other reason, in each circumstance consistent with applicable ethical standards. Following termination, the Firm will provide reasonable assistance in effecting a transfer of responsibilities to new counsel, and promptly bill Vanguard for all outstanding services and costs incurred through the termination date. Vanguard agrees to pay for any copy of the file provided to successor counsel.

Upon the termination of the representation, our attorney-client relationship with you will end, and we shall have no continuing obligation to advise you on any matter unless we otherwise expressly agree in writing. This agreement is governed by the laws of the State of New York and shall not be modified or amended except in writing signed by both Vanguard and the Firm.

### ENTIRE AGREEMENT

This constitutes the entire understanding between Client and Paul Hastings regarding our employment. By executing this agreement you acknowledge that you have read carefully and understand all of its terms. The agreement cannot be modified except by further written agreement signed by each party.

Please advise the Firm if you have any questions about the nature of our relationship with Client. Moreover, feel free to obtain independent legal advice regarding this agreement. If the arrangement described above is acceptable to Client, please indicate your agreement by having an authorized person sign the enclosed copy of this letter and return it promptly to the Firm.

Please sign and return to us the enclosed copy of this letter in order to confirm that it accurately reflects the scope, terms and conditions with respect to this engagement. However, please note that your instructing us or continuing to instruct us on this matter will constitute your full acceptance of the terms set

## PAUL HASTINGS

August 9, 2016
Page 7

out above. If you would like to discuss any of these matters, please give me a call. We look forward to working with you.

Very truly yours,

Douglas V. Getten
of PAUL HASTINGS LLP

UNDERSTOOD AND AGREED:
EFFECTIVE AS OF: July 12, 2016

Vanguard Natural Resources, LLC

By: _____

Richard A. Robert
Executive Vice President &
Chief Financial Officer

LEGAL_US_W # 86460977.5