# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| VANGUARD NATURAL RESOURCES, LLC, *et al.*,[1] | § | Case No. 17-30560 |
| | § | |
| | § | (Jointly Administered) |
| Debtors. | § | |
| | § | |

## DEBTORS' EMERGENCY MOTION TO CONTINUE THE MARCH 20, 2017 FINAL HEARING ON DEBTORS' DEBTOR-IN-POSSESSION FINANCING MOTION [DOCKET NO. 10]

> **THIS MOTION SEEKS ENTRY OF AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**
>
> **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Vanguard Natural Resources, LLC (1161); Eagle Rock Acquisition Partnership, L.P. (6706); Eagle Rock Acquisition Partnership II, L.P. (0903); Eagle Rock Energy Acquisition Co., Inc. (4564); Eagle Rock Energy Acquisition Co. II, Inc. (3364); Eagle Rock Upstream Development Company, Inc. (0113); Eagle Rock Upstream Development Company II, Inc. (7453); Encore Clear Fork Pipeline LLC (2032); Escambia Asset Co. LLC (3869); Escambia Operating Co. LLC (2000); Vanguard Natural Gas, LLC (1004); Vanguard Operating, LLC (9331); VNR Finance Corp. (1494); and VNR Holdings, LLC (6371). The Debtors' service address is: 5847 San Felipe, Suite 3000, Houston, Texas 77057.

Vanguard Natural Resources, LLC ("VNR") and its affiliated debtors as debtors in possession in these cases (collectively, "Vanguard" or the "Debtors") states as follows in support of this motion (this "Continuance Motion"):

1. On February 2, 2017, the Debtors filed their *Emergency Motion for Entry of Interim and Final Orders (i) Authorizing the Debtors to (a) Obtain Postpetition Senior Secured Superpriority Financing and (b) Use Cash Collateral, (ii) Granting Adequate Protection to Prepetition Secured Parties, (iii) Modifying the Automatic Stay, (iv) Scheduling a Final Hearing, and (v) Granting Related Relief* [Docket No. 10] (the "Debtor-in-Possession Financing Motion")[2] with this Court.

2. On February 3, 2017, the Court entered the *Interim Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364, and 507, Bankruptcy Rules 2002, 4001, and 9014, and Local Bankruptcy Rules 2002-1, 4001-1(b), 4002-1(i), and 9013-1 (i) Authorizing the Debtors to (a) Obtain Postpetition Senior Secured Superpriority Financing and (b) Use Cash Collateral, (ii) Granting Adequate Protection to Prepetition Secured Parties, (iii) Modifying the Automatic Stay, (iv) Scheduling a Final Hearing, and (v) Granting Related Relief* [Docket No. 63] (the "Interim Order"). The Interim Order established February 24, 2017 as the objection deadline for the Debtor-in-Possession Financing Motion, and March 1, 2017, at 1:30 p.m. (prevailing Central Time), for a final hearing.

3. On February 27, 2017, the Debtors requested that the Court continue the final hearing on the Debtor-in-Possession Motion to March 20, 2017 at 10:00 a.m. (prevailing Central Time). The Court granted the requested continuance by order entered on February 28, 2017 [Docket No. 248].

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Debtor-in-Possession Financing Motion.

2

4. The Debtors continue to be engaged in discussions with certain parties regarding the relief requested in the Debtor-in-Possession Financing Motion. Accordingly, the Debtors request entry of an order, substantially in the form attached hereto as **Exhibit A**, further continuing the final hearing on the Debtor-in-Possession Motion to April 5, 2017 at 9:00 a.m. (prevailing Central Time), without prejudice to the Debtors' right to further adjourn the Debtor-in-Possession Financing Motion with notice on the docket in accordance with the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules, as applicable.

5. The Debtors respectfully submit that an emergency hearing is appropriate given that the Court was scheduled to otherwise hear the Debtor-in-Possession Financing Motion on March 20, 2017.

## NOTICE

6. The Debtors will provide notice of this Continuance Motion by email, facsimile, or overnight courier to: (a) the U.S. Trustee; and (b) all other parties on the Master Service List. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR REQUEST

7. No prior request for the relief sought in this Motion has been made to this or any other court.

WHEREFORE, Vanguard respectfully requests that the Court enter an order, substantially in the form attached to this Continuance Motion as **Exhibit A**, granting the relief requested in this Continuance Motion and granting Vanguard such other relief as is just and proper.

Dated:  March 17, 2017

Respectfully Submitted,

*/s/ James T. Grogan*
Chris L. Dickerson, Esq. (admitted *pro hac vice*)
Todd M. Schwartz (admitted *pro hac vice*)
PAUL HASTINGS LLP
71 South Wacker Drive, Suite 4500
Chicago, Illinois 60606
Telephone: (312) 499-6000
Facsimile: (312) 499-6100

- and -

James T. Grogan, Esq. (Tex. Bar No. 24027354)
Danny Newman, Esq. (Tex. Bar No. 24092896)
PAUL HASTINGS LLP
600 Travis St., 58th Floor
Houston, Texas 77002
Telephone: (713) 860-7300
Facsimile: (713) 353-2801

*Counsel to Vanguard*

## **CERTIFICATE OF SERVICE**

I certify that on March 17, 2017, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas. Additionally, I have caused Prime Clerk, LLC, the Debtors' Claims and Noticing Agent, to serve the foregoing document on the master service list.

*/s/ James T. Grogan*
James T. Grogan