**<u>EXHIBIT 1</u>**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| VANGUARD NATURAL RESOURCES, LLC, *et al.*,[1] | § | Case No. 17-30560 |
| | § | |
| Debtors. | § | (Jointly Administered) |
| | § | |

### DECLARATION OF COUNSEL TO INDEPENDENT DIRECTORS

I, Robin Russell, being duly sworn, state the following under penalty of perjury:

1.      I am a partner of Andrews Kurth Keyon LLP, which firm maintains offices at 600 Travis, Houston, Texas 77002, among other locations (the "Firm"). The Firm is a full-service law firm which has expertise and experience in the field of debtors' protections, creditors' rights, and business reorganizations under Chapter 11 of the Bankruptcy Code, among other areas of specialization and expertise.

2.      The Firm has been retained as counsel to Messrs. Richard Anderson, Bruce McCollough, and Loren Singletary, all of whom serve as independent directors on the board of Vanguard Natural Resources, LLC (collectively, the "Independent Directors"), in accordance with the terms of Engagement Agreement between the Firm and the Independent Directors, which is attached hereto as **Exhibit A** and incorporated herein by reference (the "Engagement

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Vanguard Natural Resources, LLC (1161); Eagle Rock Acquisition Partnership, L.P. (6706); Eagle Rock Acquisition Partnership II, L.P. (0903); Eagle Rock Energy Acquisition Co., Inc. (4564); Eagle Rock Energy Acquisition Co. II, Inc. (3364); Eagle Rock Upstream Development Company, Inc. (0113); Eagle Rock Upstream Development Company II, Inc. (7453); Encore Clear Fork Pipeline LLC (2032); Escambia Asset Co. LLC (3869); Escambia Operating Co. LLC (2000); Vanguard Natural Gas, LLC (1004); Vanguard Operating, LLC (9331); VNR Finance Corp. (1494); and VNR Holdings, LLC (6371). The location of the Debtors' service address is: 5847 San Felipe, Suite 3000, Houston, Texas 77057.

Agreement"). The terms of the Firm's engagement and other details regarding the engagement are set forth in the Engagement Agreement.

3.      The Firm is aware that a Firm client, Enterprise Product Operating, LLC ("Enterprise"), or one of its affiliates, is a contract counterparty of at least one of the Debtors. The Firm does not represent Enterprise in any of the Debtors' jointly administered bankruptcy cases.

4.      The Debtors are obligated to pay the expenses of the Independent Directors, including legal expenses. The Debtors have requested that the Firm apply to be compensated pursuant to the *Order Authorizing Debtors To Retain And Compensate Professions Utilized In The Ordinary Course Of Business,* Nunc Pro Tunc *To The Petition Date* [ECF No. 278] (the "OCP Order"). Accordingly, the Firm submits this Declaration in accordance with the OCP Order. However, given that the Firm is representing the Independent Directors and not the interests of the Debtors, the Firm does not certify it is disinterested.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated:  April 25, 2017                          Respectfully submitted,

                                                Robin Russell

# EXHIBIT A

# ANDREWS
## KURTH

600 Travis, Suite 4200
Houston, Texas 77002
+1.713.220.4200 Phone
+1.713.220.4285 Fax
andrewskurth.com

G. Michael O'Leary
+1.713.220 4360 Phone
moleary@andrewskurth.com

April 3, 2017

VIA E-MAIL
Independent Directors of
  Vanguard Natural Resources LLC
5847 San Felipe
Suite No. 3000
Houston, Texas 77057

Attention:    W. Richard Anderson, Chairman
              Loren Singletary
              Bruce W. McCullough

Vanguard Natural Resources LLC
5847 San Felipe
Suite No. 3000
Houston, Texas 77057

Attention:    Richard A. Robert
              Executive Vice President,
                Chief Financial Officer and Secretary

Re:    *Engagement Agreement*

Dear Messrs. Anderson, Singletary, McCullough and Robert:

We appreciate the opportunity for Andrews Kurth Kenyon LLP ("us," "we" or our "Firm") to assist W. Richard Anderson, Loren Singletary and Bruce W. McCullough ("you" and collectively, the "Independent Directors") in their capacity as members of the Board of Directors of Vanguard Natural Resources LLC (the "Company") in connection with general business and corporate matters, including, without limitation, evaluation of the potential restructuring of indebtedness and other obligations and assets of the Company in the pending voluntary petition for relief (being administered under the caption *In re: Vanguard Natural Resources, et al*) under Chapter 11 of the U.S. Bankruptcy Code in the U.S. Bankruptcy Court for the Southern District of Texas and the roles and duties of the Independent Directors in connection therewith (the "Matters"). This letter will confirm the nature and scope of our engagement, the agreement as to fees, and the role and responsibilities of the Firm and the client in connection with this engagement.

