**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | § § | chapter 11 |
| VANGUARD NATURAL RESOURCES, LLC, *et al.*,[1] | § § § | Case No. 17-30560 |
| | § | (Jointly Administered) |
| Reorganized Debtors. | § § § | |

**SECOND INTERIM AND FINAL APPLICATION OF PAUL HASTINGS LLP, COUNSEL TO THE REORGANIZED DEBTORS, FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM FEBRUARY 1, 2017 THROUGH AUGUST 1, 2017**

> **A HEARING WILL BE CONDUCTED ON THIS MATTER ON NOVEMBER 8, 2017, AT 1:30 P.M., PREVAILING CENTRAL TIME, IN COURTROOM 404, 515 RUSK STREET, HOUSTON, TEXAS 77002.**
>
> **IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING, SPECIFICALLY ANSWERING EACH PARAGRAPH OF THIS PLEADING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT WITHIN 21 DAYS FROM THE DATE YOU WERE SERVED WITH THIS PLEADING. YOU MUST SERVE A COPY OF YOUR RESPONSE ON THE PERSON WHO SENT YOU THE NOTICE; OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**
>
> **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

| Name of applicant: | Paul Hastings LLP ("Paul Hastings") |
|---|---|
| Name of client: | Vanguard Natural Resources, LLC, *et al.* |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Vanguard Natural Resources, LLC (1161); Eagle Rock Acquisition Partnership, L.P. (6706); Eagle Rock Acquisition Partnership II, L.P. (0903); Eagle Rock Energy Acquisition Co., Inc. (4564); Eagle Rock Energy Acquisition Co. II, Inc. (3364); Eagle Rock Upstream Development Company, Inc. (0113); Eagle Rock Upstream Development Company II, Inc. (7453); Encore Clear Fork Pipeline LLC (2032); Escambia Asset Co. LLC (3869); Escambia Operating Co. LLC (2000); Vanguard Natural Gas, LLC (1004); Vanguard Operating, LLC (9331); VNR Finance Corp. (1494); and VNR Holdings, LLC (6371). The location of the Debtors' service address is: 5847 San Felipe, Suite 3000, Houston, Texas 77057.

| | |
|---|---|
| Applicant's role in case | Counsel to the Debtors and Debtors in Possession |
| Indicate whether this is an interim or a final application: | Interim and Final |
| Effective date of order approving professional's retention: | March 1, 2017 *nunc pro tunc* February 1, 2017 [Docket No. 281] |
| Petition date: | February 1, 2017 |
| Interim period covered by this Application: | May 1, 2017 through and including August 1, 2017 (the "Interim Fee Period") |
| Final period covered by this Application | February 1, 2017 through and including August l, 2017 (the "Final Fee Period") |
| Time period covered by prior applications: | February 1, 2017 through April 30, 2017 |
| Total fees awarded in all prior applications: | $4,329,278.25 |
| Amount of retainer received in case: | $78,828.24 |
| Total fees applied for in this Application and in all prior applications (including any retainer amounts applied or to be applied): | $9,717,525.00 |
| Total interim fees applied for in this Application: | $5,388,246.75[2] |
| Total interim professional fees requested in this Application: | $5,198,826.75 |
| Total interim professional hours covered by this Application: | 6,701.50 |
| Average hourly rate for professionals for Interim Fee Period: | $770.27 |
| Total interim paraprofessional fees requested in this Application: | $189,420.00 |
| Total interim paraprofessional hours covered by this Application: | 544.90 |
| Average hourly rate for paraprofessionals for Interim Fee Period: | $275.45 |

---

[2] As a courtesy to the Reorganized Debtors, Paul Hastings voluntarily reduced its fees by **$134,482** during the Final Fee Period. Moreover, while Paul Hastings instituted firm-wide rate adjustments effective January 1 and June 1, 2017, Paul Hastings, as a courtesy to the Debtors, did not adjust its hourly rates in the chapter 11 cases, resulting in a savings to the Debtors' estates of **$1,119,390.50.** The fees that Paul Hastings voluntarily reduced or adjusted were reasonable, and Paul Hastings reserves the right to seek payment of these fees based on the facts and circumstances of these cases, including, without limitation, if objections are interposed to the allowance of Paul Hastings' fees and expenses.

| | |
|---|---|
| Reimbursable expenses sought in this Application for Interim Fee Period: | $158,456.05 |
| Total allowed expenses to date: | $167,084.70 |
| Blended rate in this Application for all timekeepers for Interim Fee Period and Final Fee Period, respectively: | $743.58[3] <br> $755.49[3] |
| Interim compensation sought in this Application already paid pursuant to monthly compensation order but not yet allowed: | $925,844.44 |
| Interim expenses sought in this Application already paid pursuant to a monthly compensation order but not yet allowed: | $74,155.91 |
| Number of professionals included in this Application for Interim Fee Period: | 60, including 16 professionals whose fees Paul Hastings voluntarily waived in full, and an additional 10 professionals whose fees were waived in part |
| Number of professionals billing fewer than 15 hours to the case during the Interim Fee Period: | 24, including 16 professionals whose fees Paul Hastings voluntarily waived in full |
| Total of payments made to administrative claimants (other than applicant) during Final Fee Period: | See monthly operating reports |
| Are any rates higher than those approved or disclosed at retention?  If yes, calculate and disclose the total compensation sought in this application using the rates originally disclosed in the retention application: | No |
| If a plan has been proposed, total to be paid to unsecured creditors under the plan: | The Plan provides for distributions to holders of general unsecured claims from a cash pool of $3.75 million or distributions of new common stock and a rights offering.  In addition, the class of Trade Claims will receive distributions from a cash pool of $3 million. |
| If a plan has been proposed, percentage dividend to unsecured creditors under the plan: | The amount of any unsecured creditor's ultimate recovery is unknown as of the date of this Application. |
| Date of confirmation hearing: | July 18, 2017 |
| Indicate whether plan has been confirmed: | Yes |

---

[3]   The blended rate reflects the voluntarily reduced fees divided by the total hours billed.

Paul Hastings LLP ("Paul Hastings"), counsel to the reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors"), submits this second interim and final application (this "Application") for allowance of compensation for professional services provided to Vanguard Natural Resources, LLC and its affiliated debtors, as debtors in possession (collectively, "Vanguard" or the "Debtors"), during the period from May 1, 2017 through and including August 1, 2017 (the "Interim Fee Period")  in the amount of $5,388,246.75 and reimbursement of actual and necessary expenses in the amount of $158,456.05 and final allowance of compensation for professional services provided during the period from February 1, 2017 through and including August 1, 2017 (the "Final Fee Period") in the amount of $9,717,525.00 and reimbursement of actual and necessary expenses in the amount of $325,540.75.  In support of this Application, Paul Hastings submits the declaration of Chris L. Dickerson, a partner of Paul Hastings (the "Dickerson Declaration"), which is attached hereto as **Schedule 1** and incorporated herein by reference. In further support of this Application, Paul Hastings respectfully states as follows:

## JURISDICTION

1.       This Court has jurisdiction to consider this Application under 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these cases and this Application in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2.       The bases for the relief requested herein are sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-1 of the Bankruptcy Local Rules of the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Local Rules"), the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* [Docket No. 280] (the "Interim Compensation Order"), and Article II.A. of the *Second*

*Amended Joint Plan of Reorganization of Vanguard Natural Resources LLC, et al., Pursuant to chapter 11 of the Bankruptcy Code*, dated July 17, 2017 [Docket No. 1096] (as supplemented by the plan supplement, the "Plan").

3.       Paul Hastings consents to this Court's authority to enter final orders on this matter.

## BACKGROUND

4.       On February 1, 2017 (the "Petition Date"), the Debtors commenced filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code in this Court. The factual background regarding the Debtors, including their business operations, their corporate and capital structure, their capital raising and restructuring activities, and the events leading to the Debtors' decision to file the chapter 11 cases, is set forth in the *Declaration of Richard A. Robert, Chief Financial Officer of Vanguard Natural Resources, LLC, in Support of chapter 11 Petitions and First-Day Motions* [Docket No. 6].

5.       On February 3, 2017, the Court entered an order [Docket No. 54] authorizing the joint administration and procedural consolidation of the chapter 11 cases pursuant to Bankruptcy Rule 1015(b).  No entity has requested the appointment of a trustee or examiner in the chapter 11 cases.  On February 14, 2017, the United States Trustee for the Southern District of Texas (the "U.S. Trustee") appointed an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code [Docket No. 172] (the "Committee").

6.       On March 1, 2017, the Court entered the Interim Compensation Order, which sets forth the procedures for interim compensation and reimbursement of expenses for all professionals in the chapter 11 cases.

7.       On July 18, 2017, the Court confirmed the Plan and entered the *Order Confirming Debtors' Modified Second Amended Joint Plan of Reorganization under chapter 11 of the*

*Bankruptcy Code* [Docket No. 1109] (the "<u>Confirmation Order</u>").  On August 1, 2017 (the "<u>Effective Date</u>"), all conditions to the effectiveness of the Plan had been satisfied or waived, and the Plan was substantially consummated.

8.     Pursuant to the Confirmation Order and Article II.A. of the Plan, all final requests for payment of professional claims are to be filed with the Court on or before September 30, 2017. Paul Hastings accordingly submits this second interim and final fee application for services rendered through the Effective Date.

## PRELIMINARY STATEMENT

9.     Vanguard commenced the chapter 11 cases in the midst of a liquidity crisis.  From that point forward, Paul Hastings worked tirelessly to assist Vanguard in its efforts to stabilize business operations, obtain new capital to fund its emergence from chapter 11, and reach consensus with stakeholders on the terms of the Plan.  In only six months, Vanguard was able to emerge from chapter 11 in accordance with its Plan that (a) was approved by all voting classes of creditors, (b) provided all creditors and equity holders with a recovery, (c) increased liquidity available to the Reorganized Debtors by approximately $95 million, and (d) reduced the funded debt on the balance sheet by more than $700 million.

10.     With Paul Hastings' assistance, Vanguard obtained committed new-money investments that provided an aggregate of $275 million in new capital to fund Vanguard's emergence from chapter 11.  Paul Hastings also spent significant time during the Final Fee Period negotiating the Plan with Vanguard's various stakeholders and seeking its confirmation.  As a result of these efforts, the Plan was confirmed by the Court with the support of Vanguard's first lien secured lenders, second lien secured noteholders, unsecured senior noteholders, the Committee, and the ad hoc equity committee.

11.      Additionally, Paul Hastings advised Vanguard on a series of value-maximizing asset sales.  Among other items, Paul Hastings obtained the Court's approval of the sale of assets in Glasscock County, Texas (the "Glasscock Assets") [Docket No. 429].   Paul Hastings worked with Vanguard and its other advisors to conduct an auction of the Glasscock Assets that ultimately resulted in a sale that generated approximately $100 million in cash proceeds.  The sale of the Glasscock Assets was a critical component of the funding needed for the Debtors' exit from chapter 11.

