IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
11/20/2017

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 |
| | § | |
| VANGUARD NATURAL RESOURCES, LLC | § | CASE NO: 17-30560 |
| | § | |
| Reorganized Debtors | § | (Jointly Administered) |

## MEMORANDUM OPINION

Retova Resources, L.P. filed a motion seeking an order under Federal Rule of Bankruptcy Procedure 9014 directing that Federal Rule of Bankruptcy Procedure 7023 (*i.e.*, class certification) is applicable to Retova's application for allowance and payment of its administrative priority claim. Retova also seeks class certification of a putative class consisting of oil and gas royalty interest holders. Retova alleges that Vanguard Operating, LLC and Vanguard Permian, LLC (collectively, "Vanguard Operating") underpaid Retova's and the proposed class Members' royalties by deducting post-production costs from the royalty calculations in contrivance to the royalty agreements.

Vanguard Natural Resources, LLC *et al* (the "Debtors"), of which Vanguard Operating is a member, object to Retova's motion, arguing that the Court should not permit application of Bankruptcy Rule 7023 to this contested matter for administrative expenses because: neither the Bankruptcy Code nor the Debtors' chapter 11 plan permit the filing of a class application for administrative expenses; bankruptcy courts in Texas previously denied requests for class certification under Federal Rule of Civil Procedure 23 in similar contexts; procedural and substantive flaws in the motion should result in disallowance of Retova's class claim; and Retova is not an agent or fiduciary of the putative class and is thus unable to assert a class claim on the class's behalf.

Retova's motion is denied.

## Background

Retova and the putative class members entered into various royalty agreements with Vanguard Operating under which Vanguard Operating received the right to produce natural gas on lands in Colorado in exchange for an obligation to pay royalties to Retova and to the putative class members. (ECF No. 1325 at 4). These royalty payments consist of a specified percentage of the prices received by Vanguard Operating for the marketable residue gas and natural gas liquid products at the first commercial market. (ECF No. 1325 at 4). Retova identified 136 lease agreements that include six forms of royalty provisions allegedly silent regarding Vanguard Operating's ability to deduct post-production costs from the prices it receives for the gas it produces and sells. (ECF No. 1325 at 4). Retova contends that it owns royalties pursuant to nine lease agreements containing one of these six forms of royalty provisions. (ECF No. 1325 at 6).

On December 10, 2015, Retova filed a class complaint on behalf of itself and other, similar parties against Vanguard Operating in Colorado State Court. (ECF No. 1395 at 6; ECF No. 1417 at 4). In that suit, Retova alleges that Vanguard Operating breached its royalty payment obligations owed to Retova and the putative class by failing to pay the royalties based on the prices received from the sale of marketable natural gas and natural gas liquids at the first commercial market as required by their royalty agreements. (ECF No. 1395 at 6; ECF No. 1417 at 4). Instead, Retova argues that Vanguard Operating deducted post-production costs from the prices it received for the gas it produced and sold at the first commercial market, an act not expressly authorized by the royalty agreements in question. (ECF No. 1325 at 8).

Retova defines the putative class as:

> All persons and entities . . . to whom Vanguard Permian, LLC and/or Vanguard Operating, LLC has paid royalties or overriding royalties . . . on Natural Gas . . .

> produced from Colorado wells from December 10, 2009, pursuant to leases or overriding royalty agreements . . . which do not expressly authorize the deduction of costs incurred to market such gas after it is severed from the wellhead in the calculation of the royalties.

(ECF No. 1325 at 3). As a purported holder of royalties under nine such leases, Retova contends that it qualifies as a member of the putative class. (ECF No. 1325 at 6).

On January 4, 2016, Vanguard Operating filed a motion to dismiss Retova's class action complaint under Colorado law due to a failure to exhaust all administrative remedies with the Colorado Oil and Gas Conservation Commission. (ECF No. 1417 at 5). The Colorado Denver District Court denied Vanguard Operating's motion, and the Colorado Court of Appeals denied Vanguard Operating's request to certify the denial for appeal. (ECF No. 1417 at 5).

On April 15, 2016, Vanguard Operating filed a motion to deny class certification in the Colorado Denver District Court, which the court denied. (ECF No. 1417 at 5).

The Debtors each filed voluntary chapter 11 bankruptcy petitions on February 1, 2017. (ECF No. 1). These petitions were consolidated for procedural purposes and jointly administered pursuant to the Court's Order. (ECF No. 54).

