# EXHIBIT 1

**Schedule 1**

Schedule 1 – Assumed Contract Claims

| Claimant Name | Claimant Address | Debtor Name | Filed Date | Claim to Be Disallowed | Secured | Admin. | Priority | Unsecured | Asserted Claim Total | Ground for Objection |
|---|---|---|---|---|---|---|---|---|---|---|
| AIG Specialty Insurance Company, on behalf of the Entities Listed on Exhibit A | Attn: Kevin Larner AIG, Inc. 175 Water Street, 15th Floor New York, NY 10038 | Vanguard Natural Resources, LLC | 4/26/2017 | 696 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Underlying contract assumed; no outstanding prepetition amounts due. |
| American National Insurance Company | Frederick Black/Tara Annweiler Greer, Herz & Adams, LLP One Moody Plaza, 18th Floor Galveston, TX 77550 | Escambia Operating Co. LLC | 4/30/2017 | 831 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Underlying contract assumed; no outstanding prepetition amounts due. |

**Schedule 2**

Schedule 2 – Contingent D&O Indemnity Claims

| Claimant Name | Claimant Address | Debtor Name | Filed Date | Claim to Be Disallowed | Secured | Admin. | Priority | Unsecured | Asserted Claim Total | Ground for Objection |
|---|---|---|---|---|---|---|---|---|---|---|
| Anderson, Richard | Robin Russell Andrews Kurth Kenyon LLP 600 Travis, Suite 4200 Houston, TX 77002 | Vanguard Natural Resources, LLC | 4/28/2017 | 821 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | The claims are contingent and unliquidated and the Debtors have no liability. The D&O indemnification obligations were assumed by the Reorganized Debtors. |
| Singletary, Loren B. | Robin Russell Andrews Kurth Kenyon LLP 600 Travis, Suite 4200 Houston, TX 77002 | Vanguard Natural Resources, LLC | 4/28//2017 | 843 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | The claims are contingent and unliquidated and the Debtors have no liability. The D&O indemnification obligations were assumed by the Reorganized Debtors. |
| McCollough, Bruce W. | Robin Russell Andrews Kurth Kenyon LLP 600 Travis, Suite 4200 Houston, TX 77002 | Vanguard Natural Resources, LLC | 4/28//2017 | 844 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | The claims are contingent and unliquidated and the Debtors have no liability. The D&O indemnification obligations were assumed by the Reorganized Debtors. |

**Schedule 3**

Schedule 3 – Late-Filed Claim

| Claimant Name | Claimant Address | Debtor Name | Filed Date | Claim to Be Disallowed | Secured | Admin. | Priority | Unsecured | Asserted Claim Total | Ground for Objection |
|---|---|---|---|---|---|---|---|---|---|---|
| Mark S. Verity | Mark S. Verity<br>428 W. 15th St. Ste. 2<br>Edmond, OK 73013 | Vanguard Natural Resources, LLC<br>Eagle Rock Energy Acquisition Co., Inc.<br>Eagle Rock Energy Acquisition Co. II, Inc.<br>Eagle Rock Acquisition Partnership, L.P.<br>Eagle Rock Acquisition Partnership II, L.P.<br>Eagle Rock Upstream Development Company, Inc.<br>Eagle Rock Upstream Development Company II, Inc.<br>Encore Clear Fork Pipeline LLC<br>Escambia Asset Co. LLC<br>Escambia Operating Co. LLC<br>Vanguard Natural Gas, LLC<br>Vanguard Operating, LLC<br>VNR Finance Corp.<br>VNR Holdings, LLC | 7/24/2018 | 1097 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claim 1097 was late filed. Received by claims agent July 24, 2018; general bar date was April 30, 2017. |

**Schedule 4**

Schedule 4 – Satisfied Claim

| Claimant Name | Claimant Address | Debtor Name | Filed Date | Claim to Be Disallowed | Secured | Admin. | Priority | Unsecured | Asserted Claim Total | Ground for Objection |
|---|---|---|---|---|---|---|---|---|---|---|
| Oklahoma Tax Commission | Oklahoma Tax Commission General Counsel's Office 100 N. Broadway Ave., Ste. 1500 Oklahoma City, OK 73102 | Vanguard Operating, LLC | 5/11/2018 | 1096 | $0.00 | $0.00 | $27,459.09 | $0.00 | $27,459.09 | On information and belief, the claim has been satisfied. If it has not, the Reorganized Debtors request that the claimant submit additional documentation verifying the unpaid amount of the claim. |

