United States Bankruptcy Court
Southern District of Texas
**ENTERED**
October 01, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| VANGUARD NATURAL RESOURCES, LLC., | § § § § | Case No. 17-30560 |
| Reorganized Debtor. | § § § | |

# FINAL DECREE CLOSING CHAPTER 11 CASE

Upon consideration of the *Reorganized Debtor's Motion for Entry of a Final Decree Closing the Chapter 11 Case* (the "Motion") [ECF No. 2460]; and the Court having determined that the relief requested in the Motion is in the best interests of the Reorganized Debtor,[1] its estate, its creditors, and other parties in interest; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. § 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the Reorganized Debtor provided appropriate notice of the Motion and that no other or further notice is necessary; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

1. The above-captioned chapter 11 case styled *In re Vanguard Natural Resources, LLC* (Case No. 17-30560) (the "Chapter 11 Case") is hereby closed; *provided* that the Court shall retain jurisdiction as provided in the Plan, the order confirming the Plan, and this Final Decree.

2. Entry of this Final Decree is without prejudice to the rights of the Reorganized Debtor or any other party in interest to seek to reopen this chapter 11 case for cause pursuant to section 350(b) of the Bankruptcy Code.

3. The Reorganized Debtor, no later than 60 days after entry of this Final Decree, shall: (a) pay all fees due and payable, if any; and (b) file a final post-confirmation quarterly report for the last period this chapter 11 case remained open.

4. In accordance with paragraph 18 of the Court's *Order Authorizing Appointment of Prime Clerk LLC as Claims, Noticing and Soliciting Agent, Effective Nunc Pro Tunc to the Petition Date* [ECF No. 64], Prime Clerk LLC shall: (i) provide the Court with the final version of the Claims Register as of the date immediately before the close of the Chapter 11 Case within seven days of the entry of this Order; (ii) box and transport all original documents, in proper format, as provided by the Clerk's Office, to the Philadelphia Federal Records Center, 14700 Townsend Road, Philadelphia, Pennsylvania 19154, or any other location requested by the Clerk's office within thirty days of the entry of this Order; and (iii) docket a completed SF-135 Form indicating the accession and location numbers of the archived claims within thirty days of the entry of this Order.  Upon completion of the obligations set forth in this paragraph, Prime Clerk LLC shall be terminated as claims and noticing agent in the Chapter 11 Case and shall have no further obligations to this Court, the Reorganized Debtor, or any other party in interest as claims and noticing agent in the Chapter 11 Case.

5. This Final Decree shall take effect immediately upon entry.

6. Nothing in this Final Decree shall be deemed or construed to have any effect whatsoever upon any of the following chapter 11 cases or any orders entered therein:

| Debtor | Case No. |
|---|---|
| Vanguard Natural Resources, Inc. | 19-31786 |
| Vanguard Operating, LLC | 19-31796 |
| Vanguard Natural Gas, LLC | 19-31795 |

7. The Reorganized Debtor is authorized to take all actions necessary to effectuate the relief granted in this Final Decree.

8. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Decree.

Signed: October 01, 2021

_____
Marvin Isgur
United States Bankruptcy Judge