HOU:3770232.4

ANDREWS KURTH KENYON LLP

Austin  Beijing  Dallas  Dubai  Houston  London  New York  Research Triangle Park  Silicon Valley  The Woodlands  Washington, DC

April 3, 2017
Page 2

<u>Nature and Scope of Engagement</u>

Our clients for purposes of this engagement are the Independent Directors collectively, although we agree that prior to undertaking any actions on behalf of the Independent Directors we will confirm that W. Richard Anderson as Chairman of the Independent Directors, has authorized or approved same.  It is understood that our representation of the Independent Directors does not create an attorney-client relationship with any related persons or entities, such as the Company, parents, subsidiaries, affiliates, employees, officers, management directors, shareholders, or partners, unless specifically agreed otherwise in writing.   It also is understood that this engagement is specifically limited to the Matters, unless expanded by written supplement to this letter, and will be terminated when we have completed the services specified in this letter and any written supplement.  If the Independent Directors later engage us to perform other services, the attorney-client relationship will be revived in accordance with the terms agreed upon at that time.  The Company is a party to this engagement letter solely because the Company agrees that the Company will be responsible for payment of our fees and expenses incurred in connection with our engagement as counsel to the Independent Directors and for funding the advance payment retainer specified below; the Company is not our client and no attorney-client relationship will be deemed to exist between us and the Company solely by reason of the Company agreeing to be responsible for payment of our fees and expenses or funding the advance payment retainer.

<u>Fees and Expenses</u>

Our fees for this Matter will be based on the time spent by the lawyers, paralegals, and other professionals or paraprofessionals who work on the Matter, at the hourly rates in effect at the time the work is performed.  Billing rates for our attorneys vary, largely in accordance with the experience of the individuals.  Our current billing rates for those attorneys expected to work on this Matter range from $400.00 an hour for the most junior associate to $1,290.00 an hour for the most senior partner.  G. Michael O'Leary and Robin Russell will be the partners responsible for the Matters.  In an effort to reduce overall legal costs, we utilize paralegal personnel whenever appropriate.  Time devoted by such paralegal personnel to client matters is currently charged at billing rates generally ranging from $285.00 to $375.00 per hour.  Billing rates for both attorneys and paralegal personnel are reviewed and adjusted at least annually.

We are aware that, on March 1, 2017, the United States Bankruptcy Court for the Southern District of Texas (the "Court") entered the Order Authorizing Debtors to Retain and Compensate Professionals Utilized in the Ordinary Course of Business, Effective Nunc Pro Tunc to the Petition Date [Docket No. 278] (the "OCP Order").  It is our understanding that to the extent the Firm is not compensated pursuant to the Final Order (I) Authorizing Debtors to Pay Certain Workforce Obligations, Including Wages and Benefits, and (II) Authorizing and Directing Certain Financial Institutions to Honor and Process Checks and Transfers Related to Such Obligations [Docket No. 276], the Firm will be compensated for fees and expenses in accordance with the OCP Order.  We will not incur fees in excess of the OCP Cap (as defined in the OCP Order) without giving prior notice to the Company and W. Richard Anderson, and will obtain Mr. Anderson's prior approval.

April 3, 2017
Page 3

*Expenses.*  In addition to our fees, we shall be reimbursed for ordinary and reasonable actual out-of-pocket costs and disbursements incurred on your behalf, without a mark-up, such as deposition and transcript costs, filing and court fees, witness fees, court reporter fees, and charges made by outside experts or consultants.  We will not profit on disbursements incurred on your behalf.  Disbursements shall not include charges we consider to be normal overhead such as administration, accounting work, secretarial work, word processing, library usage or local telephone expenses.  All approved disbursements will be charged at our actual cost, without any charge for overhead or any premium.  Set forth are specific (but not all inclusive) examples of our policy:

*Duplicating*:  We will charge for necessary photocopying, printing or electronic scanning at a rate not exceeding twenty cents per page.  Color impressions will be charged at a rate not exceeding one dollar per page.  Where it would be less costly to use the services of an outside vendor for bulk copying, electronic scanning, etc. that technique will be used, unless specific concerns about speed, confidentiality, or reliability dictate the use of the Firm's own facilities.