12.      Paul Hastings also had a leading role in litigation brought by certain parties in connection with the Plan and the sale of the Glasscock Assets.  Indeed, the litigation regarding the Glasscock Assets initiated by Encana Oil & Gas (USA) Inc. ("Encana") required substantial legal work by Paul Hastings and its attorneys, including numerous legal briefs and advocacy on behalf of Vanguard at multiple court hearings.

13.      In addition, the Plan and the Debtors' enterprise valuation for the Plan were challenged by the ad hoc equity committee during the chapter 11 cases.  Paul Hastings defended numerous depositions, took the deposition of the financial advisor to the ad hoc equity committee, and reviewed and produced thousands of pages of documents in connection with the ad hoc equity committee litigation.  Paul Hastings also advised Vanguard in negotiations with the ad hoc equity committee regarding a settlement that was incorporated into the Plan.  As a result of these efforts, the ad hoc equity committee supported the Plan at confirmation.

14.      The Debtors' cases were large, involved dozens of active stakeholders, and presented myriad complex legal issues, including litigation over issues of first impression.  Given the size and complexity of the Debtors' cases, and the successful negotiation and implementation of a consensual Plan that provided a recovery to **all** stakeholders, including equity, Paul Hastings

believes that the compensation and expense reimbursement requested in this Application is reasonable and appropriate, commensurate with the scope, nature and complexity of the chapter 11 cases, and should be allowed.

## PAUL HASTINGS' RETENTION

15.     On March 1, 2017, the Court entered the *Order Authorizing Employment and Retention of Paul Hastings LLP as Counsel* Nunc Pro Tunc *to the Petition Date* [Docket No. 281] (the "Retention Order") attached hereto as **Schedule 2** and incorporated by reference.  The Retention Order, the Plan, and the Confirmation Order authorize the Reorganized Debtors to compensate Paul Hastings at the firm's hourly rates charged for services of this type and to reimburse Paul Hastings for the firm's actual and necessary out-of-pocket expenses incurred, subject to application to this Court, in accordance with the Bankruptcy Code, the Bankruptcy Rules, and the Bankruptcy Local Rules.  The particular terms of Paul Hastings' engagement are detailed in the engagement letter, dated August 9, 2016, by and between Paul Hastings and the Debtors, attached hereto as part of the Retention Order.

16.     The Retention Order authorizes Paul Hastings to provide the following services to the Debtors:

(a)     advising the Debtors of their rights, powers, and duties as debtors and debtors in possession while operating and managing their businesses and properties under chapter 11 of the Bankruptcy Code;

(b)     preparing on behalf of the Debtors necessary and appropriate applications, motions, proposed orders, other pleadings, notices, schedules, and other documents, and reviewing financial and other reports to be filed in the chapter 11 cases;

(c)     advising the Debtors concerning, and preparing responses to, applications, motions, other pleadings, notices, and other papers that may be filed by other parties in the chapter 11 cases;

(d)     advising the Debtors with respect to, and assisting in the negotiation and documentation of, financing agreements and related transactions;

(e)     reviewing the nature and validity of liens asserted against the Debtors' property and advising the Debtors concerning the enforceability of such liens;

(f)     advising the Debtors regarding their ability to initiate actions to collect and recover property for the benefit of their estates;

(g)     advising and assisting the Debtors in connection with any potential asset sales and property dispositions;

(h)     advising the Debtors concerning executory contract and unexpired lease assumptions, assignments, and rejections as well as lease restructurings and recharacterizations;

(i)     advising the Debtors in connection with the formulation, negotiation, and promulgation of a plan or plans of reorganization, and related transactional documents;

(j)     assisting the Debtors in reviewing, estimating, and resolving claims asserted against the Debtors' estates;

(k)     commencing and conducting litigation necessary and appropriate to assert rights held by the Debtors, protect assets of the Debtors' chapter 11 estates, or otherwise further the goal of completing the Debtors' successful reorganization; and

(l)     providing non-bankruptcy services for the Debtors to the extent requested by the Debtors.

17.     On July 5, 2017, Paul Hastings filed its first interim fee application for services rendered during the period from February 1, 2017 through April 30, 2017 [Docket No. 1021].  On July 28, 2017, the Court entered an order allowing Paul Hastings' requested fees in the amount of $4,329,278.25 and expenses in the amount of $167,084.70 [Docket No. 1182].

## DISINTERESTEDNESS OF PAUL HASTINGS

18.     To the best of the Debtors' knowledge and as disclosed in the *Declaration of Chris L. Dickerson in Support of the Debtors' Application for Order Authorizing Retention and Employment of Paul Hastings LLP as Counsel, Effective* Nunc Pro Tunc *to the Petition Date* [Docket No. 111], as supplemented on April 6, 2017 [Docket No. 519] (together, the "Paul Hastings Declarations"), (a) Paul Hastings is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or

represent an interest adverse to the Debtors' estates and (b) Paul Hastings has no connection to the Debtors, their creditors, or other parties in interest, except as may be disclosed in the Paul Hastings Declarations.  Paul Hastings may have in the past represented, may currently represent, and likely in the future will represent parties in interest in connection with matters unrelated to the Debtors in the chapter 11 cases.  In the Paul Hastings Declarations, the firm disclosed its connections to parties in interest that it has been able to ascertain using its reasonable efforts.

19.     All services for which Paul Hastings requests compensation were performed for or on behalf of the Debtors and their estates, and not on behalf of any committee, creditor, or other entity.

20.     Paul Hastings has received no payment and no promises of payment from any source other than the Debtors for services rendered in any capacity during the Final Fee Period.

21.     There is no agreement or understanding between Paul Hastings and any other person, other than the attorneys, employees, and staff of Paul Hastings, for the sharing of compensation received or to be received for services rendered in the chapter 11 cases.

## **REQUESTED COMPENSATION AND REIMBURSEMENT**

22.     By this Application, Paul Hastings requests allowance and payment of compensation for professional services rendered during the Interim Fee Period in the amount of $5,388,246.75 and expense reimbursements of $158,456.05.  Also by this Application, Paul Hastings requests final allowance and payment of compensation for professional services rendered during the Final Fee Period in the amount of $9,717,525.00 and expense reimbursements of $325,540.75. During the Interim Fee Period and the Final Fee Period, respectively, Paul Hastings attorneys and paraprofessionals expended a total of 7,246.40 and 12,862.50 hours for which compensation is requested.

23.      As of the date hereof, Paul Hastings has received payment of $925,844.44 for services provided and $74,155.91 for reimbursement of expenses for the Interim Fee Period. Accordingly, by this Application, and to the extent such amounts have not been paid by the time of the hearing on this Application, Paul Hasting seeks payment of the remaining $4,546,702.45, which amount represents the entire amount of the unpaid fees and expenses incurred during the Interim Fee Period and the Final Fee Period.[4]

## FEES AND EXPENSES INCURRED

### A.      Customary Billing Disclosures.

24.      The fees charged by Paul Hastings in the chapter 11 cases were billed in accordance with its existing billing rates in effect during the Final Fee Period, with two exceptions: (a) Paul Hastings discounted the hourly rates of certain attorneys as a courtesy to the Debtors to address certain issues specific to the chapter 11 cases, and (b) while Paul Hastings instituted firm-wide rate adjustments effective January 1 and June 1, 2017, Paul Hastings, as a courtesy to the Debtors, did not adjust its hourly rates in the chapter 11 cases.[5]  Paul Hastings' billing rates for attorneys rendering services in the chapter 11 cases ranged from $495 to $1,225 per hour.  The firm's customary rates are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable bankruptcy and nonbankruptcy cases in a competitive national legal market.

---

[4]  As disclosed in the Retention Application, Paul Hastings received $78,828.24 from the Debtors before the Petition Date as an advance for Paul Hastings' fees and expenses. The proposed order approving this Application will provide for the payment of fees to Paul Hastings net of this advance payment, which will be applied to allowed post-petition fees.

[5]  Paul Hastings reserves the right to seek payment of any fees that were discounted, adjusted or waived, based on the facts and circumstances of these cases, including, without limitation, if objections are interposed to the allowance of Paul Hastings' fees and expenses.

25.      A breakdown of the firm's blended billing rates by type of professional, including the blended rates for timekeepers who billed to (i) non-bankruptcy matters and (ii) the Debtors, is attached hereto as **Exhibit A**.  An itemization by timekeeper covering all services performed during the Interim Fee Period and the Final Fee Period, respectively, is attached hereto as **Exhibit B**.

**B.      Fees Incurred**.

26.      Paul Hastings maintains computerized records, in the form of monthly statements, of the time spent by all Paul Hastings' attorneys and paraprofessionals in connection with its representation of the Debtors.  The monthly statements are in the same form regularly used by Paul Hastings to bill its clients for services rendered and include the date that the services were rendered, a detailed, contemporaneous narrative description of the services provided, the amount of time spent for each service, and the designation of the professional who performed the service.  A true and correct copy of the monthly statements for Paul Hastings' services provided during the Interim Fee Period is attached hereto as **Schedule 3**.

**C.      Expenses Incurred**.

27.      Consistent with Paul Hastings' policy and practice, Paul Hastings seeks reimbursement for charges and disbursements incurred as out-of-pocket expenses in rendering necessary services to the Debtors and their estates. These charges and disbursements include, among other things, costs for photocopying, travel, business meals, computerized research, messengers, couriers, postage, secretary of state and government filing fees, and fees related to hearings. Paul Hastings incurred a total of $158,456.05 and $325,540.75 in expenses on behalf of the Debtors during the Interim Fee Period and the Final Fee Period, respectively.

## SUMMARY OF SERVICES DURING INTERIM FEE PERIOD

28.      As discussed above, during the Interim Fee Period, Paul Hastings provided extensive, necessary professional services to the Debtors in connection with the chapter 11 cases.

These services often were performed under severe time constraints and were necessary to address a multitude of critical issues both unique to the chapter 11 cases and typically faced by large corporate debtors in similar cases of this magnitude and complexity.  In total, during the Interim Fee Period, Paul Hastings filed 160 docket entries, most of which included several documents each.

29.     The following is a summary of the services rendered by Paul Hastings during the Interim Fee Period, organized in accordance with the U.S. Trustee's project categories.[6]  A schedule identifying the project categories, the number of hours expended by category, and the aggregate fees associated with each category is attached hereto as **Exhibit D-1**.  In addition, while Paul Hastings' services are generally described below, a more detailed description of the actual services performed is set forth in Paul Hastings' monthly statements.