On behalf of itself and the putative class, Retova filed a timely class proof of claim based upon the allegations within its Colorado class action complaint. (ECF No. 1324; ECF No. 1417 at 6). The Debtors recognized Retova's filing of this claim and disagreed with the allegations within their disclosure statement. (ECF No. 892 at 89).

The Court confirmed the Debtors' chapter 11 plan on July 18, 2017, which became effective according to its terms on August 1, 2017. (ECF No. 1109; ECF No. 1219). The plan established August 31, 2017, as the bar date for the filing of administrative claims in the Debtors' bankruptcy case; any General Administrative Claims—as defined in the plan—not filed by the bar date would be discharged. (*See* ECF No. 843 at 17, 32–33). Additionally, the plan

limits the filing of General Administrative Claims to a Holder, defined as "an Entity holding a Claim." (ECF No. 843 at 18, 32–33).

The Debtors notified every royalty holder on their books and records of the provisions of the chapter 11 plan during the plan solicitation and confirmation process. (ECF No. 964; ECF No. 1395 at 6). These royalty holders also received service of the Notice of the Effective Date and publication notice of the plan. (ECF No. 952; ECF No. 1219; ECF No. 1395 at 6). The noticed royalty holders included all putative class members.

On August 31, 2017, Retova filed an application for approval and payment of an administrative priority claim on behalf of itself and the putative class. (ECF No. 1324). The application seeks payment of all amounts due under Retova's and the class's royalty agreements from February 1, 2017, to August 1, 2017. (ECF No. 1324 at 2).

Retova concurrently filed its motion seeking an order under Bankruptcy Rule 9014 directing that Bankruptcy Rule 7023 is applicable to Retova's application for allowance and payment of its administrative priority claim, as well as an order for class certification of the putative class. (ECF No. 1325). Within this motion, Retova argues that, pursuant to Bankruptcy Rule 9014, the Court has the authority to apply Bankruptcy Rule 7023 and thus Federal Rule of Civil Procedure 23 to the contested matter initiated by Retova's application for allowance and payment of its administrative priority claim. (ECF No. 1325 at 14). Because class actions promote efficiency and economy in litigation and permit the putative class to litigate claims that would otherwise be uneconomical to pursue individually, and because the class purportedly satisfies the prerequisites of Rule 23(a) and (b) for maintenance of a class action, Retova asserts that the Court should exercise its authority to apply Bankruptcy Rule 7023 in this proceeding and certify the class. (ECF No. 1325 at 14–25).

The Debtors filed an objection to Retova's motion for class certification on the issue of the applicability of Bankruptcy Rule 7023 to this proceeding on September 22, 2017. (ECF No. 1395). The Debtors' objection argues that: Retova and the putative class do not qualify as "entities" under 11 U.S.C. § 503(a) and thus cannot request payment of administrative expenses; their chapter 11 plan does not permit parties to make requests for payment of administrative expenses on behalf of other parties that did not make their own timely request for such payment; bankruptcy courts in Texas previously considered and denied requests for class certification under Rule 23 in regards to class proofs of claim; Federal Rule of Bankruptcy Procedure 3001(b) does not apply to requests for payment of administrative expenses; allowing the class claim would be in direct contravention of the discharge of the class's claims under 11 U.S.C. § 1141(d); Retova's motion is untimely; and the putative class cannot satisfy the requirements of Rule 23. (ECF No. 1395 at 9–23). Retova and the Debtors subsequently filed multiple responses and supplemental briefings regarding Retova's motion. (*See* ECF No. 1417; ECF No. 1469; ECF No. 1470).

The Court held oral arguments for Retova's motion on October 24, 2017. The Court took the matter under advisement at the conclusion of the parties' arguments.

## Jurisdiction

The District Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), (C), and (O).

## Analysis

An application for an administrative expense, if objected to, gives rise to a contested matter. *Matter of TransAmerican Nat. Gas Corp.*, 978 F.2d 1409, 1416 (5th Cir. 1992).

Bankruptcy Rule 9014(c) governs contested matters and authorizes bankruptcy courts to direct that Rule 7023—and thus Rule 23—applies to a contested matter. FED. R. BANKR. P. 9014(c).

As recognized by the Fifth Circuit in *In re TWL Corp.*, Rule 23's operation in contested matters follows a two-step process. First, the Court must determine whether to exercise its discretion under Rule 9014 as to whether to apply Rule 23 to the contested matter. 712 F.3d 886, 892 (5th Cir. 2013) (citing 10 COLLIER ON BANKRUPTCY ¶ 7023.01). Second, if the Court decides to apply Rule 23 to the proceeding, it must determine whether that Rule's requirements for class certification are satisfied. *Id.* at 892–93.