**Schedule 5**

Schedule 5 – No Liability Tax Claim

| Claimant Name | Claimant Address | Debtor Name | Filed Date | Claim to Be Disallowed | Secured | Admin. | Priority | Unsecured | Asserted Claim Total | Ground for Objection |
|---|---|---|---|---|---|---|---|---|---|---|
| Franchise Tax Board | Bankruptcy Section MS A340 Franchise Tax Board PO Box 2952 Sacramento, CA 95812-2952 | Vanguard Natural Resources, LLC | 3/10/2017 | 438 | $0.00 | $0.00 | $1,645.13 | $129.00 | $1,774.13 | The Debtor was not doing business in California pursuant to California Revenue and Taxation Code Section 23101. |

**Schedule 6**

Schedule 6 – Resolved Claim

| Claimant Name | Claimant Address | Debtor Name | Filed Date | Claim to Be Disallowed | Secured | Admin. | Priority | Unsecured | Asserted Claim Total | Ground for Objection |
|---|---|---|---|---|---|---|---|---|---|---|
| Pope County Tax Collector | Pope County Tax Collector 100 W. Main Street Russellville, AR 72801 | Vanguard Natural Resources, LLC | 7/23/2018 | 1098 | $980.61 | $0.00 | $980.61 | $0.00 | $980.61 | Amends Claim 14 filed by the Pope County Tax Collector, which was resolved by the Court's *Order Granting Reorganized Debtors' Nineteenth Omnibus Objection to Claims (Satisfied Claims, Amended Claims, Late Filed Claims, and No Liability Claims)* [Docket No. 1941], reducing and allowing Claim 14. |

# EXHIBIT 2

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| VANGUARD NATURAL RESOURCES, | § | Case No. 17-30560 |
| LLC, *et al.*, | § | |
| | § | (Jointly Administered) |
| Reorganized Debtors. | § | |
| | § | |

**DECLARATION OF JOHN D. BAUMGARTNER IN SUPPORT OF**
**REORGANIZED DEBTORS' TWENTIETH OMNIBUS OBJECTION TO**
**CERTAIN CLAIMS (ASSUMED CONTRACT CLAIMS, CONTINGENT D&O**
**INDEMNITY CLAIMS, LATE-FILED CLAIMS, SATISFIED CLAIMS, NO LIABILITY**
**TAX CLAIMS, AND RESOLVED CLAIMS)**

I, John D. Baumgartner, declare as follows:

## BACKGROUND

1.      I am Managing Director of Stout Risius Ross, LLC in Houston, Texas, a position I have held since 2017. Stout Risius Ross, LLC, is a financial advisory firm specializing in valuation, dispute consulting, and investment banking. I have been employed by Stout Risius Ross, LLC since 2014. I earned a B.A. in Economics in 1992 from Rhodes College and an M.B.A. from Rice University in 2000. I hold a designation as a Certified Insolvency and Reorganization Advisor and a Certification in Distressed Business Valuation.

2.      I have been hired by Vanguard as a financial advisor and litigation consultant. I make this declaration in support of the *Reorganized Debtors' Twentieth Omnibus Objection to Certain Claims (Assumed Contract Claims, Contingent D&O Indemnity Claims, Late-Filed Claims, Satisfied Claims, No Liability Tax Claims, and Resolved Claims)* [Docket No. 2000] (the "Objection").[1]

---

[1] Initially capitalized terms used, but not defined herein shall have the meanings ascribed thereto in the Objection.

3.      All facts set forth in this Declaration are based on my personal knowledge and my review of relevant documents. As to matters involving United States bankruptcy law or rules or other applicable laws, I rely on the advice of counsel or other advisors to the Reorganized Debtors. If I were called upon to testify, I could and would testify to each of the facts set forth herein.

## CLAIMS OBJECTION

### Assumed Contract Claims

4.      I have reviewed each of the Assumed Contract Claims listed on Schedule 1 to the Proposed Order attached to the Objection and their supporting materials.

5.      Each of the Assumed Contract Claims assert unliquidated claims relating to executory insurance policies that I am aware were assumed by the Reorganized Debtors under Article V.E of the Plan.