*Telephone*:  We do not charge for local telephone calls.  For domestic toll calls, we will charge $0.07 per minute.   International calls will be billed at our cost, without overhead adjustment.

*Facsimile*:  We will not charge for local or in-coming transmissions.  We will charge for necessary outgoing telecopies at a rate not exceeding one dollar per page.  This amount includes all telephone line charges.

*Local Messenger Services*:  We will charge only for actual charges billed to the Firm for deliveries that are necessary in the interest of dispatch and reliability.

*Computer Legal Research*:  We understand that LEXIS®, WESTLAW®, etc. can be expensive, and should be used efficiently.  Computer assisted research is of value to our client if it results in a reduction in the amount of time spent in research or if it is used for researching an issue that cannot otherwise be researched economically.  The reasonable and prudent use of LEXIS® or WESTLAW® to assist in research projects will be charged on the basis of our actual cost of conducting the research.

*Other Disbursements*:  The Firm's general policy is to forward statements for third party vendors, *e.g.*, court reporters, experts, copying services, which are over $500.00, directly to the client.  To the extent that efficiency and convenience dictate, such disbursements will be paid by the Firm on your behalf and included with other disbursements and expenses on the Firm's statement.  Major anticipated disbursements shall be approved in advance by you.

*Postage/Express and Overnight Delivery*:  Standard mail services shall be used whenever possible.  Written correspondence and documents shall be planned and completed so as to avoid unnecessary use of express mail and delivery services at extra cost.  Charges for certified

April 3, 2017
Page 4

registered, insured, other special handling or express mail shall be billed at the actual cost incurred.

*Travel Time and Expenses*: The client will reimburse domestic air travel charges at the available coach rate unless otherwise approved in advance. Business class, where available, shall be charged for foreign travel. Expenses for lodging, restaurants and other transportation shall be incurred in a reasonable and prudent manner. If travel time is devoted to working for one or more clients in addition to you, your statement shall reflect only that portion of travel time and expense attributable to your matter. In circumstances where use of a personal automobile is required, we will charge the applicable IRS rate per mile.

Monthly Billing and Payment

Our billing rates are based on the assumption of prompt payment. Consequently, unless other arrangements are made, fees for services and other charges will be billed monthly and are payable by the Company within 15 business days of receipt.

Conflict Considerations and Agreement

We understand and agree that this is not an exclusive engagement, and that the Independent Directors are free to retain any other counsel for any aspect of this Matter. Nonetheless, we recognize that we are disqualified from representing any other client with interests materially and directly adverse to the Independent Directors in any matter (i) which is substantially related to this representation or (ii) where there is a reasonable probability that confidential information you furnish or cause to be furnished to us could be used to your disadvantage.

As you know, our Firm is currently representing the former directors of LRR Energy, L.P., specifically, Eric Mullins, Charles W. Adcock, Jonathan C. Farber, Townes F. Pressler, Jr., John A. Bailey, and Jonathan P. Carroll (collectively, the "LRR Directors") in the litigation styled, *Robert Hurwitz v. LRR Energy, L.P., et al.*, Case No. 1:15-cv-00711-SLR, in the United States District Court for the District of Delaware (the "Lawsuit"), in which each of you is a named defendant also. Being co-defendants in the Lawsuit, situations may exist or arise that put your interests in direct conflict with the interests of the LRR Directors, including a situation of the LRR Directors asserting claims or cross-claims against you in the Lawsuit. We have discussed this potential conflict of interest situation with you, and you acknowledge that you have had an opportunity to discuss this with independent counsel as well. We also have informed you that it is important to the LRR Directors and the Firm that the Firm not be conflicted out of or be disqualified from representing the LRR Directors in the Lawsuit or in any matter arising out of the Lawsuit. By executing this letter each of you agrees that the Firm may continue to represent the LRR Directors in connection with all matters relating to the Lawsuit. Each of you hereby consents to and waives a conflict of interest of the Firm representing the LRR Directors in the Lawsuit, including representing the LRR Directors in asserting claims against you in the Lawsuit. Each of you also agrees never to seek to disqualify the Firm from representing the LRR Directors in the