(a)     Case Administration    (Task Code B110)
          Fees: $99,462.50          Total Hours:          139.00

During the Interim Fee Period, Paul Hastings addressed all relevant case issues in a timely manner and facilitated the administration of the Debtors' chapter 11 cases.  In order to track deadlines, organize documents, set and manage court hearings, and notify the Debtors and their advising professionals of upcoming matters, Paul Hastings prepared, maintained, and reviewed the Court's docket to create (i) docket updates, (ii) case calendars and checklists, (iii) thirteen hearing agendas and ten witness and exhibit lists, (iv) regular updates to the list of parties in interest and master service list, and (v) hearing materials for the court, Paul Hastings attorneys, and various parties in interest.  Moreover, Paul Hastings communicated with the court to schedule and arrange hearings, including preparing notices of hearing, five motions to continue various motions and hearings, and other procedural filings, including sixty-three notices of various matters (*e.g.*, amendments to documents, proposed orders).  Paul Hastings also worked with the Debtors' noticing agent to ensure service of pleadings, motions, and notices, including the Disclosure Statement and Plan, filed in these chapter 11 cases.  In addition, Paul Hastings participated in regular calls with the Debtors' management and other professionals to discuss the status of the case and strategy in dealing with pending matters.  Paul Hastings also responded to inquiries of the Debtors' creditors, and other parties in interest, regarding general issues related to the administration of the chapter 11 cases.

(b)     Pleadings Review    (Task Code B113)

---

[6]   Addressed here are only those matters in which Paul Hastings provided 5 or more hours of service during the Interim Fee Period.

Fees: $27,832.50          Total Hours:   47.30

During the Interim Fee Period, Paul Hastings monitored pleadings filed by various parties-in-interest in the cases.  Paul Hastings analyzed various documents in order to advise the Debtors with regard to such pleadings, and worked with the Debtors to prepare for informal and formal objections to filed pleadings as necessary.  Paul Hastings also prepared docket updates to keep the Debtors' management and board abreast of developments in the case.  In that regard, Paul Hastings prepared daily summaries of key pleadings filed or orders entered to be distributed to Vanguard's management, and a weekly case update with copies of pleadings and orders for Vanguard's board of directors.

    (c)    <u>Asset Disposition   (Task Code B130)</u>
Fees: $356,104.00          Total Hours:   466.10

During the Interim Fee Period, Paul Hastings worked with the Debtors in their efforts to market and sell assets, including documentation of asset purchase agreements, notices, motions and orders, as applicable, related to the disposition of certain assets. Most notably, Paul Hastings helped the Debtors market and sell the Glasscock Assets.  Sale of the Glasscock Assets was a complex process, complicated by various objections and litigation with Encana.  Ultimately, however, the Debtors and Paul Hastings successfully held an auction where the Glasscock Assets sold for an aggregate purchase price of $105 million (subject to adjustments), which was approximately $27 million more than the stalking horse bid on the Glasscock Assets.  Tasks Paul Hastings undertook during the Interim Fee Period to complete this sale process included, but were not limited to:

- participating in calls and negotiations with the Debtors, their financial advisors, the Committee, and potential bidders to deal with the legal issues presented by Encana,

- preparing for and attending multiple hearings to get the sale order approved;

- helping to populate and maintain a data room for potential bidders,

- negotiating and drafting the competing purchase agreement with the competing bidder for the Glasscock Assets,

- overseeing the conduct of the auction of the Glasscock Assets, and

- obtaining Court approval of the sale of the Glasscock assets at a contested sale hearing.

Paul Hastings also helped negotiate a purchase and sale agreement, and filed a motion for approval of, a private sale of certain assets in Andrews County, Texas (the "<u>Andrews Assets</u>") to Diamondback E&P LLC.  The sale of the Andrews Assets generated approximately $13.87 million for the estates.  The hearing on the motion to approve the sale of the Andrews Assets

was opposed by various parties in interest, but, with the help of Paul Hastings, the Court ultimately approved the sale as in the best interest of the estates.

Paul Hastings also assisted the Debtors in their efforts to negotiate and close two excess asset sales that generated gross proceeds in an aggregate amount in excess of $6 million.

(d)     Relief from Stay/Adequate Protection Proceedings    (Task Code B140)
            Fees: $38,258.00            Total Hours:           51.40

During the Interim Fee Period, in order to enforce or modify the automatic stay when appropriate, Paul Hastings communicated with numerous parties regarding the effect of, and any modifications to, the automatic stay, including for various business disputes and personal injury claimants.  Paul Hastings (i) reviewed and responded to actions by creditors that appeared to be in violation of the automatic stay, (ii) reviewed and analyzed motions for relief from the automatic stay, (iii) researched and drafted objections to and/or stipulations resolving certain of the foregoing motions, and (iv) prepared for hearings and arguments on those motions and stipulations.

(e)     Meetings and Communications with Creditors   (Task Code B150)
            Fees: $4,260.50            Total Hours:   8.20

During the Interim Fee Period, Paul Hastings engaged in regular status conferences with the Committee and its professionals to discuss the progress of the chapter 11 cases, as well as issues surrounding various motions and other pleadings filed in the chapter 11 cases.

(f)     Court Hearings     (Task Code B155)
            Fees: $276,173.50            Total Hours:  455.20

During the Interim Fee Period, Paul Hastings prepared for and attended hearings in the chapter 11 cases including (i) multiple hearings on the motion to approve the sale of the Glasscock Assets and objections by Encana, (ii) hearings on various motion to lift the stay, including personal injury claimants requests for stay relief, (iii) the retention of professionals, including contested hearings related to the retention of Deloitte Tax LLP ("Deloitte") and Weaver Tidwell LLP ("Weaver Tidwell"), (iv) the disclosure statement hearing, (v) the hearing to approve Vanguard's hedging program, (vi) hearings to approve various settlement agreements, (vii) the confirmation hearing, (viii) hearings on omnibus claims objections, and (ix) a hearing on requests for the appointment of an equity committee.

(g)     Fee / Employment Applications – Paul Hastings and Other Professionals
            (Task Code B160)
            Fees: $113,030.00            Total Hours:   172.60

During the Interim Fee Period, Paul Hastings conferred with the other professionals, including ordinary course professionals, regarding their respective applications, and advised as to the scope of retention, terms of compensation, and other related issues.  In the Interim Fee Period, the Debtors filed notices and declarations for ordinary course professionals, and helped those various professionals comply with rules and regulations related to their respective retentions.

Paul Hastings also prepared evidence and witnesses on opposed applications for ordinary course professionals and retained professionals, including Deloitte and Weaver Tidwell.

In addition, Paul Hastings responded to professionals' inquiries regarding compensation procedures, payment for post-petition services, and ordinary course professional compensation procedures, in order to ensure retention of the Debtors' professionals in compliance with the Bankruptcy Code.  Paul Hastings also tracked compensation requests for the Debtors and worked with the Debtors to determine how those service providers should be paid.  These efforts have included reviewing and interposing objections regarding professional fees or expenses, where appropriate, and negotiating reductions in professional fee requests.

Moreover, Paul Hastings worked to prepare its own first interim fee application, and answered questions of other estate professionals on their own interim fee applications.  Paul Hastings also coordinated the first interim fee applications filed by the Debtors' various professionals through to approval by preparing for and handling a court hearing on those applications.

      (h)    <u>Preferences Analysis and Recovery Actions  (Task Code B181)</u>
               Fees: $5,473.50           Total Hours:   8.90

During the Interim Fee Period, Paul Hastings, in consultation with the Debtors' other advisors, prepared a schedule for potential preference actions to be included in the Plan solicitation materials, and analyzed the merits of certain potential preference actions.

      (i)    <u>Assumption/Rejection of Leases and Contracts   (Task Code B185)</u>
               Fees: $26,434.50         Total Hours:   32.90

During the Interim Fee Period, Paul Hastings reviewed contracts and leases, and advised the Debtors regarding issues related to executory contracts and unexpired leases. The vast majority of Paul Hastings' time spent on assumption and rejection issues relate to the adversary proceeding with Encana regarding the rejection of that lease, the preparation of the contract assumption and rejection lists that were filed with the Plan supplements, and analyzing and responding to cure objections by various parties, including Ultra Resources, Inc. ("<u>Ultra</u>").  Paul Hastings worked with counsel to Ultra to negotiate a briefing schedule that would enable the parties to address the cure objection in an efficient manner.

      (j)    <u>Other Contested Matters   (Task Code B190)</u>
               Fees: $910,333.00       Total Hours:   1,235.70

During the Interim Fee Period, Paul Hastings reviewed and prepared documents and communicated with parties in interest, including the Committee and the ad hoc equity committee, relating to contested matters.  Contested matters addressed during the Interim Fee Period included:

- various motions and objections filed by the ad hoc committee of equity holders, including for extensive discovery;

- collecting thousands of documents and producing over 15,000 pages of non-privileged, responsive documents to the ad hoc equity committee on an expedited basis;

- collecting documents and responding to document and other discovery requests by Encana related to confirmation of the Plan;

- preparing for and attending multiple depositions noticed by the ad hoc equity committee's and Encana;

- responses to requests for documents, other discovery, and settlement discussions with England Resources Group and other small claims settlements;

- Analyzing and responding to various pro se motions and objections, including a Rule 3018 motion by a pro se litigation

(k)     Non-Working Travel   (Task Code B195)
                Fees: $51,318.75            Total Hours:   115.90

        During the Interim Fee Period, Paul Hastings traveled for hearings and meetings with key creditor constituencies such as the first lien secured lenders, the Committee and the ad hoc noteholders committee.  Paul Hastings has worked to minimize travel costs during these chapter 11 cases by using Houston-based attorneys whenever possible for hearings and meetings with the Debtors and other constituencies.

(l)     Business Operations    (Task Code B210)
                Fees: $503,555.50          Total Hours:   759.90

        During the Interim Fee Period, in order to facilitate the seamless continuation of the Debtors' business operations, Paul Hastings has advised the Debtors on myriad business issues including, among others, filings with the Securities and Exchange Commission (SEC), including 8-k's related to the bankruptcy proceedings, bank accounts, taxes, insurance, employee compensation and benefit programs, transactions with vendors, royalty and working interest owners, and other operational issues.  Additionally, Paul Hastings prepared organizational documents for the Reorganized Debtors, rights offering documents to assist with the rights offering and the issuance of new equity, and other related assistance. Moreover, Paul Hastings assisted the Debtors in preparations to emerge from chapter 11 prior to the Effective Date of the Plan.

(m)     Employee Benefits / Pensions   (Task Code B220)
                Fees: $75,561.00            Total Hours:   83.00

        During the Interim Fee Period, in order to comply with applicable employee-related programs and ensure the smooth functioning of the Debtors' operations, Paul Hastings assisted the Debtors in communications with employees during the chapter 11 process, and advised the Debtors regarding employee compensation, benefits, and other employment issues.