As the Debtors highlight in their objection to Retova's motion, the Fifth Circuit has not addressed whether a *class proof of claim* is permissible under the Bankruptcy Code and Federal Rules of Bankruptcy Procedure. *See Id.* at 892. Additionally, in *In re FIRSTPLUS Fin., Inc.*, the Northern District of Texas denied the plaintiffs' motion to certify a proposed class consisting of itself and similarly situated consumer borrowers of the debtor in an adversary proceeding. 248 B.R. 60 (Bankr. N.D. Tex. 2000). The district court determined that, pursuant to Bankruptcy Rule 3001(b), only a creditor or an authorized agent of a creditor may file a proof of claim in a bankruptcy case. *Id.* at 67. Because it found that a putative class representative is not an "authorized agent" of a class, that proofs of claim do not demonstrate an agency relationship, and thus that the plaintiffs were not the authorized agents of the putative class, the district court ruled that the class proof of claim was filed by an improper party and thus invalid. *Id.* at 67–71.

Retova has not been authorized by the Class to be its agent. Because the Northern District of Texas ruled in *In re FIRSTPLUS Fin., Inc.* that a putative class representative is not an authorized agent of a class, the Debtors argue that Retova is unable to file an administrative claim on behalf of the putative class.

The Northern District of Texas' position in *In re FIRSTPLUS Fin., Inc.* is "in the minority with this view . . . ." *Id.* at 67. The majority of Federal Circuit Courts determining whether a class proof of claim is permissible under the Bankruptcy Code and Federal Rules of Bankruptcy Procedure ruled that Bankruptcy Rule 9014 allows bankruptcy courts to apply Bankruptcy Rule 7023 and Rule 23 to any stage of a contested matter, including the filing of a proof of claim. *See Matter of Am. Reserve Corp.*, 840 F.2d 487, 488 (7th Cir. 1988); *Reid v. White Motor Corp.*, 886 F.2d 1462, 1470 (6th Cir. 1989); *In re Trebol Motors Distrib. Corp.*, 220 B.R. 500, 502 (B.A.P. 1st Cir. 1998); *Gentry v. Siegel*, 668 F.3d 83, 88–89 (4th Cir. 2012).

This circuit majority also finds that a putative class representative becomes an agent of the class once the class is certified pursuant to Rule 23. *Am. Reserve Corp.*, 840 F.2d at 493; *Gentry*, 668 F.3d at 90. This authorization as an agent by class certification arises even if the agent was originally self-appointed. *Am. Reserve Corp.*, 840 F.2d at 493. As an agent, the representative of the certified class may file a proof of claim on behalf of the class regardless of the language of 11 U.S.C. § 501. *Id.*; *Gentry*, 668 F.3d at 90. However, the putative representative keeps a potential case alive pending class certification, thus allowing that putative representative to file class proofs of claim on a conditional basis until the presiding court certifies the class or rejects the class action. *Am. Reserve Corp.*, 840 F.2d at 49; *Gentry*, 668 F.3d at 90.

Based upon the Fifth Circuit's recognition in *TWL Corp.* of Rule 23's operation in contested matters, the lack of Fifth Circuit case law regarding whether a class proof of claim is permissible under the Bankruptcy Code and Bankruptcy Rules, and the weight of Federal Circuit Court decisions on that same issue, the Court finds that bankruptcy courts may apply Rule 23 to class proofs of claim or administrative claims. Finally, the Court finds that a putative

representative may file a conditional class proof of claim on behalf of a putative class that may later be certified—making the putative representative an actual agent of the class. If the class is not certified, each putative class member would be required to file its own proof of claim.

Applying these conclusions to this case, the Court determines that, while the class has not been certified and Retova has not been officially authorized by the class to be its agent, Retova may file a conditional class proof of claim on behalf of the putative class in the Debtors' bankruptcy case. Consequently, the Court must follow the two-step process set forth in *TWL Corp.* for Rule 23's operation in contested matters.