6.      None of the Assumed Contract Claims were filed in relation to an underlying contract for which any outstanding prepetition amounts were due.

7.      Accordingly, each of the Assumed Contract Claims should be disallowed.

### Contingent D&O Indemnity Claims

8.      I have reviewed each of the Contingent D&O Indemnity Claims listed on Schedule 2 to the Proposed Order attached to the Objection and their supporting materials.

9.      Each of the Contingent D&O Indemnity Claims are contingent, unliquidated claims relating to indemnification agreements that I am aware were (a) delineated in the Reorganized Debtors' *Second Notice Supplement to Contract Assumption List Under Article V of the Plan* [Docket No. 1372] as executory contracts to be assumed by the Reorganized Debtors, and (b) assumed by the Reorganized Debtors under Article V.A of the Plan.

10.      None of the Contingent D&O Claims are supported by actual claims for indemnification asserted by any of the claimants (collectively, the "Former Directors") and the

Former Directors are adequately protected by the assumption of their respective indemnification agreements in the event that any claims arise in the future.

11.     Accordingly, each of the Contingent D&O Indemnity Claims should be disallowed.

## Late-Filed Claims

12.     I have reviewed the Late-Filed Claim listed on Schedule 3 to the Proposed Order attached to the Objection and its supporting materials.

13.     I am aware that the Bar Date for Persons other than Governmental Units was April 30, 2017, and that Article VII.G of the Plan provided that any and all Proofs of Claim filed after the Bar Date shall be deemed disallowed and expunged as of the Effective Date.

14.     The Late-Filed Claim was filed on July 24, 2018, and claimant was not otherwise excused from filing a Proof of Claim.

15.     Accordingly, the Late-Filed Claim should be disallowed.

## Resolved Claims

16.     I have reviewed the Resolved Claim listed on Schedule 6 to the Proposed Order attached to the Objection and its supporting materials.

17.     The Resolved Claim filed by the Pope County Tax Collector amended Claim 14 (the "Original Claim"), also filed by the Pope County Tax Collector.

18.     The Original Claim has already been allowed pursuant to the Court's *Order Granting Reorganized Debtors' Nineteenth Omnibus Objection to Claims (Satisfied Claims, Amended Claims, Late Filed Claims, and No Liability Claims)* [Docket No. 1941].

19.     Accordingly, the Resolved Claim should be disallowed.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

3

Dated: March 4, 2019                    Respectfully submitted,


                                        */s/ John D. Baumgartner*
                                        John D. Baumgartner, CIRA, CDBV
                                        Managing Director, Dispute Consulting
                                        Stout Risius Ross, LLC

EXHIBIT 3

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| | § | |
| In re: | § | Chapter 11 |
| | § | |
| VANGUARD NATURAL RESOURCES, | § | Case No. 17-30560 |
| LLC, *et al.*, | § | |
| | § | (Jointly Administered) |
| Reorganized Debtors. | § | |
| | § | |

**DECLARATION OF JOHN C. MONROE IN SUPPORT OF
REORGANIZED DEBTORS' TWENTIETH OMNIBUS OBJECTION TO
CERTAIN CLAIMS (ASSUMED CONTRACT CLAIMS, CONTINGENT D&O
INDEMNITY CLAIMS, LATE-FILED CLAIMS, SATISFIED CLAIMS, NO LIABILITY
TAX CLAIMS, AND RESOLVED CLAIMS)**

I, John C. Monroe, declare as follows:

**BACKGROUND**

1.      I am a Tax Compliance Manager at Vanguard Natural Resources, Inc.

2.      I make this declaration in support of the *Reorganized Debtors' Twentieth Omnibus Objection to Certain Claims (Assumed Contract Claims, Contingent D&O Indemnity Claims, Late-Filed Claims, Satisfied Claims, No Liability Tax Claims, and Resolved Claims)* [Docket No. 2000] (the "Objection").[1]

3.      In my capacity as a Tax Compliance Manager at Vanguard, I am one of the persons responsible for reviewing the Reorganized Debtors' tax obligations to state taxing authorities.

4.      All facts set forth in this Declaration are based on my personal knowledge or information provided by the Reorganized Debtors' employees and advisors. As to matters involving United States bankruptcy law or rules or other applicable laws, I rely on the advice of counsel or other advisors to the Reorganized Debtors. If I were called upon to testify, I could and

---

[1] Initially capitalized terms used, but not defined herein shall have the meanings ascribed thereto in the Objection.

would testify to each of the facts set forth herein.

## CLAIMS OBJECTION

### Satisfied Claims

5.      I, or one or more of the Reorganized Debtors' employees or advisors operating under my supervision and/or at my direction, have reviewed the Reorganized Debtors' books and records. Vanguard has not received support or documentation from the Oklahoma Tax Commission (the "Commission") verifying its claim for unpaid interest on non-resident withholding taxes other than what was attached to Claim 1096 listed on Schedule 4 to the Proposed Order.

6.      The Commission originally filed Claim 332 on March 8, 2017, which included a claim for unpaid non-resident withholding taxes in the amount of $92,000 for the period ending December 2016.

7.      On May 8, 2017, the Commission filed Claim 948, which amended Claim 332 by adding a claim for interest in the amount of $26,847.64. The amended claim indicated that the interest was due for the earlier period ending September 2015.

8.      Vanguard paid the Commission's claim for non-resident withholding taxes and, on May 14, 2018, the Commission filed Claim 1096, which removed its claim for the non-resident withholding taxes, but still included the interest.

9.      The Commission's proofs of claim were the first and only notice Vanguard received of its alleged interest liability.

10.     After reviewing the claims, Vanguard contacted the Commission and the Commission indicated that the interest was based on an amendment that Vanguard made to its 2015 third-quarter non-resident withholding tax return for an increased tax liability resulting from an acquisition that Vanguard made in October 2015.

2

11.     On May 24, 2018, Vanguard contacted the Commission requesting that the interest be waived in respect of the good faith payments it made during the acquisition-period and its diligent efforts in preparing the required reports.

12.     Subsequently, Vanguard received a letter denying its waiver request and, on June 13, 2018, Vanguard requested that the Commission provide support for the amount of the interest or documentation of the original invoices therefor, neither of which it previously provided.

13.     The Commission did not produce any support or documentation in response to Vanguard's initial request and, on June 26, 2018, Vanguard made a second request to the Commission for any support for or documentation of the interest.

14.     On June 29, 2018, the Commission responded to Vanguard by stating that there was no documentation of the interest and that the Commission originally calculated the interest when it processed Vanguard's amended return. However, the Commission still did not provide any support for the amount of the interest.

15.     I am aware that Vanguard's Objection requested that claimant submit support for or documentation of the unpaid interest.

16.     Additionally, Vanguard contacted the Commission on January 2, 2019, to renew its inquiry into the possibility of a waiver of the interest.

17.     As of the date of this Declaration, Vanguard has not received any further response from the Commission and the only evidence that it has received of the interest is the $26,847.64 line-item in the proof of claim.

18.     Vanguard has satisfied its non-resident withholding tax liability in accordance with Oklahoma's state withholding and payment requirements for nonresident oil and gas royalty proceeds and has not received any support or documentation for the unpaid interest related to the

late payment of this withholding despite its repeated requests for the same.

**No Liability Tax Claims**

19.     I, or one or more of the Reorganized Debtors' employees or advisors operating under my supervision and/or at my direction, have reviewed the Reorganized Debtors' books and records and determined that Vanguard has no liability with respect to Claim 438 listed on Schedule 5 to the Proposed Order attached to the Objection. Prior to the Petition Date, one of the Vanguard Natural Resources, LLC's ("VNR") individual unitholders took information from the personal Schedule K-1 she received from VNR and used it to file California state tax return in VNR's name rather than in her own name.  The unitholder had no authority or right to file tax returns on behalf of VNR.  This created confusion with the State of California and the State of California filed the No Liability Tax Claim because it received an erroneous return from a VNR unitholder that purported to be filed by VNR.  There was no basis for the unitholder to make that filing and there is no basis for tax liability to the State of California as alleged in the No Liability Tax Claim. Accordingly, the No Liability Tax Claim should be disallowed.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.


Dated: March 4, 2019                              Respectfully submitted,


                                                  */s/ John C. Monroe*
                                                  John C. Monroe
                                                  Tax Compliance Manager
                                                  Vanguard Natural Resources, Inc.