April 3, 2017
Page 5

Lawsuit, including if the Firm represents the LRR Directors in asserting claims against. Our simultaneous representation of you and the LRR Directors will not prejudice or limit the vigor with which we will represent you in the Matter. We are not seeking a waiver to use any confidential information we receive from you against you, and to eliminate any possible prejudice, we will implement our screening procedures to ensure that the Firm lawyers who currently or may hereafter represent the LRR Directors (collectively the "LRR Lawyers") shall not discuss any aspect of their representation with me or any Firm lawyer who is involved representing you in the Matter (collectively the "Vanguard Lawyers"), the Vanguard Lawyers shall not discuss any aspect of our representation of you in the Matter with the LRR Lawyers, the LRR Lawyers shall be walled off and shall have no access to the files generated concerning our representation of you in the Matter, and likewise the Vanguard Lawyers shall be walled off and shall have no access to the files generated concerning our representation of the LRR Directors. We appreciate your willingness to consent to and waive a conflict of interest in the Firm's continued representation of the LRR Directors in the Lawsuit and representing you in the Matter. Each of you acknowledge and agree that your engagement of the Firm and the Matter does not and will not entail representing you in connection with the Lawsuit or any claim asserted by or against the LRR Directors.

In addition, the Firm represents Kinney Oil, a working interest owner in certain of the Company's properties. We will implement our screening procedures to ensure that the Firm lawyers who currently or may hereafter represent Kinney Oil (the "Kinney Lawyers") shall not discuss any aspect of their representation with me or any Vanguard Lawyers, the Vanguard Lawyers shall not discuss any aspect of our representation of you in the Matter with the Kinney Lawyers, the Kinney Lawyers shall be walled off and shall have no access to the files generated concerning our representation of you in the Matter, and likewise the Vanguard Lawyers shall be walled off and shall have no access to the files generated concerning our representation of Kinney Oil.

Furthermore, our firm represents a number of lawyers and law firms in various matters. This means that we may have represented, may currently represent, or in the future may represent counsel that oppose the Independent Directors' interests in a matter in which we represent you. This will not in any way affect the diligence or vigor with which we represent your interests in any matter on which you engage our firm.

<u>Cooperation</u>

We necessarily must rely on the accuracy and completeness of the facts and information you and your agents provide us or cause to be provided to us. In order to enable us to render effectively the legal services contemplated, you agree to disclose fully and accurately all facts and keep us informed of all developments relating to the Matters involved in this engagement. We will keep you advised of all significant developments and will provide any other detailed reporting you request.

April 3, 2017
Page 6

To the extent it is necessary for you to attend meetings in connection with this Matter, we will attempt to schedule them at your convenience. However, it should be recognized that there are many circumstances in which the timing of events is beyond our control.

<u>Withdrawal or Termination</u>

Our relationship is based upon mutual consent and you may terminate our representation at any time, with or without cause, by notifying us. Your termination of our services will not affect the Company's responsibility for payment of fees for legal services rendered and of other charges incurred before termination and in connection with an orderly transition of the Matter.

We are subject to rules of professional conduct, which list several circumstances that require or allow us to withdraw from representing a client, including for example, nonpayment of fees or costs, misrepresentation or failure to disclose material facts, fundamental disagreements, and conflict of interest with another client. We try to identify in advance and discuss with our client any situation which may lead to our withdrawal, and if withdrawal ever becomes necessary, we will give the client written notice of our withdrawal. If we elect to withdraw for any reason, you will take all steps necessary to free us of any obligation to perform further, including the execution of any documents necessary to complete our withdrawal and we will be entitled to be paid for all services rendered and other charges accrued on your behalf to the date of withdrawal.

<u>Retention and Disposition of Records Pertaining to the Matter</u>

After our representation of you on the Matter concludes, our current policy is to close our matter file and retain it for seven years following closure. For various reasons, including minimizing storage costs, when the seven-year retention period expires, we may, and we are hereby given the right to, dispose of the matter file (including discarding paper and deleting electronic records pertaining to the Matter that were not previously discarded or deleted). We may, however, retain beyond the seven-year retention period (i) our business and administrative records pertaining to the Matter or the Independent Directors, including, for example, Matter opening records, financial records, time and expense reports, personnel and staffing records, and records of our communications with the Independent Directors (collectively our "business file"), (ii) records that our attorneys may designate for longer retention, (iii) work product of our attorneys, such as contracts, research, briefs, notes or memoranda, that our attorneys may elect to retain for form use purposes, and (iv) certain types of records that our records retention policy provides should be retained longer.

If the Independent Directors want to take possession of the originals or receive copies of any portion of our matter file belonging to them before the retention period expires, the Independent Directors must notify us in writing and, provided that we have received payment of our outstanding fees and costs incurred for the Matter, we will send the requesting director or its designee the requested portion of our matter file belonging to said director at his or her expense. We may retain, at our expense, a copy of that portion of our matter file that is sent to you.

HOU:3770232.4

April 3, 2017
Page 7

Additionally, the Independent Directors must notify us in writing if they want us to retain our matter file for a different retention period.

Conclusion of Engagement

Upon completion of our representation of the Independent Director in the Matters, whether upon completion of the Matters or due to termination or withdrawal, we will have no further obligation to advise you with respect to the Matters or with respect to changes in the laws or regulations that could have an impact upon your future rights and liabilities relating to the Matters.

Choice of Law

This Agreement shall be governed by and construed in accordance with the laws of the State of Texas.

Entire Agreement

This letter (a) constitutes the entire agreement among the Company, the Independent Directors and our Firm regarding our engagement by the Independent Directors to represent them with respect to the Matters and the Company's agreement to pay our fees and reimburse our costs, (b) is subject to no oral agreements or understandings and (c) can be modified or changed only by a further written agreement signed by the parties to this letter. No obligation or undertaking not set forth expressly in this letter shall be implied on the part of the Company, the Independent Directors or the Firm.

We are pleased to have this opportunity to be of service and to work with you. If you have any questions please contact me at (713) 220-4360. We request that you sign, date in the space provided below and return one copy of this letter to reflect that the Company is aware of and agrees to the terms and conditions of this representation.

Sincerely,

ANDREWS KURTH KENYON LLP

By: _G. Michael O'Leary_
G. Michael O'Leary
Partner

AGREED TO and ACCEPTED

**INDEPENDENT DIRECTORS**
**Vanguard Natural Resources LLC**

HOU:3770232.4

April 3, 2017
Page 8

By: _____
W. Richard Anderson
Chairman

Date: March 5, 2017

**INDEPENDENT DIRECTORS**
Solely for purposes of the second paragraph under the caption
"Conflict Considerations and Agreement"

By: _____
W. Richard Anderson

Date: March 5, 2017

By: _____
Loren Singletary

Date: March ___, 2017

By: _____
Bruce W. McCullough

Date: March ___, 2017

**VANGUARD NATURAL RESOURCES LLC**

By: _____
Name: Richard Robert
Title: EVP & CFO

Date: March ___, 2017
April 5, 2017

HOU:3770232.4

April 3, 2017
Page 8

By: _____

W. Richard Anderson
Chairman

Date: ~~March~~ April 5, 2017

**INDEPENDENT DIRECTORS**
Solely for purposes of the second paragraph under the caption
"Conflict Considerations and Agreement"

By: _____

W. Richard Anderson

Date: ~~March~~ April 5, 2017

By: _____

Loren Singletary

Date:  March ___, 2017

By: _____

Bruce W. McCullough

Date:  March 5, 2017

*April*

**VANGUARD NATURAL RESOURCES LLC**

By: _____
Name: Richard Robert
Title: EVP & CFO

Date:  March ___, 2017

April 5, 2017

HOU:3770232.4

April 3, 2017
Page 8

By: _____

W. Richard Anderson
Chairman

Date: ~~March~~ April 5, 2017

**INDEPENDENT DIRECTORS**
Solely for purposes of the second paragraph under the caption
"Conflict Considerations and Agreement"

By: _____

W. Richard Anderson

Date: ~~March~~ April 5, 2017

By: _____

Loren Singletary

Date: ~~March~~ April 6, 2017

By: _____

Bruce W. McCullough

Date: ~~March~~ April 5, 2017