     (n)    <u>Financing / Cash Collections   (Task Code 230)</u>
                     Fees: $69,029.50         Total Hours:   82.30

         During the Interim Fee Period, Paul Hastings, with the assistance of the Debtors' restructuring and financial advisors, reviewed and analyzed the Debtors' cash flow projections and financing agreements, and communicated with secured lenders and other parties in interest regarding the same.  Paul Hastings analyzed issues related to secured financing, met with lenders and the lenders' advisors, and reviewed and analyzed issues related to the treatment of secured lenders under the Plan.  Paul Hastings further solicited, negotiated, drafted and obtained the Court's approval of a motion to permit hedging transactions, and analyzed issues related to the Debtors' proposed hedging program.

     (o)    <u>Exit Financing   (Task Code 232)</u>
                     Fees: $638,251.50       Total Hours:   863.20

         During the Interim Fee Period, Paul Hastings, with the assistance of the Debtors' restructuring and financial advisors, reviewed and analyzed the Debtors' financing agreements, and communicated with potential exit facility lenders and other parties in interest regarding the same. Paul Hastings also drafted, analyzed and reviewed lender term sheets for exit financing, and managed other issues relating to the exit facility financing, including discussing these issues with Vanguard's management.

         Most importantly, Paul Hastings assisted the Debtors in negotiating the terms of and memorializing the new exit facility with the lenders and other significant parties in interest. That process included, among other things:

- Managing the entire exit facility process, including providing closing checklist and arranging calls with all interested parties and lenders;
- working with various local counsel nationwide to provide opinions on collateral;
- Analyzing proposed revisions from various potential lenders;
- Preparing new first and second lien notes and indentures;
- Analyzing and arranging the second lien notes exchange process;
- Preparing corporate documents and resolutions for reorganized entities;
- Arranging and working with DTC analysts;
- Drafting opinions and certificates for the secured noteholders;
- Coordinate Plan and exit facility negotiations for consistency;
- Prepare the form of mortgages and assist with preparation of mortgages;
- Negotiating the closing and execution of all relevant documents.

     (p)    <u>Tax Issues   (Task Code B240)</u>

Fees: $163,195.00          Total Hours:   142.80

During the Interim Fee Period, in order to maximize the preservation of estate assets, Paul Hastings advised the Debtors and prepared pleadings relating to various tax issues. Paul Hastings also analyzed various tax structures for the reorganized Debtors in connection with the formulation of the Debtors' Plan. As a related work stream, Paul Hastings analyzed and drafted complex tax disclosures for holders of claims and equity interests for the Debtors' disclosure statement.

(q)     Environmental Issues   (Task Code B241)
                 Fees: $8,030.00          Total Hours:   8.40

During the Interim Fee Period, Paul Hastings investigated and analyzed potential environmental claims and liabilities, including with creditor Mallet Ranch, and prepared memorandum and potential response regarding claim that Vanguard violated CERCLA.

(r)     Board of Directors Matters   (Task Code B260)
                 Fees: $19,291.50          Total Hours:   24.80

During the Interim Fee Period, in order to address, among other things, case strategy and the Debtors' operations, Paul Hastings devoted time to communications with the Debtors' senior management and board members, and prepared for and attended board meetings and telephonic conferences with the board.

(s)     Claims Administration and Objections    (Task Code B310)
                 Fees: $178,156.00          Total Hours:   251.00

During the Interim Fee Period, in order to effectively and efficiently address claims filed in the chapter 11 cases, Paul Hastings, with the assistance of the Debtors' restructuring advisors, reviewed and analyzed initial claims, conducted legal research on potential objections to claim, reviewed the Debtors' schedules and statements, and exchanged general correspondence with numerous parties in interest regarding issues related to filed and scheduled claims. Paul Hastings also participated in regular telephonic conferences with the Debtors and their restructuring advisors to coordinate the claims reconciliation process. Paul Hastings also worked with the Debtors and their restructuring advisors to formulate a strategy for reconciling filed claims. Lastly, Paul Hastings prepared thirteen omnibus claims objections and orders that were ultimately resolved or sustained by the Court (with the exception of one claim that remains outstanding).

(t)     Plan and Disclosure Statement (including Business Plan)
         (Task Code B320)
                 Fees: $1,820,773.00          Total Hours:   2,292.30

A substantial portion of the work performed by Paul Hastings' professionals during the Interim Fee Period was dedicated to Vanguard's efforts to obtain confirmation of the Plan and substantial consummation of the Plan. To that end, Paul Hastings conferred with the Debtors and other professionals to formulate and document the Plan and disclosure statement. Paul Hastings' activities in this regard included, but were not limited to:

- preparing, amending and obtaining approval of the Disclosure Statement for the Plan;

- drafting and revising solicitation documents, and coordinating the voting and balloting efforts in connection with the Plan;

- preparing the amended, second amended, and modified second amended chapter 11 plans;

- negotiating terms and provisions of the Plan and Disclosure Statement with various Plan support parties;

- negotiating, documenting and incorporating various Plan-related settlements reached with various parties, including the first-lien lenders, the Committee, the ad hoc equity committee, and Encana;

- responding to numerous discovery requests and defending multiple depositions taken by parties in interest in connection with the Plan and Disclosure Statement;

- taking discovery and deposing witnesses offered by other parties in connection with the confirmation hearing and Disclosure Statement hearing;

- analyzing, reviewing and researching Plan confirmation issues;

- preparing, reviewing and revising the Confirmation Order;

- drafting a brief and declarations supporting confirmation of the Plan, responding to Plan objections, and researching related issues;

- reviewing and analyzing a variety of complex tax, real estate, corporate, and securities law issues related directly to the Plan;

- analyzing numerous solicitation issues and procedures, including issues related to the solicitation of the holders of multiple public securities;

- analyzing objections to the Disclosure Statement and drafting an omnibus reply thereto;

- negotiating resolutions with various parties who formally and informally objected to confirmation of the Plan, including drafting provisions of the Confirmation Order to resolve issues and concerns;

- preparing witnesses, exhibits and arguments for the confirmation hearing;

- preparing voluminous plan supplement documents and exhibits and amendments thereto, including employment agreements, lists of new directors, contract assumption and rejection list, retained causes of action, warrant agreements, rights offering documents, and other exhibits;

- assisting the Debtors prepare to emerge from chapter 11 after confirmation pending the effective date;

As the list above illustrates, Paul Hastings' professionals spent considerable time during the Interim Fee Period engaging in constructive discussions with the Debtors' stakeholders, including the Committee, the first lien lenders, the second lien noteholders, and the senior noteholders to negotiate and document the Plan, the Disclosure Statement, and the plan supplement documents.

Prior to confirmation, numerous parties voiced opposition to aspects of the Plan. As a result, Paul Hastings represented the Debtors in substantial discovery and related litigation undertaken by the ad hoc equity committee and other parties in interest. Nevertheless, with Paul Hastings' assistance, the Debtors successfully responded to discovery, addressed and resolved the concerns of each litigating party, and the Plan was ultimately approved by the Court on a consensual basis.

30. The foregoing professional services were necessary and appropriate to the administration of these cases and were in the best interests of the Debtors, the estates, the creditors, and other parties in interest. Compensation for such services, as requested, is commensurate with the complexity, importance, and nature of the problems, issues, and tasks involved.

31. The professional services were performed in an expeditious and efficient manner. Paul Hastings achieved cost efficiencies by utilizing attorneys with (a) extensive experience and expertise in debt restructuring, corporate finance, oil and gas, tax, and litigation matters, and (b) familiarity with the Debtors, their business operations, and their debt structure. Paul Hastings brought to the chapter 11 cases an expertise that inures to the benefit of the Reorganized Debtors and all parties in interest.

## ALLOWANCE OF COMPENSATION

32. Under section 330 of the Bankruptcy Code, a bankruptcy court may award to a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for

actual, necessary services" rendered by the professional, plus "reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1).

33.     In determining the amount of "reasonable compensation," the Court must consider the nature, extent, and value of the services, taking into account all the relevant factors, including the time spent on such services, the rates charged for such services, whether the services were necessary and beneficial, whether the services were performed in a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed, and whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under the Bankruptcy Code. See 11 U.S.C. § 330(a)(3).

34.     The Fifth Circuit has long applied the lodestar factors from *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974), to assess the reasonableness of attorney fee determinations under Section 330(a)(l) of the Bankruptcy Code.  The *Johnson* opinion recognized that factors other than number of hours spent and the hourly rate normally charged may be considered in fixing the amount of reasonable attorneys' fees to be awarded in a bankruptcy proceeding.  See *Johnson,* 488 F.2d at 717-20.

35.     In accordance with the factors enumerated in 11 U.S.C. § 330 and applicable case law, Paul Hastings respectfully submits that the amount requested herein is fair and reasonable.

A.     **Nature, Novelty, and Complexity of the chapter 11 cases**

36.     As shown in the summary of services above, the Debtors' financings, asset sales, and chapter 11 restructuring matters were incredibly complex and intentionally arranged and documented to meet the Debtors' needs and support a proposed consensual plan.  Paul Hastings approached the Glasscock Assets sale, the Encana dispute and settlement, the backstop commitment agreement and equity commitment agreement, matters with the ad hoc equity committee, and

approval and confirmation of the Plan and Disclosure Statement with thoughtful strategies and solutions to assist Vanguard in negotiating and achieving a consensual resolution to these cases.

37.     These matters required Paul Hastings to develop case management and staffing solutions.  The work conducted was carefully assigned to appropriate professionals or paraprofessionals according to the experience and level of expertise required for each task.  Paul Hastings identified and employed a core group of attorneys who were assigned responsibility for specific matters and types of matters. This structure (i) allowed certain attorneys to work primarily on discrete matters within their area of specialization, (ii) allowed the partners and of counsel involved to cover more substantive matters, and (iii) avoided duplicative or unnecessary work.

**B.      Experience and Value of Paul Hastings' Services**

38.     As set forth in the Retention Application, the Debtors selected Paul Hastings based on its knowledge of the Debtors' business and financial affairs, its extensive experience and knowledge of the legal matters likely to arise in the chapter 11 cases, and, in particular, Paul Hastings' recognized expertise in the field of financial restructuring and bankruptcy.  Applying this expertise in the chapter 11 cases allowed the Debtors to maximize the value of the estates and achieve a nearly consensual reorganization.

39.     Paul Hastings respectfully submits that its services were, at the time rendered, believed to be necessary for and beneficial to the Debtors and their estates and were rendered to protect and preserve the Debtors' estates during the pendency of the chapter 11 cases.  As demonstrated herein, Paul Hastings spent its time economically and without unnecessary duplication.  The services were performed in an effective and efficient manner commensurate with the complexity, exigency, and importance of the issues involved.  Paul Hastings' services have benefited not only the Debtors but also their employees, vendors, customers, and other stakeholders.

C.    **Comparable Services**

40.    Paul Hastings' rates are consistent with rate structures available to other clients in non-bankruptcy matters.  Additionally, Paul Hastings' rate structure was disclosed in the Retention Application, which the Court approved.  The amounts sought by Paul Hastings are generally comparable with the rates charged and compensation sought in other chapter 11 cases of similar size, complexity, and duration.  The rates charged by Paul Hastings professionals are also commensurate with, if not lower than, the rates charged by attorneys in the numerous other energy-sector cases within this District over the past few years.  Accordingly, the cost of comparable services supports this Application, and the services performed during the chapter 11 cases more than warrant allowance of the requested compensation.

41.    Because of the benefits realized by the Debtors, the nature of the chapter 11 cases, the standing at the bar of the attorneys who rendered services, the amount of work done, the time consumed, the skill required, and the contingent nature of the compensation, Paul Hastings requests approval of compensation earned during the Interim Fee Period and the Final Fee Period in the total amount of $5,388,246.75 and $9,717,525.00, respectively.

## ACTUAL AND NECESSARY DISBURSEMENTS

42.    A table identifying each category of expenses incurred and the total amount for each category is attached hereto as **Exhibit D-2**.  As set forth therein, Paul Hastings incurred a total of $158,456.05 and $325,540.75 in expenses on behalf of the Debtors during the Interim Fee Period and the Final Fee Period, respectively.  These charges are intended to reimburse Paul Hastings' direct operating costs, which are not incorporated into the firm's hourly billing rates.  Paul Hastings charges computer research at the provider's cost without markup.  Only clients who actually use services of the types set forth in **Exhibit D-2** are charged for such services.  The effect of including such expenses as part of the hourly billing rates would impose that cost upon clients who do not

require these services. The actual expenses incurred in providing professional services were necessary, reasonable, and justified under the circumstances to serve the needs of the Debtors.

## COMPLIANCE WITH GUIDELINES

43.     Paul Hastings believes that this Application, together with the attachments hereto, substantially complies with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Guidelines adopted by the Office of the U.S. Trustee, Bankruptcy Local Rule 2016-1, the Interim Compensation Order, and the Plan.  To the extent this Application does not comply in every respect with such requirements, Paul Hastings respectfully requests a waiver for any such non-compliance.

## RESERVATION OF RIGHTS

44.     To the extent that time or disbursement charges for services rendered or expenses incurred relate to the Final Fee Period, but were not processed before the preparation of this Application, or Paul Hastings has for any other reason not sought compensation or reimbursement with respect thereto, Paul Hastings reserves the right to request additional compensation for such services, and reimbursement of such expenses, in a supplemental or future application. Also, Paul Hastings does not waive, and expressly reserves, its right to respond to any objections regarding this Application and the amounts sought for Paul Hastings' work in the chapter 11 cases.

## NO PRIOR REQUEST

45.     No previous request for the relief sought herein has been made to this Court or any other court.

## NOTICE

46.     Notice of this Application has been provided by email, facsimile, or overnight courier to: (a) the U.S. Trustee; (b) counsel for the Creditors' Committee; (c) all other parties on the Master Service List; and (d) those persons entitled to notice of this Application pursuant to the Interim

Compensation Order.  Paul Hastings submits that, in light of the nature of the relief requested, no other or further notice need be given.

## <u>CONCLUSION</u>

WHEREFORE, Paul Hastings respectfully requests entry of a final order substantially in the form attached hereto as <u>Schedule 4</u> (a) allowing compensation for professional services rendered during the Final Fee Period in the amount of $9,717,525.00 (which includes fees of $5,388,246.75 incurred during the Interim Fee Period), and reimbursement of actual and necessary expenses incurred during the Final Fee Period in the amount of $325,540.75 (which includes expenses of $158,456.05 incurred during the Interim Fee Period), for a total of $10,043,065.75; (b) authorizing application of the advance payment to amounts allowed pursuant to this Application; (c) authorizing and directing the Debtors' payment of the difference between the amounts allowed and the sum of the advance payment and amounts previously paid by the Debtors to Paul Hastings pursuant to the Interim Compensation Order; (d) allowing such compensation for professional services rendered and reimbursement of actual and necessary expenses incurred be without prejudice to Paul Hastings' right to seek such further compensation for the full value of services performed and expenses incurred; and (e) granting Paul Hastings such other and further relief as is just.

[Remainder of page intentionally blank]

Dated:  September 29, 2017

Respectfully Submitted,

*/s/ James T. Grogan III*
Chris L. Dickerson (admitted *pro hac vice*)
Todd M. Schwartz (admitted *pro hac vice*)
PAUL HASTINGS LLP
71 South Wacker Drive, Suite 4500
Chicago, Illinois 60606
Telephone: (312) 499-6000
Facsimile: (312) 499-6100

- and –

James T. Grogan (Tex. Bar No. 24027354)
Danny Newman (Tex. Bar No. 24092896)
PAUL HASTINGS LLP
600 Travis St., 58th Floor
Houston, Texas 77002
Telephone: (713) 860-7300
Facsimile: (713) 353-2801

*Counsel to Vanguard*

**EXHIBIT A**

**CUSTOMARY AND COMPARABLE COMPENSATION DISCLOSURES WITH FEE APPLICATIONS**
(See Guidelines ¶ C.3. for definitions of terms used in this Exhibit.)

The blended hourly rate for Paul Hastings domestic timekeepers who billed to non-bankruptcy matters (collectively, the "Non-Bankruptcy Matters")[1] during the twelve-month period beginning on August 1, 2016 and ending on July 31, 2017 was, in the aggregate, approximately $754 per hour (the "Non-Bankruptcy Blended Hourly Rate").  The blended hourly rate for Paul Hastings' timekeepers in the chapter 11 cases during the Interim Fee Period was approximately $744 per hour (the "Debtor Blended Hourly Rate"). A detailed comparison of these rates follows:

| CATEGORY OF TIMEKEEPER (using categories already maintained by the firm) | BLENDED HOURLY RATE | |
|---|---|---|
| | NON-BANKRUPTCY BLENDED HOURLY RATE | DEBTOR BLENDED HOURLY RATE |
| Partner | $975 | $985 |
| Counsel | $924 | $924 |
| Associate | $647 | $659 |
| Paraprofessionals | $309 | $348 |
| All timekeepers aggregated | $754 | $744 |

Case Name:  In re Vanguard Natural Resources, LLC, *et al*.
Case Number:   17-30560 (MI), Jointly Administered
Applicant's Name:  Paul Hastings LLP
Date of Application:  September 30, 2017
Interim or Final:  Second Interim and Final

---

[1]  It is the nature of Paul Hastings' practice that certain non-bankruptcy engagements require the advice and counsel of professionals and paraprofessionals who work primarily within Paul Hastings' restructuring group.  Accordingly, the Non-Bankruptcy Matters consist of matters for which Paul Hastings' timekeepers represented a client in matters other than court-approved engagements as counsel retained in accordance with section 327(a) or 327(e) of the Bankruptcy Code.  As such, the Non-Bankruptcy Matters include, in part, time billed by Paul Hastings' timekeepers who work primarily within Paul Hastings' restructuring group.

**EXHIBIT B**

**SUMMARY OF TIMEKEEPERS INCLUDED IN THIS APPLICATION FOR INTERIM FEE PERIOD**

| Name | Title or Position | Department, Group, or Section | Date of First Admission | Fees Billed in this Application | Hours Billed in this Application | Hourly Rate Billed | | Number of Rate Increases Since Case Inception |
|---|---|---|---|---|---|---|---|---|
| | | | | | | In this Application | In First Interim Application | |
| Michael L. Zuppone | Partner | Corporate | 1989 | $2,205.00 | 1.80 | $1,225 | N/A | 0 |
| David A. Hearth | Partner | Corporate | 1987 | $240.00 | 0.20 | $1,200 | N/A | 0 |
| Kevin C. Logue | Partner | Litigation | 1985 | $1,057.50 | 0.90 | $1,175 | N/A | 0 |
| Gregory V. Nelson | Partner | Tax | 1981 | $173,995.00 | 151.30 | $1,150 | $1,150 | 0 |
| Thomas R. Mounteer | Partner | Real Estate | 1986 | $8,030.00 | 7.30 | $1,100 | N/A | 0 |
| Alan W. Weakland | Partner | Real Estate | 1983 | $1,100.00 | 1.00 | $1,100 | N/A | 0 |
| James R. Bliss | Partner | Litigation | 1995 | $52,140.00 | 47.40 | $1,100 | $1,100 | 0 |
| Grace A. Carter | Partner | Litigation | 1981 | $1,430.00 | 1.30 | $1,100 | N/A | 0 |
| Chris L. Dickerson | Partner | Corporate | 1998 | $384,930.00 | 366.60 | $1,050 | $1,050 | 0 |
| Chris L. Dickerson | Partner | Corporate | 1998 | $7,350.00 | 14.00 | $525 (non-working travel) | $525 (non-working travel) | 0 |
| Yariv Katz | Partner | Corporate | 2002 | $12,075.00 | 11.50 | $1,050 | N/A | 0 |
| Kevin P. Broughel | Partner | Litigation | 2003 | $279,400.00 | 279.40 | $1,000 | $1,000 | 0 |
| Kevin P. Broughel | Partner | Litigation | 2003 | $29,250.00 | 58.50 | $500 (non-working travel) | $500 (non-working travel) | 0 |
| Douglas V. Getten | Partner | Corporate | 2006 | $316,387.50 | 324.50 | $975 | $975 | 0 |
| Lindsay R. Sparks | Partner | Corporate | 2001 | $157,712.50 | 170.50 | $925 | $925 | 0 |
| | | **Total Partner:** | | **$1,427,302.50** | **1,436.20** | | | |
| J. Mark Poerio | Counsel | Employment | 1985 | $30,825.00 | 27.40 | $1,125 | $1,125 | 0 |

| Wendell M. Faria | Counsel | Corporate | 1995 | $9,350.00 | 8.50 | $1,100 | N/A | |
| Will Burns | Counsel | Corporate | 2007 | $8,610.00 | 8.20 | $1,050 | N/A | 0 |
| Jacqueline (Jackie) May | Counsel | Corporate | 1988 | $14,070.00 | 13.40 | $1,050 | N/A | 0 |
| Michael E. Comerford | Counsel | Corporate | 2003 | $425,362.50 | 427.50 | $995 | $995 | 0 |
| Michael E. Comerford | Counsel | Corporate | 2003 | $6,716.25 | 13.50 | $497.50 (non-working travel) | $497.50 (non-working travel) | 0 |
| James T. Grogan | Counsel | Corporate | 2000 | $596,070.00 | 662.30 | $900 | $900 | 0 |
| Alex Bongartz | Counsel | Corporate | 2007 | $595.00 | 0.70 | $850 | N/A | 0 |
| Katherine A. Traxler | Counsel | Corporate | 1990 | $20,400.00 | 27.20 | $750 | $750 | 0 |
| | | **Total Counsel:** | | **$1,111,998.75** | **1,188.70** | | | |
| Todd M. Schwartz | Associate | Corporate | 2007 | $63,540.00 | 70.60 | $900 | $900 | 0 |
| Jason C. Ewart | Associate | Corporate | 2008 | $85,225.00 | 97.40 | $875 | $875 | 0 |
| Alex Bongartz | Associate | Corporate | 2007 | $158,100.00 | 186.00 | $850 | $850 | 0 |
| Jamie Suzanne Curry | Associate | Real Estate | 2011 | $34,155.00 | 41.40 | $825 | N/A | 0 |
| Suparna Salil | Associate | Corporate | 2010 | $7,425.00 | 9.00 | $825 | $825 | 0 |
| Brendan Gage | Associate | Corporate | 2011 | $371,380.00 | 479.20 | $775 | $775 | 0 |
| Brian J. Carter | Associate | Corporate | 2011 | $85,947.50 | 110.90 | $775 | $775 | 0 |
| Emily L. Seymore | Associate | Litigation | 2011 | $19,995.00 | 25.80 | $775 | N/A | 0 |
| Emmanuel Gastard | Associate | Litigation | 2012 | $8,447.50 | 10.90 | $775 | $775 | 0 |
| Isaac E. Griesbaum | Associate | Corporate | 2011 | $200,105.00 | 258.20 | $775 | $775 | 0 |
| Jessica Oliva | Associate | Litigation | 2012 | $133,532.50 | 172.30 | $775 | $775 | 0 |
| Kelly Padgett | Associate | Corporate | 2011 | $27,047.50 | 34.90 | $775 | N/A | 0 |
| Melissa Fishkin | Associate | Corporate | 2012 | $71,222.50 | 91.90 | $775 | N/A | 0 |
| Laura Bertilotti | Associate | Corporate | 2013 | $82,908.00 | 112.80 | $735 | $735 | 0 |
| David M. Morduchowitz | Associate | Litigation | 2013 | $13,905.00 | 20.60 | $675 | $675 | 0 |
| Madeline H. Kwong | Associate | Litigation | 2014 | $6,075.00 | 9.00 | $675 | $675 | 0 |
| William H. Prokop | Associate | Real Estate | 2014 | $79,396.50 | 129.10 | $615 | N/A | 0 |
| William J. Son | Associate | Real Estate | 2014 | $11,992.50 | 19.50 | $615 | N/A | 0 |

| Paula Kim | Associate | Real Estate | 2015 | $8,794.50 | 14.30 | $615 | N/A | 0 |
|---|---|---|---|---|---|---|---|---|
| Daniel M. Leibowitz | Associate | Real Estate | 2015 | $676.50 | 1.10 | $615 | N/A | 0 |
| Michael Lin | Associate | Corporate | 2014 | $15,621.00 | 25.40 | $615 | N/A | 0 |
| Daniel F. Newman | Associate | Litigation | 2014 | $422,566.50 | 687.10 | $615 | $615 | 0 |
| Daniel Faichney | Associate | Corporate | 2014 | $58,117.50 | 94.50 | $615 | $615 | 0 |
| David P. Stanek | Associate | Real Estate | 2012 | $2,460.00 | 4.00 | $615 | $615 | 0 |
| Douglass E. Barron | Associate | Corporate | 2012 | $132,225.00 | 215.00 | $615 | $615 | 0 |
| Shlomo Maza | Associate | Corporate | 2012 | $14,637.00 | 23.80 | $615 | $615 | 0 |
| Alexander K. Ehmke | Associate | Litigation | N/A | $4,785.00 | 8.70 | $550 | $50 | 0 |
| Jessica R. Montes | Associate | Litigation | 2016 | $3,355.00 | 6.10 | $550 | $550 | 0 |
| Matthew D. Turner | Associate | Corporate | 2015 | $281,985.00 | 512.70 | $550 | $550 | 0 |
| Michael C. Whalen | Associate | Litigation | 2015 | $217,800.00 | 396.00 | $550 | $550 | 0 |
| Michael C. Whalen | Associate | Litigation | 2015 | $7,672.50 | 27.90 | $275 (non-working travel) | $275 (non-working travel) | 0 |
| Samara M. Shepherd | Associate | Corporate | 2015 | $275.00 | 0.50 | $550 | $550 | 0 |
| Edward B. Seeger | Associate | Corporate | 2015 | $24,695.00 | 44.90 | $550 | N/A | 0 |
| Geoffrey Zee | Associate | Real Estate | 2015 | $13,475.00 | 24.50 | $550 | N/A | 0 |
| Daniel J. Miles | Associate | Corporate | 2016 | $445.50 | 0.90 | $495 | $495 | 0 |
| David U. Sayet | Associate | Corporate | 2016 | $39,303.00 | 79.40 | $495 | $495 | 0 |
| Jordan B. Johnson | Associate | Litigation | N/A | $2,623.50 | 5.30 | $495 | N/A | 0 |
| Bianca Lee | Associate | Corporate | 2017 | $2,425.50 | 4.90 | $495 | N/A | 0 |
| Jamie L. Tran | Associate | Real Estate | 2016 | $9,553.50 | 19.30 | $495 | N/A | 0 |
| Kristen M. Moran | Associate | Real Estate | 2016 | $396.00 | 0.80 | $495 | N/A | 0 |
| | | **Total Associate:** | | **$2,724,287.00** | **4,076.60** | | | |
| Jon S. Montgomery | Project Manager | | | $20,540.00 | 52.00 | $395 | N/A | 0 |
| Jocelyn Kuo | Paralegal | | | $61,161.00 | 165.30 | $370 | $370 | 0 |
| Manel Wijemanne | Paralegal | | | $20,825.00 | 59.50 | $350 | $350 | 0 |
| Niles Rath | Project | | | $13,601.00 | 40.60 | $335 | $335 | 0 |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | Manager | | | | | | | |
| Patricia L. Easley | Paralegal | | | $72,963.00 | 221.10 | $330 | $330 | 0 |
| Patricia L. Easley | Paralegal | | | $330.00 | 2.00 | $165 (non-working travel) | N/A | 0 |
| Irene Chang | Librarian | | | $188.00 | 0.80 | $235 | N/A | 0 |
| Yael Hopkovitz | Librarian | | | $67.50 | 0.30 | $225 | N/A | 0 |
| Xavier Paredes | Project Specialist | | | $215.00 | 1.00 | $215 | $215 | 0 |
| Mayra O. Lopez | Senior Analyst | | | $64.50 | 0.30 | $215 | N/A | 0 |
| Craig N. Richey | Property Analyst | | | $390.00 | 2.00 | $195 | N/A | 0 |
| | | | Total Paraprofessional: | $190,345.00 | 544.90 | | | |
| | Subtotal: | | | $5,453,933.25 | 7,246.40 | | | |
| | Less Voluntary Fee Reduction: | | | ($65,686.50) | | | | |
| | Grand Total: | | | $5,388,246.75 | 7,246.40 | | | |
| | Blended Rate: | | | | | | $743.58[1] | |
| | Blended Rate Excluding Paraprofessionals: | | | | | | $775.77[1] | |

Case Name:  In re Vanguard Natural Resources, LLC, *et al*.
Case Number:  17-30560 (MI), Jointly Administered
Applicant's Name:  Paul Hastings LLP
Date of Application:  September 30, 2017
Interim or Final:  Second Interim and Final

[1]   The blended rate reflects the voluntarily reduced fees divided by the total hours billed.

**SUMMARY OF TIMEKEEPERS INCLUDED IN THIS APPLICATION FOR FINAL FEE PERIOD**

| Name | Title or Position | Department, Group, or Section | Date of First Admission | Fees Billed in this Application | Hours Billed in this Application | Hourly Rate Billed | | Number of Rate Increases Since Case Inception |
|---|---|---|---|---|---|---|---|---|
| | | | | | | In this Application | In First Interim Application | |
| Michael L. Zuppone | Partner | Corporate | 1989 | $2,205.00 | 1.80 | $1,225 | N/A | 0 |
| David A. Hearth | Partner | Corporate | 1987 | $240.00 | 0.20 | $1,200 | N/A | 0 |
| Kevin C. Logue | Partner | Litigation | 1985 | $1,057.50 | 0.90 | $1,175 | N/A | 0 |
| Gregory V. Nelson | Partner | Tax | 1981 | $334,650.00 | 291.00 | $1,150 | $1,150 | 0 |
| Thomas R. Mounteer | Partner | Real Estate | 1986 | $8,030.00 | 7.30 | $1,100 | N/A | 0 |
| Alan W. Weakland | Partner | Real Estate | 1983 | $1,100.00 | 1.00 | $1,100 | N/A | 0 |
| James R. Bliss | Partner | Litigation | 1995 | $238,920.00 | 217.20 | $1,100 | $1,100 | 0 |
| Grace A. Carter | Partner | Litigation | 1981 | $1,430.00 | 1.30 | $1,100 | N/A | 0 |
| Chris L. Dickerson | Partner | Corporate | 1998 | $760,725.00 | 724.50 | $1,050 | $1,050 | 0 |
| Chris L. Dickerson | Partner | Corporate | 1998 | $19,897.50 | 37.90 | $525 (non-working travel) | $525 (non-working travel) | 0 |
| Yariv Katz | Partner | Corporate | 2002 | $12,075.00 | 11.50 | $1,050 | N/A | 0 |
| Bradley V. Ritter | Partner | Real Estate | 1991 | $3,997.50 | 3.90 | $1,025 | $1,025 | 0 |
| Kevin P. Broughel | Partner | Litigation | 2003 | $383,600.00 | 383.60 | $1,000 | $1,000 | 0 |
| Kevin P. Broughel | Partner | Litigation | 2003 | $34,150.00 | 68.30 | $500 (non-working travel) | $500 (non-working travel) | 0 |
| Douglas V. Getten | Partner | Corporate | 2006 | $512,070.00 | 525.20 | $975 | $975 | 0 |
| Lindsay R. Sparks | Partner | Corporate | 2001 | $188,792.50 | 204.10 | $925 | $925 | 0 |
| | | **Total Partner:** | | **$2,502,940.00** | **2,479.70** | | | |
| J. Mark Poerio | Counsel | Employment | 1985 | $47,250.00 | 42.00 | $1,125 | $1,125 | 0 |

| Wendell M. Faria | Counsel | Corporate | 1995 | $9,350.00 | 8.50 | $1,100 | N/A | 0 |
|---|---|---|---|---|---|---|---|---|
| Will Burns | Counsel | Corporate | 2007 | $8,610.00 | 8.20 | $1,050 | N/A | 0 |
| Jacqueline (Jackie) May | Counsel | Corporate | 1988 | $14,070.00 | 13.40 | $1,050 | N/A | 0 |
| Michael E. Comerford | Counsel | Corporate | 2003 | $654,312.00 | 657.60 | $995 | $995 | 0 |
| Michael E. Comerford | Counsel | Corporate | 2003 | $6,716.25 | 13.50 | $497.50 (non-working travel) | N/A | 0 |
| James T. Grogan | Counsel | Corporate | 2000 | $1,237,950.00 | 1,375.50 | $900 | $900 | 0 |
| Alex Bongartz | Counsel | Corporate | 2007 | $595.00 | 0.70 | $850 | N/A | 0 |
| Katherine A. Traxler | Counsel | Corporate | 1990 | $33,600.00 | 44.80 | $750 | $750 | 0 |
| | | **Total Counsel:** | | **$2,012,453.25** | **2,164.20** | | | |
| Todd M. Schwartz | Associate | Corporate | 2007 | $274,680.00 | 305.20 | $900 | $900 | 0 |
| Todd M. Schwartz | Associate | Corporate | 2007 | $9,360.00 | 20.80 | $450 (non-working travel) | $450 (non-working travel) | 0 |
| Jason C. Ewart | Associate | Corporate | 2008 | $86,537.50 | 98.90 | $875 | $875 | 0 |
| Kim R. Hicks | Associate | Corporate | 2009 | $48,562.50 | 55.50 | $875 | $875 | 0 |
| Alex Bongartz | Associate | Corporate | 2007 | $499,290.00 | 587.40 | $850 | $850 | 0 |
| Alex Bongartz | Associate | Corporate | 2007 | $9,350.00 | 22.00 | $425 (non-working travel) | $425 (non-working travel) | 0 |
| Jamie Suzanne Curry | Associate | Real Estate | 2011 | $34,155.00 | 41.40 | $825 | N/A | 0 |
| Suparna Salil | Associate | Corporate | 2010 | $28,462.50 | 34.50 | $825 | $825 | 0 |
| Brendan Gage | Associate | Corporate | 2011 | $715,557.50 | 923.30 | $775 | $775 | 0 |
| Brian J. Carter | Associate | Corporate | 2011 | $107,027.50 | 138.10 | $775 | $775 | 0 |
| Emily L. Seymore | Associate | Litigation | 2011 | $19,995.00 | 25.80 | $775 | N/A | 0 |
| Emmanuel Gastard | Associate | Litigation | 2012 | $16,662.50 | 21.50 | $775 | $775 | 0 |
| Isaac E. Griesbaum | Associate | Corporate | 2011 | $440,277.50 | 568.10 | $775 | $775 | 0 |
| Jessica Oliva | Associate | Litigation | 2012 | $180,187.50 | 232.50 | $775 | $775 | 0 |
| Kelly Padgett | Associate | Corporate | 2011 | $27,047.50 | 34.90 | $775 | N/A | 0 |
| Melissa B. Fishkin | Associate | Corporate | 2012 | $71,222.50 | 91.90 | $775 | N/A | 0 |
| Laura Bertilotti | Associate | Corporate | 2013 | $87,685.50 | 119.30 | $735 | $735 | 0 |
| David M. | Associate | Litigation | 2013 | $15,525.00 | 23.00 | $675 | $675 | 0 |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Morduchowitz | | | | | | | | |
| Madeline H. Kwong | Associate | Litigation | 2014 | $19,980.00 | 29.60 | $675 | $675 | 0 |
| William H. Prokop | Associate | Real Estate | 2014 | $79,396.50 | 129.10 | $615 | N/A | 0 |
| William J. Son | Associate | Real Estate | 2014 | $11,992.50 | 19.50 | $615 | N/A | 0 |
| Paula Kim | Associate | Real Estate | 2015 | $8,794.50 | 14.30 | $615 | N/A | 0 |
| Daniel M. Liebowitz | Associate | Real Estate | 2015 | $676.50 | 1.10 | $615 | N/A | 0 |
| Michael Lin | Associate | Corporate | 2014 | $15,621.00 | 25.40 | $615 | N/A | 0 |
| Daniel F. Newman | Associate | Litigation | 2014 | $841,873.50 | 1,368.90 | $615 | $615 | 0 |
| Daniel F. Newman | Associate | Litigation | 2014 | $369.00 | 1.20 | $307.50 (non-working travel) | $307.50 (non-working travel) | 0 |
| Daniel Faichney | Associate | Corporate | 2014 | $147,784.50 | 240.30 | $615 | $615 | 0 |
| David P. Stanek | Associate | Real Estate | 2012 | $3,874.50 | 6.30 | $615 | $615 | 0 |
| Douglass E. Barron | Associate | Corporate | 2012 | $363,034.50 | 590.30 | $615 | $615 | 0 |
| Shlomo Maza | Associate | Corporate | 2012 | $21,525.00 | 35.00 | $615 | $615 | 0 |
| Alexander K. Ehmke | Associate | Litigation | N/A | $17,380.00 | 31.60 | $550 | $550 | 0 |
| Jessica R. Montes | Associate | Litigation | 2016 | $19,140.00 | 34.80 | $550 | $550 | 0 |
| Matthew D. Turner | Associate | Corporate | 2015 | $370,040.00 | 672.80 | $550 | $550 | 0 |
| Michael C. Whalen | Associate | Litigation | 2015 | $307,340.00 | 558.80 | $550 | $550 | 0 |
| Michael C. Whalen | Associate | Litigation | 2015 | $7,672.50 | 27.90 | $275 (non-working travel) | N/A | 0 |
| Samara M. Shepherd | Associate | Corporate | 2015 | $7,370.00 | 13.40 | $550 | $550 | 0 |
| Edward B. Seeger | Associate | Corporate | 2015 | $24,695.00 | 44.90 | $550 | N/A | 0 |
| Geoffrey Zee | Associate | Real Estate | 2015 | $13,475.00 | 24.50 | $550 | N/A | 0 |
| Daniel J. Miles | Associate | Corporate | 2016 | $4,356.00 | 8.80 | $495 | $495 | 0 |
| Danielle E. Glazer | Associate | Corporate | 2016 | $7,920.00 | 16.00 | $495 | $495 | 0 |
| Danielle E. Glazer | Associate | Corporate | 2016 | $1,856.25 | 7.50 | $247.50 (non-working travel) | $247.50 (non-working travel) | 0 |
| David U. Sayet | Associate | Corporate | 2016 | $41,431.50 | 83.70 | $495 | $495 | 0 |
| Jordan B. Johnson | Associate | Litigation | N/A | $2,623.50 | 5.30 | $495 | N/A | 0 |
| Neil R. Patel | Associate | Corporate | 2016 | $247.50 | 0.50 | $495 | $495 | 0 |

| Samuel J. Domjen | Associate | Corporate | 2016 | $26,878.50 | 54.30 | $495 | $495 | 0 |
|---|---|---|---|---|---|---|---|---|
| Bianca Lee | Associate | Corporate | 2017 | $2,425.50 | 4.90 | $495 | N/A | 0 |
| Jamie L. Tran | Associate | Real Estate | 2016 | $9,553.50 | 19.30 | $495 | N/A | 0 |
| Kristen M. Moran | Associate | Real Estate | 2016 | $396.00 | 0.80 | $495 | N/A | 0 |
| | | **Total Associate:** | | **$5,051,308.25** | **7,414.90** | | | |
| G. Norman Carnahan | Property Analyst Specialist | | | $4,606.50 | 8.30 | $555 | $555 | 0 |
| Rosetta S. Kromer | Paralegal | | | $2,133.00 | 5.40 | $395 | $395 | 0 |
| Jon S. Montgomery | Project Manager | | | $20,540.00 | 52.00 | $395 | N/A | 0 |
| Jocelyn Kuo | Paralegal | | | $121,286.00 | 327.80 | $370 | $370 | 0 |
| Manel Wijemanne | Paralegal | | | $40,775.00 | 116.50 | $350 | $350 | 0 |
| Miguel L. Checo | Project Manager | | | $167.50 | 0.50 | $335 | $335 | 0 |
| Niles Rath | Project Manager | | | $18,626.00 | 55.60 | $335 | $335 | 0 |
| Patricia L. Easley | Paralegal | | | $75,042.00 | 227.40 | $330 | $330 | 0 |
| Patricia L. Easley | Paralegal | | | $330.00 | 2.00 | $165 (non-working travel) | N/A | 0 |
| Elizabeth Elliott | Librarian | | | $357.50 | 1.30 | $275 | $275 | 0 |
| Irene Chang | Librarian | | | $188.00 | 0.80 | $235 | N/A | 0 |
| Javii D. Austin | Librarian | | | $382.50 | 1.70 | $225 | $225 | 0 |
| Yael Hopkovitz | Librarian | | | $67.50 | 0.30 | $225 | N/A | 0 |
| Xavier Paredes | Project Specialist | | | $279.50 | 1.30 | $215 | $215 | 0 |
| Mayra O. Lopez | Senior Analyst | | | $64.50 | 0.30 | $215 | N/A | 0 |
| Craig N. Richey | Property Analyst | | | $390.00 | 2.00 | $195 | N/A | 0 |
| Heather R. O'Dea | Research Assistant | | | $70.00 | 0.50 | $140 | $140 | 0 |

| | | Total Paraprofessional: | $285,305.50 | 803.70 | | | |
|---|---|---|---|---|---|---|---|
| | Subtotal: | | $9,852,007.00 | 12,862.50 | | | |
| | Less Voluntary Fee Reduction: | | ($134,482.00) | | | | |
| | Grand Total: | | $9,717,525.00 | 12,862.50 | | | |
| | Blended Rate: | | | | | $755.49[1] | |
| | Blended Rate Excluding Paraprofessionals: | | | | | $782.70[1] | |

Case Name:  In re Vanguard Natural Resources, LLC, *et al*.
Case Number:   17-30560 (MI), Jointly Administered
Applicant's Name:  Paul Hastings LLP
Date of Application:  September 30, 2017
Interim or Final:  Second Interim and Final

---

[1]   The blended rate reflects the voluntarily reduced fees divided by the total hours billed.

## **EXHIBIT D-1**

## **SUMMARY OF COMPENSATION REQUESTED BY PROJECT CATEGORY**

## SUMMARY OF COMPENSATION REQUESTED BY PROJECT CATEGORY
## FOR INTERIM FEE PERIOD

| Project Category | Hours Billed | Fees Sought |
|---|---|---|
| B110   Case Administration | 139.00 | $99,462.50 |
| B112   General Creditor Inquiries | 0.90 | $553.50 |
| B113   Pleadings Review | 47.30 | $27,832.50 |
| B130   Asset Disposition | 466.10 | $356,104.00 |
| B140   Relief from Stay / Adequate Protection Proceedings | 51.40 | $38,258.00 |
| B150   Meetings of and Communications with Creditors | 8.20 | $4,260.50 |
| B155   Court Hearings | 455.20 | $276,173.50 |
| B160   Employment / Fee Applications (Paul Hastings and Other Professionals) | 172.60 | $113,030.00 |
| B181   Preference Analysis and Recovery Actions | 8.90 | $5,473.50 |
| B185   Assumption / Rejection of Leases and Contracts | 32.90 | $26,434.50 |
| B190   Other Contested Matters | 1,235.70 | $910,333.00 |
| B195   Non-Working Travel | 115.90 | $51,318.75 |
| B210   Business Operations | 759.90 | $503,555.50 |
| B211   Financial Reports (Monthly Operating Reports) | 4.60 | $3,169.50 |
| B220   Employee Benefits / Pensions | 83.00 | $75,561.00 |
| B230   Financing / Cash Collections | 82.30 | $69,029.50 |
| B232   Exit Financing | 863.20 | $638,251.50 |
| B240   Tax Issues | 142.80 | $163,195.00 |
| B241   Environmental Issues | 8.40 | $8,030.00 |
| B260   Board of Directors Matters | 24.80 | $19,291.50 |
| B310   Claims Administration and Objections | 251.00 | $178,156.00 |
| B320   Plan and Disclosure Statement (including Business Plan) | 2,292.30 | $1,820,773.00 |
| **TOTAL** | **7,246.40** | **$5,388,246.75** |

Case Name:  In re Vanguard Natural Resources, LLC, *et al.*
Case Number:   17-30560 (MI), Jointly Administered
Applicant's Name:  Paul Hastings LLP
Date of Application:  September 30, 2017
Interim or Final:  Second Interim and Final

**SUMMARY OF COMPENSATION REQUESTED BY PROJECT CATEGORY**
**FOR FINAL FEE PERIOD**

| Project Category | Hours Billed | Fees Sought |
|---|---:|---:|
| B110   Case Administration | 481.60 | $341,100.50 |
| B111   Schedules and Statements of Financial Affairs | 42.30 | $32,128.50 |
| B112   General Creditor Inquiries | 6.10 | $4,138.50 |
| B113   Pleadings Review | 127.10 | $69,602.00 |
| B130   Asset Disposition | 1,143.60 | $893,503.50 |
| B140   Relief from Stay / Adequate Protection Proceedings | 268.70 | $180,277.50 |
| B150   Meetings of and Communications with Creditors | 71.00 | $56,550.50 |
| B155   Court Hearings | 815.70 | $544,988.50 |
| B160   Employment / Fee Applications (Paul Hastings and Other Professionals) | 258.90 | $169,544.00 |
| B161   Budgeting (Case) | 4.20 | $781.50 |
| B181   Preference Analysis and Recovery Actions | 8.90 | $5,473.50 |
| B185   Assumption / Rejection of Leases and Contracts | 658.80 | $542,769.50 |
| B190   Other Contested Matters | 1,761.20 | $1,297,335.50 |
| B191   General Litigation | 17.70 | $12,413.00 |
| B195   Non-Working Travel | 205.60 | $93,751.50 |
| B210   Business Operations | 1,067.00 | $716,736.50 |
| B211   Financial Reports (Monthly Operating Reports) | 30.40 | $21,783.00 |
| B220   Employee Benefits / Pensions | 120.90 | $105,992.50 |
| B230   Financing / Cash Collections | 225.90 | $180,577.00 |
| B232   Exit Financing | 888.90 | $654,001.50 |
| B240   Tax Issues | 244.30 | $279,215.00 |
| B241   Environmental Issues | 8.40 | $8,030.00 |
| B260   Board of Directors Matters | 39.10 | $33,198.00 |
| B310   Claims Administration and Objections | 344.30 | $238,796.50 |
| B311   Reclamation and PACA Claims | 6.20 | $3,882.00 |
| B320   Plan and Disclosure Statement (including Business Plan) | 4,015.70 | $3,230,955.00 |
| **TOTAL** | **12,862.50** | **$9,717,525.00** |

Case Name:  In re Vanguard Natural Resources, LLC, *et al*.
Case Number:   17-30560 (MI), Jointly Administered
Applicant's Name:  Paul Hastings LLP
Date of Application:  September 30, 2017
Interim or Final:  Second Interim and Final

**<u>EXHIBIT D-2</u>**

**EXPENSE SUMMARY**

## SUMMARY OF EXPENSE REIMBURSEMENT REQUESTED BY CATEGORY
## FOR THE INTERIM FEE PERIOD

| CATEGORY | AMOUNT |
|---|---|
| Airfare | $10,043.80 |
| Lodging | $4,854.28 |
| Meals | $4,249.41 |
| Travel Expense – Internet | $33.45 |
| Travel Expense – Parking | $421.00 |
| Taxi / Ground Transportation | $1,794.09 |
| Certified Copies of Documents | $4,221.92 |
| Computer Search | $71,299.04 |
| Conference calls – Domestic | $353.37 |
| Courier Service | $1,323.82 |
| Court Reporting Services | $11,178.22 |
| Database Storage | $148.20 |
| Filing Fees | $10.00 |
| In-house Reproduction Charges ($.08 per page for black and white) | $3,417.60 |
| Outside Printing and Photocopy | $6,687.54 |
| Outside Professional Services | $38,180.43 |
| Secretarial Assistance | $35.00 |
| Postage / Express Mail | $1.39 |
| Materials for Court | $203.49 |
| **TOTAL** | **$158,456.05** |

Case Name:  In re Vanguard Natural Resources, LLC, *et al*.
Case Number:   17-30560 (MI), Jointly Administered
Applicant's Name:  Paul Hastings LLP
Date of Application:  September 30, 2017
Interim or Final:  Second Interim and Final

**SUMMARY OF EXPENSE REIMBURSEMENT REQUESTED BY CATEGORY
FOR THE FINAL FEE PERIOD**

| CATEGORY | AMOUNT |
|---|---|
| Airfare | $22,060.95 |
| Lodging | $13,123.68 |
| Meals | $5,875.02 |
| Travel Expense – Internet | $169.29 |
| Travel Expense – Parking | $910.50 |
| Taxi / Ground Transportation | $4,099.95 |
| Certified Copies of Documents | $4,221.92 |
| Computer Search | $190,822.05 |
| Conference calls – Domestic | $410.79 |
| Courier Service | $1,964.41 |
| Court Reporting Services | $12,072.87 |
| Court Fee | $31.00 |
| Database Storage | $148.20 |
| Filing Fees | $10.00 |
| In-house Reproduction Charges ($.08 per page for black and white) | $4,246.48 |
| In-house Reproduction Charges – Color ($.50 per page for color) | $1,311.50 |
| Outside Printing and Photocopy | $15,002.42 |
| Outside Professional Services | $48,680.74 |
| Secretarial Assistance | $35.00 |
| Postage / Express Mail | $5.27 |
| Materials for Court | $338.71 |
| **TOTAL** | **$325,540.75** |

Case Name:  In re Vanguard Natural Resources, LLC, *et al*.
Case Number:   17-30560 (MI), Jointly Administered
Applicant's Name:  Paul Hastings LLP
Date of Application:  September 30, 2017
Interim or Final:  Second Interim and Final

**EXHIBIT E**

**SUMMARY COVER SHEET OF FEE APPLICATION**

| | |
|---|---|
| Name of applicant: | Paul Hastings LLP |
| Name of client: | Vanguard Natural Resources, LLC, *et al.* |
| Interim period covered by this Application: | May 1, 2017 through and including August 1, 2017 (the "Interim Fee Period") |
| Final period covered by this Application: | February 1, 2017 through and including August l, 2017 (the "Final Fee Period") |
| Total compensation sought this Interim Fee Period: | $5,388,246.75[1] |
| Total expenses sought this Interim Fee Period: | $158,456.05 |
| Petition date: | February 1, 2017 |
| Retention date: | February 1, 2017 |
| Date of order approving employment: | March 1, 2017 *nunc pro tunc* February 1, 2017 [Docket No. 281] |
| Total compensation approved by interim order to date: | $4,329,278.25 |
| Total expenses approved by interim order to date: | $167,084.70 |
| Total allowed compensation paid to date: | $4,329,278.25 |
| Total allowed expenses paid to date: | $167,084.70 |
| Blended rate in this Application for all attorneys for Interim Fee Period and Final Fee Period, respectively: | $776[2] <br> $783[2] |
| Blended rate in this Application for all timekeepers for Interim Fee Period and Final Fee Period, respectively: | $744[2] <br> $755[2] |
| Interim compensation sought in this Application already paid pursuant to a monthly compensation order but not yet allowed: | $925,844.44 |
| Interim expenses sought in this Application already paid | $74,155.91 |

---

[1]  As a courtesy to the Debtors, Paul Hastings voluntarily reduced its fees by **$65,686.50** during the Interim Fee Period. The time billed by these timekeepers was reasonable, and Paul Hastings reserves the right to seek payment of these fees based on the facts and circumstances of these cases, including, without limitation, if objections are interposed to the allowance of Paul Hastings' fees and expenses.

[2]  The blended hourly rate reflects the voluntarily reduced fees divided by the total hours billed.

| | |
|---|---|
| pursuant to a monthly compensation order but not yet allowed: | |
| Number of professionals included in this Application for Interim Fee Period: | 60, including 16 professionals whose fees Paul Hastings voluntarily waived in full, and an additional 10 professionals whose fees were waived in part |
| If applicable, number of professionals in this Application not included in staffing plan approved by client: | N/A |
| If applicable, difference between fees budgeted and compensation sought for this period: | N/A |
| Number of professionals billing fewer than 15 hours to the case during the Interim Fee Period: | 24, including 16 professionals whose fees Paul Hastings voluntarily waived in full |
| Are any rates higher than those approved or disclosed at retention?  If yes, calculate and disclose the total compensation sought in this Application using the rates originally disclosed in the retention application: | No |

Case Name:  In re Vanguard Natural Resources, LLC, *et al*.
Case Number:   17-30560 (MI), Jointly Administered
Applicant's Name:  Paul Hastings LLP
Date of Application:  September 30, 2017
Interim or Final:  Second Interim and Final