### *Should the Court Exercise Its Discretion Under Rule 9014?*

When considering whether to apply Rule 23 to a proceeding, the Court considers such factors as: (i) whether the class at issue was certified pre-petition; (ii) whether the members of the putative class received notice of the claims bar date; and (iii) whether class certification would adversely affect the administration of the underlying bankruptcy case. *In re TWL Corp.*, 712 F.3d 886, 893 (5th Cir. 2013). The Court may additionally consider the benefits and costs of class litigation to the estate. *Id.*

*Whether the class at issue was certified pre-petition*

Retova admits that it failed to obtain class certification before the Debtors filed for chapter 11 bankruptcy relief. (ECF No. 1417 at 8). Factor one weighs against applying Rule 23 to this proceeding.

*Whether the putative class received notice of the claims bar date*

The Debtors' entire creditor matrix received notice of the provisions of the Debtors' chapter 11 plan, which included the bar date for administrative claims. (ECF No. 964). The creditors also received notice of the effective date of the Debtors' plan, which put the putative

class members on notice of the administrative claims bar date. (ECF No. 964; ECF No. 1219; ECF No. 1246). The Debtors additionally provided publication notice of their chapter 11 plan to notify any creditor whose address was unknown as of the bar date for administrative claims under the plan. (ECF No. 952). As a result, factor two weighs against applying Rule 23 to this proceeding.

*Whether class certification adversely affects administration of the bankruptcy case*

Class certification and the consequent admittance of the putative class's administrative claim would adversely affect the administration of the Debtors' bankruptcy case at this stage because the administrative bar date already passed and the Plan has been substantially consummated. (ECF No. 843 at 32–33; ECF No. 1395 at 16). Such events occurred after no putative class member (other than Retova) filed an administrative claim in the Debtors' bankruptcy case. (ECF No. 952; ECF No. 964; ECF No. 1219; ECF No. 1246; ECF No. 1325). Class certification and admittance of the putative class's administrative claims would thus resurrect claims already discharged under 11 U.S.C. § 1141 and the Debtors' chapter 11 plan. Factor three weighs against applying Rule 23 to this proceeding. (ECF No. 1395 at 6).

*The benefits and costs of class litigation to the bankruptcy estate*

At another stage of this proceeding, allowing class litigation might have benefitted the bankruptcy system by allowing legitimate claimants of a debtor to obtain their rightful distributions through the proof of claim process. Because unfiled administrative claims are discharged, there is no benefit to the estate in allowing the matter to proceed under Rule 23. This factor weighs against applying Rule 23 to this proceeding.

Because each of these factors weighs against Retova's position, the Court determines that it should not exercise its discretion under Rule 9014 and apply Rule 23 to this contested matter.

*Are Rule 23's Requirements for Class Certification Satisfied?*

Because the Court determines that it should not exercise its discretion under Bankruptcy Rule 9014 to apply Rule 23 to this contested matter, the Court need not analyze whether Rule 23's requirements for class certification are satisfied in this case.

*Statute of Limitations for the Putative Class's Individual Claims*

If a bankruptcy court denies a class certification motion, it may establish a reasonable time within which the putative class members are allowed to file their individual proofs of claim in a debtor's bankruptcy case. *In re TWL Corp.*, 712 F.3d 886, 899 (5th Cir. 2013) (citing *Gentry v. Siegel*, 668 F.3d 83, 91 (4th Cir. 2012)). Some courts have allowed such tolling of a claims bar date for members of a putative class even where those members received notice of a claims bar date, failed to file their individual proofs of claim, and did not prove that they relied on a timely-filed class proof of claim. *See, e.g.*, *In re Connaught Grp., Ltd.*, 491 B.R. 88, 97 (Bankr. S.D.N.Y. 2013).

This tolling rule does not appear to apply to the putative class members' claims. The putative class members received notice of the administrative claims bar date under the Debtors' chapter 11 plan as early as June 20, 2017. (ECF No. 964). However, none of these putative class members filed an administrative priority claim before the August 31, 2017 bar date. (ECF No. 1417 at 11). Retova timely filed its application for allowance and payment of the class administrative priority claim; however, this filing took place on the bar date itself, August 31. (ECF No. 1324). Such a filing is in stark contrast to the filing in *In re Connaught Grp., Ltd.*, which occurred "long before" the claims bar date and thus allowed the class members the opportunity to rely on that class claim. 491 B.R. at 97. It would be inequitable for the Court to toll the Debtors' claims bar date based upon Retova's application and establish a new bar date

for the putative class members' individual claims.  Notwithstanding the foregoing, the Court does not preclude an individual putative class member from demonstrating appropriate circumstances that would toll the administrative bar date for that individual claimant.

## Conclusion

The Court will issue an Order consistent with this Memorandum Opinion.

SIGNED **November 20, 2017.**

_____
Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE